1  SEYFARTH SHAW LLP
   Lindsay S. Fitch (SBN 238227)
2  lfitch@seyfarth.com
   400 Capitol Mall, Suite 2350
3  Sacramento, California 95814-4428
   Telephone:  (916) 448-0159
4  Facsimile:  (916) 558-4839

5  SEYFARTH SHAW LLP
   Shiva Fatoorechi Emrani (SBN 271823)
6  semrani@seyfarth.com
   Michelle Zakarian (SBN 327628)
7  mzakarian@seyfarth.com
   2029 Century Park East, Suite 3500
8  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
9  Facsimile: (310) 201-5219

10 Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

11

12

13                UNITED STATES DISTRICT COURT

14              EASTERN DISTRICT OF CALIFORNIA

15

16 MEGAN OLSEN,                          Case No. _____

17              Plaintiff,               **DEFENDANT COSTCO
                                         WHOLESALE CORPORATION'S
18       v.                              NOTICE OF REMOVAL OF CIVIL
                                         ACTION TO THE UNITED STATES
19 COSTCO WHOLESALE                      DISTRICT COURT**
   CORPORATION, a California corporation,
20 and DOES 1 through 50, inclusive,     (Solano County Superior Court Case No.
                                         FCS059139)
21              Defendant.
                                         [*Concurrently filed with Civil Case
22                                       Cover Sheet; Defendant's Certification
                                         of Interested Parties; Corporate
23                                       Disclosure Statement; and Proof of
                                         Service*]
24

25                                       Complaint Filed:    November 1, 2022
                                         Complaint Served: December 2, 2022
26

27

28

_____
              DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

89229332v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation ("Costco" or "Defendant") hereby files this notice of removal pursuant to 28 U.S.C. sections 1332, and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to remove the above-captioned action from the Superior Court for the County of Solano to the United States District Court for the Eastern District of California, and state that the removal is proper for the following reasons:

## I.   BACKGROUND

1.   On November 1, 2022, Plaintiff Megan Olsen ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Solano, entitled "MEGAN OLSEN, Plaintiff, v. COSTCO WHOLESALE CORPORATION, a California Corporation; and DOES 1-100, Defendants," Solano County Superior Court Case No. FCS059139. ("Complaint").

2.   In the Complaint, Plaintiff asserts twelve (12) causes of action against Defendant for: (1) Retaliation in Violation of Cal. Lab. C. § 98.6; (2)  Discrimination on the Basis of Disability in Violation of FEHA; (3) Failure to Provide Reasonable Accommodation in Violation of FEHA; (4) Failure to Engage in the Interactive Process; (5) Harassment on the Basis of Disability in Violation of FEHA; (6) Hostile Work Environment Harassment; (7) Failure to Prevent Discrimination and Harassment in Violation of FEHA; (8) Negligent Infliction of Emotional Distress; (9) Discrimination and Retaliation Under CFRA; (10) Wrongful Termination in Violation of Public Policy; (11) Worker's Compensation Discrimination; and (12) Interference in Violation with FMLA.  A true and correct copy of the Summons, Complaint, and other court documents received is attached as **Exhibit A.**

3.   On November 14, 2022, Defendant's counsel was emailed the Summons and Complaint by e-mail via Notice of Acknowledgment and Receipt.

4.     On December 2, 2022, Defendant returned the executed Notice & Acknowledgment of Receipt of the Summons and Complaint.

5.     On December 22, 2022, Defendant filed its Answer to Plaintiff's unverified Complaint in the Superior Court of the State of California, County of Solano. A true and correct copy of the Answer filed by Defendant is attached as **Exhibit B.**

6.     Exhibits A-B constitute all the process, pleadings, and orders served on any party in the Superior Court Action.

## II.     TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely, as it is being filed within thirty (30) days (excluding weekend days) of service of service of the Summons and Complaint on December 2, 2022, and within one year of the commencement of this action. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

8.     Removal deadlines are triggered by the service of process. *See Murphy Bros., Inc.*, 526 U.S. at 354. The effective service date of a complaint and summons filed in state court is governed by the laws of the state where the complaint was filed. In California, service of summons is deemed complete on the date a defendant executes the Notice of Acknowledgement and Receipt. California Code of Civ. Proc. § 415.30 (c). Here, Costco executed the Notice of Acknowledgement on December 2, 2022. Accordingly, this Notice of Removal is timely.

## III.     JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

9.     The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

89229332v.1

**A.    Plaintiff Is A Citizen Of California**

10.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

11.    Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. The Complaint alleges that Plaintiff "[w]as at all times relevant to this action, a resident of the City of Vacaville, California. (See Ex. A, Compl., ¶ 2.) Moreover, based on information from Plaintiff's personnel file and information submitted to Defendant throughout the course of Plaintiff's employment, Plaintiff listed a California address as her current address. This demonstrates "an intent to remain" in California and establishes domicile in California. Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not intend to remain domiciled in California. Plaintiff, therefore, is, and has been at all times since this action commenced, a citizen of California.

12.    Plaintiff resided and, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.    Defendant Costco Wholesale Corporation Is Not A Citizen Of California**

13.    Defendant is now and, was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. Section 1332(c)(1).

/ / /

14.     For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). At all relevant times, Defendant was, and still is, a Washington corporation with its principal place of business in Issaquah, Washington.

15.     The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center."** *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

16.     Defendant's "nerve center" is in Washington because Issaquah, Washington is the site of Defendant's corporate headquarters and executive offices, where Defendant's high-level officers direct, control, and coordinate Defendant's activities. Accordingly, Defendant is a citizen of the State of Washington pursuant to the "nerve center" test, and also a citizen of the State of Washington pursuant to its state of incorporation. *The Hertz Corp.*, 599 U.S. at 92-93.

### C.     Doe Defendants May Be Disregarded

17.     Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should also be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants one through fifty, inclusive, does not deprive this Court of jurisdiction.

/ / /

/ / /

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

89229332v.1

## IV.    AMOUNT IN CONTROVERSY

### A.    The Amount In Controversy Exceeds $75,000

18.    While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount in controversy exceeds $75,000.  *See, Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."). "The amount in controversy is 'not a prospective assessment of [a] defendant's liability.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

19.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.; see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

20.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

21.     In determining whether a complaint meets the $75,000 threshold under U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

22.     The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

## 1.     Plaintiff's Purported Compensatory Damages Exceed $75,000

23.     In her Complaint, Plaintiff seeks to recover compensatory damages including emotional distress damages and lost wages, benefits and interest. (Compl., Prayer for Relief at ¶ 1.)

24.     Plaintiff alleges that in approximately April 2022, Defendant terminated Plaintiff while Plaintiff was out on a leave of absence and failed to accommodate her

89229332v.1

disability. (Compl. at ¶ ¶ 22-25.) Plaintiff alleges that due to her workplace injury, she was required special restrictions which Defendant failed to follow and refused to provide her with. (Compl. at ¶ 15.) Plaintiff alleges Defendant "made it impossible" for her to return to work, and "forced" her to remain on a leave of absence. (Compl. at ¶ 22.) At the time of Plaintiff's alleged termination, Plaintiff's hourly rate was $24.25. As such, Plaintiff's lost wages to date is approximately $31,040. Conservatively estimating a November 2023 trial date (twelve months after the Complaint was filed), Plaintiff's lost wages through trial would amount to approximately $81,480. *See Chavez*, 888 F.3d at 418 ("If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are presently in controversy.").

25.    In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. at. ¶¶ 26, 106-107, 117, 127.)  Recently, in *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

26.    In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro.*

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

*Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement. True and correct copies of these verdicts are attached hereto as **Exhibit C**.

27.     Plaintiff also seeks punitive damages in the Complaint. (Compl., Prayer for Relief at ¶ 3.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

28.     Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See, e.g., Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case). A true and correct copy of this verdict is attached hereto as **Exhibit D**.

### 2.     Attorney's Fees

29.     Plaintiff claims statutory entitlement to attorneys' fees. (Compl., Prayer for Relief at ¶ 4.) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d

9

89229332v.1

at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts six FEHA claims against Defendant in the Complaint. (Compl. Second through Seventh Causes of Action.)

30.   Here, if Plaintiff prevails, she could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, Courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate). Information regarding these verdicts is attached as **Exhibit E**.

31.   In sum, Plaintiff's aggregated recovery on her claims, including compensatory damages such as lost wages and emotional distress damages, attorneys' fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

32.   Since diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

/ / /

/ / /

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

89229332v.1

## V. VENUE

33.     This action originally was brought in the Superior Court of the State of California, County of Solano, which is located within the Eastern District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI. SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

34.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Solano.

## VII. PRAYER FOR REMOVAL

35.     WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Solano, to the United States District Court for the Eastern District of California.

DATED:  December 23, 2022          Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Lindsay S. Fitch
Shiva Fatoorechi Emrani
Michelle Zakarian

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

89229332v.1

# Exhibit A

ORIGINAL

1  DAVID S. RATNER (SBN 316267)
   SHELLEY A. MOLINEAUX (SBN 277884)
2  RATNER MOLINEAUX, LLP
   1990 N. California Blvd., Suite 20
3  Walnut Creek, CA 94596
   Tel: (925) 239-0899
4  david@ratnermolineaux.com
   shelley@ratnermolineaux.com
5

6  Attorneys for Plaintiff
   MEGAN OLSEN
7

**FILED/ENDORSED**
Clerk of the Superior Court

**NOV 01 2022**

By _K Fuentes_
DEPUTY CLERK

ASSIGNED TO
UDGE  E. Bradley Nelson
OR ALL PURPOSES

8              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SOLANO**      #435-CMFF 426218

10

11  MEGAN OLSEN, individually,                    Case No.  **FCS059139**

12              Plaintiff,                         **COMPLAINT FOR DAMAGES**

13  v.                                            1.  Retaliation, Cal. Lab. C. § 98.6
                                                  2.  Disability Discrimination, Cal. Gov. Code §
14  COSTCO WHOLESALE CORPORATION, a                   12940
    California corporation, and DOES 1 through 50,  3.  Failure to Provide Reasonable
15  inclusive.                                         Accommodations, Cal. Gov. Code § 12940
                                                  4.  Failure to Engage in Good Faith Interactive
16              Defendants.                            Process, Cal. Gov. Code § 12940
                                                  5.  Harassment, Cal. Gov. Code § 12940
17                                                6.  Hostile Work Environment Harassment, Cal.
                                                      Gov. Code § 12940(j)
18                                                7.  Failure to Prevent Discrimination and
                                                      Harassment, Cal. Gov. Code § 12940
19                                                8.  Negligent Infliction of Emotional Distress
                                                  9.  Disrimination and Retaliation Under the CFRA
20                                                10. Wrongful Termination in Violation of Public
                                                      Policy
21                                                11. Worker's Compensation Discrimination, Labor
                                                      Code 132(a)
22                                                12. Interference in Violation with FMLA
23

24

25                                                **DEMAND FOR JURY TRIAL**

26

27      1.      Plaintiff MEGAN OLSEN ("Ms. Olsen" or "Plaintiff"), individually, brings this action

28  against Defendant, COSTCO WHOLESALE CORPORATION ("Costco") and DOES 1 through 50.

***PARTIES***

2.      Plaintiff is, and at all times relevant to this action was, a resident of the City of Vacaville, California. The events giving rise to this action arose in Solano County, California.

3.      Plaintiff is informed and believes, and based thereon alleges, that Costco was at all relevant times a government entity organized under the laws of the State of California.

4.      Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names. The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

5.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 50 ("Does"), inclusive and each of them, are not known to Plaintiff at this time. Such Does are legally responsible for the events and happenings described herein and for the damages proximately caused thereby. Plaintiff will seek the leave of the Court to amend this complaint to set forth the true names and capacities of any such Does when they have been ascertained.

6.      On information and belief, at all times mentioned herein, Costco, inclusive and each of them, including without limitation any Does, were acting in concert and participation with each other; were joint participants and collaborators in the acts complained of; and were the agents and/or employees of one another in doing the acts complained of herein, each acting within the course and scope of said agency and/or employment.

7.      Costco and Does 1 through 50, inclusive, are collectively referred to hereafter as "Costco".

***JURISDICTION AND VENUE***

8.      This Court has jurisdiction over Costco, because at all times relevant, it is and was authorized to transact, and is transacting business in Solano County, California.

9.      Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events and omissions complained of herein occurred in Solano County, California.

***EXHAUSTION OF ADMINISTRATIVE REMEDIES***

10.     On or about August 25, 2022, Plaintiff filed a complaint with the California Department of Fair Employment and Housing (DFEH). Plaintiff obtained a Right to Sue Letter from the California

1 | Department of Fair Employment and Housing on August 25, 2022, attached hereto as Exhibit A.

2 | **_GENERAL ALLEGATIONS_**

3 | 11.   Megan Olsen is a 38 year old woman.

4 | 12.   Ms. Olsen began working for Costco Wholesale Corporation in November 2002 she held
5 | many different positions over the course of 16 years of employment with Costco.

6 | 13.   At all times in the past five years Ms. Olsen's evaluations were great, always meeting or
7 | exceeding company standards.

8 | 14.   On February 21, 2018, Ms. Olsen sustained an injury while at work when a pallet jack on a
9 | ramp crushed her foot when she held the position of a Return-to-Vendor Clerk. Ms. Olsen was performing
10 | a task that Costco required her to do, but never been trained her to do. This injury caused severe nerve
11 | damage which ultimately lead to a surgery, loss of 80% of function of her foot, and CRPS (Complex
12 | Regional Pain Syndrome).

13 | 15.   Ms. Olsen continued to work, despite her injury, but was unable to wear steel toe boots due
14 | to her injury, and after being advised by a doctor to take breaks, she experienced severe pain, swelling, and
15 | discomfort when Costco refused to give her the breaks and follow the specific restrictions based off her
16 | doctor's note.

17 | 16.   Between March 2018 and April 2018, Ms. Olsen followed doctors orders to remain at home
18 | due to Costco refusing to follow the doctor's orders.

19 | 17.   On June 19, 2018, after complaining about her treatment and lack of following medical
20 | advise for her injury, Costco placed Ms. Olsen on Worker's Compendation and announced this would be
21 | her last day of work in her current position.

22 | 18.   Ms. Olsen subsequently had surgery on September 12, 2018.

23 | 19.   On July 9, 2020, Doctor Jacquelyn A. Weiss M.D., Ph. D. released a medical evaluation on
24 | Ms. Olsen that included that she had developed symptoms consistent with Complex Regional Pain
25 | Syndrome. The pain spread to her knees, lateral pelvic walls and low back. Her mild restriction to her
26 | lumbar motion proved her 5% whole person impairment. While her ambulatory capacity is quite limited,
27 | with the use of a cane and the CAM walker, she could only walk a block at at time. Findings proved that
28 | she has ambulatory restrictions with verifiable CRPS and Class 3 impairment at 30% whole person

1 | impairment. In order to return to work the doctor explains she could work in a capacity where she spent
2 | most of her time sitting and weightbearing less than 10-15% of the day.

3 |     20.     On February 23, 2021, Ms. Olsen had a job assessment meeting with Costco via telephone
4 | where it was decided that Costco was unable to offer a position with or without accommodation. Ms. Olsen
5 | was to remain on a Leave of Absence.

6 |     21.     After Ms. Olsen's injury at work, where she was left injured and disabled, Ms. Olsen was
7 | released to go back to work on March 21, 2021.

8 |     22.     Costco continued to make it impossible for Ms. Olsen to apply for a new position to come
9 | back to work. Defedants claims there were no possible positions available to pursue, however, there were
10 | open positions available at that time. Ms. Olsen continued to communicate with corporate about job
11 | availability opportunities and was being lied to and denied options. Instead, she was forced to remain on
12 | medical leave.

13 |     23.     On January 19, 2022, Ms. Olsen had her second job assessment meeting with Costco where
14 | she had expressed interest in a full time Payroll Clerk option that she would have physically been able to
15 | perform. Costco did not make this job position available publically like they should have and stated they
16 | were unaware of this position availability and would have to respond to her within the next two weeks.
17 | Two weeks later, Costco stated that this position does not follow her medical restrictions, that she would
18 | have to lift more than she was able, and denied her access to the position.

19 |     24.     Following her job assessment meeting, Worker's Compensation produced Ms. Olsen's
20 | Appeals Board Stipulations with Request for Award forms, stating that according to the AME and
21 | Worker's Compensation calculations, Ms. Olsen is 47% disabled.

22 |     25.     Ms. Olsen was terminated on April 19, 2022, via the mail, for the reason that she had
23 | exhausted all leave of absense was unable to find a job that she could do with her disability.

24 |     26.     Ms. Olsen experienced anxiety and depression because of the lack of care and
25 | accomodiation, her termination by Costco.

26 |     27.     Costco has failed to prevent harassment and discrimination against Plaintiff by Costco
27 | based on her physical disability.

28 |     28.     Costco was aware of Plaintiff's physical disablity and need for reasonable work

1 | accommodations. Plaitniff obtained physican certification reagarding her disablity.

2 |      29.    Costco's conduct was a substantial factor in causing Plaintiff's harm by failing to prevent

3 | harassment and discrimination toward the plaintiff by never offering a job position to Plaintiff.

4 |      30.    Costco's conduct was a substantial factor in causing Plaintiff's harm by failing to provide

5 | reasonable accommodations based on her physical disability.

6 |      31.    The accomodations Plaintiff requires will not cause Costco any undue hardship.

7 |      32.    Costco's failure to provide Plaintiff with reasonable accomodations has caused Plaintiff

8 | severe and ongoing emotional distress.

9 | ***FIRST CAUSE OF ACTION***

10 | *Retaliation*

11 | *Cal. Gov. Code § 98.6*

12 | *(On Behalf of Plaintiff Against All Defendants)*

13 |      33.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

14 | forth in this Complaint.

15 |      34.    Cal. Lab. Code § 98.6 provides:

16 |

17 |     (a) A person shall not discharge an employee or in any manner discriminate,
retaliate, or take any adverse action against any employee . . . because the

18 | employee . . . engaged in any conduct delineated in this chapter, including . . . Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or

19 | because the employee . . . or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any

20 | rights afforded him or her.

21 |     (b)(1) Any employee who is discharged, threatened with discharge, demoted, suspended, retaliated against, subjected to an adverse action, or in

22 | any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in

23 | this chapter, including . . . Chapter 5 (commencing with Section 1101) of Part 3 of Division 2 . . . shall be entitled to reinstatement and reimbursement

24 | for lost wages and work benefits caused by those acts of the employer.

25 |

26 |      35.    Costco was Plaintiff's employer, and Plaintiff was Costco's employee.

27 |      36.    Costco was aware of plaintiff's disablities. Plaintiff obtained physican certification

28 | reagarding her disablities.

37.     Plaintiff requested reasonable accommodations, but Costco refused, instead, began to discriminate and retaliate against her.

38.     Costco retaliated against Plaintiff by discriminating against Plaintiff, denying her work opportunities, accomodations, rather than providing Plaintiff with reasonable accommodation.

39.     Plaintiff was harmed.

40.     Costco's conduct was a substantial factor in causing Plaintiff's harm.

41.     Pursuant to Cal. Lab. Code § 98.6(b)(3), Costco is liable to Plaintiff for a civil penalty of ten thousand dollars ($10,000) for each violation.

42.     The conduct of Costco and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Costco.

### SECOND CAUSE OF ACTION

*Disability Discrimination*

*Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

43.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

44.     Government Code section 12940(a) provides in relevant part:

It is an unlawful employment practice. . . (a) [f]or an employer, because of the. . . physical disability, neurodevelopmental disability to discharge the person from employment. . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

45.     Costco wrongfully discriminated against Plaintiff based on Plaintiff's physical disability.

46.     Costco was Plaintiff's employer, and Plaintiff was Costco's employee.

47.     Costco became aware that Plaintiff had a disability that limited a major life activity, when a work related injury occurred during Costco's employment.

48.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability. Costco refused to provide a reasonable accommodation to

1  Plaintiff without engaging in a good faith interactive process. Instead, Costco retaliated against Plaintiff

2  by discriminating against plaintiff, denying her work opportunities, accomodations, rather than providing

3  Plaintiff with reasonable accomodation.

4    49.    Plaintiff was denied work accommodations and opportunities in violation of the Fair

5  Employment and Housing Act by Costco due to Plaintiff's disability.

6    50.    Plaintiff suffered harm when she was discriminated against by Costco.

7    51.    Costco's conduct was a substantial factor in causing Plaintiff's harm.

8    52.    Under Government Code section 12940, Plaintiff is entitled to recover economic and

9  noneconomic damages caused by Costco's discriminatory practices based on Plaintiff's disability and

10  violation of the Fair Employment and Housing Act. Plaintiff is also entitled to reasonable attorney's fees

11  and costs pursuant to Government Code section 12965.

12    53.    The conduct of Costco and each of them as described above was malicious, fraudulent, or

13  oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them,

14  and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each

15  other. Consequently, Plaintiff is entitled to punitive damages against Costco.

16                            ***THIRD CAUSE OF ACTION***

17                        *Failure to Provide Reasonable Accommodations*

18                                *Cal. Gov. Code § 12940*

19                        *(On Behalf of Plaintiff Against All Defendants)*

20    54.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

21  forth in this Complaint.

22    55.    Government Code section 12940(m)(1) provides in relevant part:

23        It is an unlawful employment practice. . . (m)(1) [f]or an employer or other
          entity covered by this part to fail to make reasonable accommodation for
24        the known physical or mental disability of an applicant or employee.

25

26    56.    California Code of Regulations, Title 2 section 11068 provides in relevant part:

27        (a) Affirmative Duty. An employer or other covered entity has an
          affirmative duty to make reasonable accommodation(s) for the disability of
28        any individual applicant or employee if the employer or other covered

entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship.

. . .

(e) Any and all reasonable accommodations. An employer or other covered entity is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship. The employer or other covered entity shall consider the preference of the applicant or employee to be accommodated but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity.

57.     Costco was Plaintiff's employer, and Plaintiff was Costco's employee.

58.     Costco became aware that Plaintiff had a disability that limited a major life activity, when a work related injury occurred during Costco's employment.

59.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability. Costco refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process. Instead, Costco retaliated against Plaintiff by discriminating against plaintiff, denying her work opportunities, accomodations, rather than providing Plaintiff with reasonable accomodation.

60.     Plaintiff requested that Costco make reasonable accommodation(s) for Plaintiff's disability so that she would be able to perform the essential job requirements.

61.     Costco refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process.  Instead, Costco retaliated against Plaintiff by discriminating against plaintiff, denying her work opportunities, accomodations, rather than providing Plaitniff with reasonable accomodation.

62.     Plaintiff was denied work accommodations and opportunities in violation of the Fair Employment and Housing Act by Costco due to Plaintiff's disability.

63.     Plaintiff suffered harm when she was denied a reasonable accommodation by Costco.

64.     Costco's conduct was a substantial factor in causing Plaintiff's harm.

65.     Under Government Code section 12940, Plaintiff is entitled to recover economic and noneconomic damages caused by Costco's discriminatory practices based on Plaintiff's disability and

1  violation of the Fair Employment and Housing Act. Plaintiff is also entitled to reasonable attorney's fees

2  and costs pursuant to Government Code section 12965.

3       66.    The conduct of Costco and each of them as described above was malicious, fraudulent, or

4  oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them,

5  and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each

6  other. Consequently, Plaintiff is entitled to punitive damages against Costco.

7  **FOURTH CAUSE OF ACTION**

8  *Failure to Engage in Good Faith Interactive Process*

9  *Cal. Gov. Code § 12940*

10  *(On Behalf of Plaintiff Against All Defendants)*

11       67.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

12  forth in this Complaint.

13       68.    Government Code section 12940(n) provides in relevant part:

14      It is an unlawful employment practice. . . (n) For an employer or other
entity covered by this part to fail to engage in a timely, good faith,

15  interactive process with the employee or applicant to determine effective
reasonable accommodations, if any, in response to a request for reasonable

16  accommodation by an employee or applicant with a known physical or

17  mental disability or known medical condition.

18       69.    California Code of Regulations, Title 2 section 11069 provides in relevant part:

19      (a) Interactive Process. When needed to identify or implement an effective,
reasonable accommodation for an employee or applicant with a disability,

20  the FEHA requires a timely, good faith, interactive process between an
employer or other covered entity and an applicant, employee, or the

21  individual's representative, with a known physical or mental disability or
medical condition. Both the employer or other covered entity and the

22  applicant, employee or the individual's representative shall exchange

23  essential information identified below without delay or obstruction of the
process.

24
     70.    Costco was Plaintiff's employer, and Plaintiff was Costco's employee.

25

26       71.    Costco became aware that Plaintiff had a disability that limited a major life activity, when

27  a work related injury occurred during Costco's employment.

28       72.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable

1 | accommodation for Plaintiff's disability.

2 |     73.    Plaintiff requested that Costco make reasonable accommodation(s) for Plaintiff's disability

3 | so that she would be able to perform the essential job requirements.

4 |     74.    Costco refused to provide a reasonable accommodation to Plaintiff without engaging in a

5 | good faith interactive process.   Instead, Costco retaliated against Plaintiff by discriminating against

6 | plaintiff, denying her work opportunities, accomodations, rather than providing Plaitniff with reasonable

7 | accomodation.

8 |     75.    Plaintiff was denied work accommodations and opportunities in violation of the Fair

9 | Employment and Housing Act by Costco due to Plaintiff's disability.

10 |     76.    Plaintiff suffered harm when Costco failed to engage in a good faith interactive process with

11 | Plaintiff.

12 |     77.    Costco's conduct was a substantial factor in causing Plaintiff's harm.

13 |     78.    Under Government Code section 12940, Plaintiff is entitled to recover economic and

14 | noneconomic damages caused by Costco's discriminatory practices based on Plaintiff's disability and

15 | violation of the Fair Employment and Housing Act. Plaintiff is also entitled to reasonable attorney's fees

16 | and costs pursuant to Government Code section 12965.

17 |     79.    The conduct of Costco and each of them as described above was malicious, fraudulent, or

18 | oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them,

19 | and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each

20 | other. Consequently, Plaintiff is entitled to punitive damages against Costco.

21 | **_FIFTH CAUSE OF ACTION_**

22 | _Harassment_

23 | _Cal. Gov. Code § 12940_

24 | _(On Behalf of Plaintiff Against All Defendants)_

25 |     80.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

26 | forth in this Complaint.

27 |     81.    At all time mentioned in this complaint, California Government Code § 12940(j)(1) was in

28 |

1  full force and effect and was binding on Costco. This law requires Costco to refrain from harassing any

2  employee on the basis of age, sex, physical disability or medical condition, and to refrain from exposing

3  Plaintiff or any employee to a hostile working environment based on discrimination.

4      82.    Costco wrongfully harassed Plaintiff based on her disability and knowingly permitted

5  plaintiff to find other work opportunities within the company.

6      83.    During the course of Plaintiff's employment, Costco created and allowed to exist a hostile

7  work environment, and discriminated against and harassed Plaintiff in a continuous and persistent manner

8  on the basis of disability, and because Plaintiff reported discriminatory and other wrongful conduct, as

9  alleged above.

10      84.    Costco failed to take immediate and appropriate corrective action with respect to the

11  harassment of Plaintiff and failed to take all reasonable steps to prevent harassment of Plaintiff from

12  occurring.

13      85.    Costco's conduct was a substantial factor in causing Plaintiff's harm.

14      86.    Costco engaged in the aforementioned unlawful actions, including but not limited to

15  discrimination, harassment and retaliation on the basis of Ms. Olsen's disability. Within the time frame

16  provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing on

17  August 25, 2022. *See* attached hereto as Exhibits A.

18      87.    Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's economic

19  and noneconomic damages caused by Costco's unlawful practices.  Plaintiff is also entitled to reasonable

20  attorney's fees and costs pursuant to Government Code section 12965.

21      88.    The conduct of Costco and each of them as described above was malicious, fraudulent, or

22  oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Costco and each of them,

23  and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each

24  other. Consequently, Plaintiff is entitled to punitive damages against Costco.

25                    ***SIXTH CAUSE OF ACTION***

26                    *Hostile Work Environment Harassment*

27                    *Cal. Gov. Code § 12940(j)*

28                *(On Behalf of Plaintiff Against All Defendants)*

89.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

90.     Costco, and each of them, either individually and/or through their agents, engaged in the foregoing conduct, which constitutes a pattern and practice of harassment in violation of Government Code sections 12940(j), which provides that harassment of employees is an unlawful employment practice.

91.     Plaintiff considered the work environment to be hostile or abusive towards persons with disability.

92.     Costco's supervisors, human resource managers and upper management engaged in this conduct.

93.     Plaintiff complained about the hostile and abusive conduct and requested to find a new work opportunity within the company that would not hinder her disability.

94.     Costco knew or should have known of the conduct and failed to take any corrective action whatsoever, let alone immediate appropriate corrective action.

95.     The above-described acts and conduct by Costco proximately caused Plaintiff damages and injury in an amount to be proven at trial.

96.     The conduct of Costco and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Costco.

### SEVENTH CAUSE OF ACTION

*Failure to Prevent Discrimination and Harassment*

*Cal. Lab. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

97.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

98.     Government Code section 12940(m)(2) provides in relevant part:

> It is an unlawful employment practice . . . (k) For an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

12

99.     Costco wrongfully failed to take all reasonable steps necessary to prevent harassment and discrimination of Plaintiff based on her disability.

100.    Plaintiff suffered and continues to suffer harm as a result of Plaintiff's discrimination by Costco.

101.    Costco conduct was a substantial factor in causing Plaintiff's harm.

102.    Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's economic and noneconomic damages caused by Costco's unlawful practices. Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to Government Code section 12965.

103.    The conduct of Costco and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Costco.

### EIGHTH CAUSE OF ACTION

#### Negligent Infliction of Emotional Distress

#### (On Behalf of Plaintiff Against All Defendants)

104.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

105.    Costco's failure to address a hostile and retaliatory environment, exceeds the bounds of decency, is intolerable within our civilized community, and is therefore outrageous.

106.    By negligently allowing behavior as outrageous as discussed supra and by allowing disparate treatment to continue, Plaintiff was caused emotional distress.

107.    Costco caused Plaintiff to suffer extreme emotional distress, as indicated by the lingering anxiety and shame that are the direct and proximate results of Costco's conduct.

108.    Plaintiff was harmed.

109.    Costco's conduct was a substantial factor in causing Plaintiff's harm.

110.    The conduct of Costco as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them, and their

1 | agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.
2 | Consequently, Plaintiff is entitled to punitive damages against Costco.

3 | ### NINTH CAUSE OF ACTION

4 | *Discrimination and Retaliation Under the CFRA*

5 | *In Violation of Cal. Gov. Code §§ 12945.2 Et Seq.*

6 | *(On Behalf of Plaintiff Against All Defendants)*

7 | 111.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set
8 | forth in this Complaint.

9 | 112.    The CFRA requires employers to provide twelve (12) weeks of leave for any employee who
10 | has been employed by the company for over a year and has worked over 1,250 hours for the employer over
11 | the previous year for family medical leave. The CFRA also requires employers to return an employee who
12 | takes leave under the act to the same or comparable position at the conclusion of the employee's leave.

13 | 113.    Costco is an employer as defined by the CRFA. Costco has over 50 employees within a 75-
14 | mile radius of Plaintiff's work location. At the time of Plaintiff's request for leave, she had been employed
15 | by Costco for over one year and had worked for Costco for over 1,250 hours during the previous year.

16 | 114.    In violation of the CFRA, Costco and each of them retaliated and discriminated against
17 | Plaintiff by refusing to address discrimination and harassment Plaintiff was experienceing and terminating
18 | her for taking leave.

19 | 115.    Costco's acts were malicious, oppressive, or fraudulent with intent to vex, injure, annoy,
20 | humiliate, and embarrass Plaintiff and in conscious disregard of the rights or safety of Plaintiff and other
21 | employees of Costco, and in futherance of Costco's ratification of the wrongful conduct of the employees
22 | and managers of Coscto. Accordingly, Plaintiff is entitled to recover punitive damages from Costco.

23 | 116.    By reason of the conduct of Costco and each of them as alleged herein, Plaintiff has
24 | necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable
25 | attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the
26 | within action.

27 | 117.    As a result of Costco and each of their actions, Plaintiff sustained economic damages to be
28 | proven at trial. As a further result of Costco and each of their actions, Plaintiff suffered emotional distress

1   resulting in damages to be proven at trial.

2       118.    The above discriminating conduct violates the CFRA, Cal. Gov. Code §§ 12945.2 *et seq.*,

3   and California public policy and entitles Plaintiff to all categories of damages, including exemplary or

4   punitive damages.

5                            ***TENTH CAUSE OF ACTION***

6                   *Wrongful Termination in Violation of Public Policy*

7                      *(On Behalf of Plaintiff Against All Defendants)*

8       119.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

9   forth in this Complaint.

10      120.    At all times herein mentioned in this complaint, California Government Code Section 12940

11  (a), was in full force and effect and were binding on Costco and Costco was subject to their terms, and

12  therefore Costco was required to refrain from violations of public policy, including discrimination based

13  on age, gender and disability in violation of FEHA and in retaliation for complaining of said discrimination.

14      121.    Costco was Plaintiff's employer, and Plaintiff was Costco's employee.

15      122.    Costco terminated Plaintiff in violation of Plaintiff's rights and public policy.

16      123.    Plaintiff is informed and believes and thereon alleges that her protected status (disability)

17  and/or her protestation against being discriminated against based on said protected status as alleged above,

18  were, in part, factors in Costco's decision to terminate Plaintiff's employment.

19      124.    Plaintiff was harmed.

20      125.    Costco's conduct was a substantial factor in causing Plaintiff's harm.

21      126.    As a proximate result of Costco's conduct, Plaintiff has suffered special damages in the

22  form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time

23  of trial. As a further direct and proximate result of Costco's conduct, Plaintiff will suffer additional special

24  damages in the form of lost future earnings, benefits and/or other prospective damages in an amount

25  according to proof at the time of trial.

26      127.    As a futher direct and proximate result of Costco's conduct, Plaintiff has suffered loss of

27  financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental

28  and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully

1    ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

2         128.    In violation of public policy, Costco terminated Plaintiff because of her disability, despite

3    the fact that Costco knew that Plaintiff was experienced and able to perform the essential functions of other

4    positions available within the company.

5         129.    The conduct of Costco as described above was malicious, fraudulent, or oppressive and

6    done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them, and their

7    agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

8    Consequently, Plaintiff is entitled to punitive damages against Costco.

9                            ***ELEVENTH CAUSE OF ACTION***

10                         *Worker's Compensation Discrimination*

11                                  *Labor Code 132(a)*

12                      *(On Behalf of Plaintiff Against All Defendants)*

13        130.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

14   forth in this Complaint.

15        131.    Labor Code section 132(a) provides in relevant part:

16            It is the declared policy of this state that there should not be discrimination
              against workers who are injured in the course and scope of their employment.
17            (1) Any employer who discharges, or threatens to discharge, or in any manner
              discriminates against any employee because he or she has filed or made known
18            his or her intention to file a claim for compensation with his or her employer or
              an application for adjudication, or because the employee has received a rating,
19            award, or settlement, is guilty of a misdemeanor and the employee's
              compensation shall be increased by one-half, but in no event more than ten
20            thousand dollars ($10,000), together with costs and expenses not in excess of
              two hundred fifty dollars ($250). Any such employee shall also be entitled to
21            reinstatement and reimbursement for lost wages and work benefits caused by
              the acts of the employer.
22

23        132.    Costco was Plaintiff's employer, and Plaintiff was Costco's employee.

24
          133.    Costco became aware that Plaintiff had a disability that limited a major life activity, when
25
     a work related injury occurred during Costco's employment.
26
          134.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable
27
     accommodation for Plaintiff's disability.
28

                                            16

1     135.    Plaintiff requested that Costco make reasonable accommodation(s) for Plaintiff's disability

2 so that she would be able to perform the essential job requirements.

3     136.    Costco refused to provide a reasonable accommodation to Plaintiff without engaging in a

4 good faith interactive process. Instead, Costco retaliated against Plaintiff by discriminating against

5 plaintiff, denying her work opportunities, accomodations, rather than providing Plaintiff with reasonable

6 accomodation.

7     137.    Plaintiff was denied work accommodations and opportunities in violation of the Fair

8 Employment and Housing Act by Costco due to Plaintiff's disability.

9     138.    Plaintiff suffered harm when Costco failed to engage in a good faith interactive process with

10 Plaintiff.

11     139.    Costco's conduct was a substantial factor in causing Plaintiff's harm.

12     140.    The conduct of Costco and each of them as described above was malicious, fraudulent, or

13 oppressive and done with a willful and conscious disregard for Plaintiff's rights. Costco and each of them,

14 and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each

15 other. Consequently, Plaintiff is entitled to punitive damages against Costco.

16                           ***TWELVTH CAUSE OF ACTION***

17                           *Interference in Violation of FMLA*

18                     *(On Behalf of Plaintiff Against All Defendants)*

19     141.    The Family and Medical Leave Act (FMLA) provides in pertinent part that it is an unlawful

20 practice for an employer to interfere with, restrain, or deny the exercise or the attempt to exervise any right

21 provided by the FLMA.

22     142.    Costco is an employer covered by the FMLA.

23     143.    Plaintiff suffered from a serious health condition.

24     144.    Plaintiff was eligible for a medical leave under the FMLA.

25     145.    Plaintiff notified Costco of her serious health condition and her need for medical leave.

26     146.    Costco interfered with Plaintiff's FMLA rights.

27     147.    Plaintiff was harmed.

28     148.    Costco's conduct was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Costco, and each of them, as follows:

1.  Compensatory damages including emotional distress damages and lost wages, benefits and interest in a sum according to proof;

2.  Interest on judgment, including prejudgment interest, at the legal rate;

3.  Punitive damages in a sum according to proof;

4.  Attorney's fees and costs; and

5.  For any further legal and equitable relief, the Court deems proper.

Dated: October 31, 2021.                **RATNER MOLINEAUX, LLP**

David S. Ratner
Shelley A. Molineaux
Attorneys for Plaintiff Megan Olsen

18

Exhibit **B**

1  SEYFARTH SHAW LLP
   Lindsay S. Fitch (SBN 238227)
2  lfitch@seyfarth.com
   400 Capitol Mall, Suite 2350
3  Sacramento, California 95814-4428
   Telephone:     (916) 448-0159
4  Facsimile:     (916) 558-4839

5  SEYFARTH SHAW LLP
   Shiva Fatoorechi Emrani (SBN 271823)
6  semrani@seyfarth.com
   Michelle Zakarian (SBN 327628)
7  mzakarian@seyfarth.com
   2029 Century Park East, Suite 3500
8  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
9  Facsimile:  (310) 201-5219

10 Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

11

12

13                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                              COUNTY OF SOLANO

15

16 MEGAN OLSEN,                          Case No. FCS059139

17              Plaintiff,               HON. E. BRADLEY NELSON

18      v.                               **DEFENDANT COSTCO WHOLESALE
                                         CORPORATION'S ANSWER TO
19 COSTCO WHOLESALE CORPORATION, a       PLAINTIFF'S COMPLAINT**
   California corporation, and DOES 1 through 50,
20 inclusive,
                                         Action Filed:    November 1, 2022
21              Defendant.               Date Served:     December 2, 2022

22

23

24

25

26

27

28

Defendant COSTCO WHOLESALE CORPORATION (hereinafter "Defendant" or "COSTCO"), by and through its attorneys, hereby submits its answer to the Complaint ("Complaint") of Plaintiff MEGAN OLSEN ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation in each cause of action in Plaintiff's Complaint and further denies, generally and specifically, that Plaintiff has been damaged in any sum or at all.  By alleging the Affirmative or Additional Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matter that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein fails to state facts sufficient to constitute a cause of action.

## SECOND DEFENSE

### (Statute of Limitations)

2.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred by the applicable statute of limitations including, but not limited to, California Government Code sections 12960 and 12965; and California Code of Civil Procedure sections 337, 338(a), 339, 340(a)-(b) and 343.

/ / /

/ / /

/ / /

2

89277231v.1

## THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.      Plaintiff's causes of action for violation of the California Fair Employment and Housing Act are barred to the extent Plaintiff has failed to exhaust her administrative remedies pursuant to California Government Code sections 12960, 12965, and all other applicable laws.

## FOURTH DEFENSE

### (Good Faith)

4.      Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

## FIFTH DEFENSE

### (Undue Hardship)

5.      Plaintiff's cause of action is barred to the extent the accommodation(s) demanded by Plaintiff, if any, were not reasonable and/or would cause Defendant undue hardship.

## SIXTH DEFENSE

### (Business Necessity)

6.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred because Defendant acted in accordance with a qualification standard and/or selection criterion that is job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation.

## SEVENTH DEFENSE

### (Reasonable Accommodation)

7.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred because Defendant fulfilled whatever obligation it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business necessities.

/ / /

/ / /

/ / /

3

89277231v.1

## EIGHTH DEFENSE

### (Direct Threat)

8.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred because Plaintiff could not perform the essential functions of her position, with or without reasonable accommodation, in a manner which would not endanger the health or safety of herself or others.

## NINTH DEFENSE

### (Plaintiff Responsible for Interactive Process Breakdown)

9.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred because Defendant attempted to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations, if any, for her alleged disability, and plaintiff was responsible for any breakdown in the interactive process.

## TENTH DEFENSE

### (Same Decision)

10.     Plaintiff's remedies are limited and/or liability is precluded because Defendant would have taken the same action in the absence of the alleged impermissible motivating factor(s).

## ELEVENTH DEFENSE

### (Waiver)

11.     Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part by the doctrine of waiver.

## TWELFTH DEFENSE

### (Unclean Hands)

12.     Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred, to the extent Plaintiff has unclean hands.

## THIRTEENTH DEFENSE

### (Estoppel)

13.     Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part by judicial, equitable and/or collateral estoppel.

/ / /

4

89277231v.1

## FOURTEENTH DEFENSE

### (Laches)

14.     Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part by the doctrine of laches.

## FIFTEENTH DEFENSE

### (Ratification/Consent)

15.     Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part because any conduct by Defendant was ratified, consented to and/or acquiesced in by Plaintiff.

## SIXTEENTH DEFENSE

### (Failure to Mitigate Damages)

16.     Plaintiff is not entitled to back pay and/or other damages for any cause of action purported to be alleged in her Complaint to the extent she failed to seek and obtain other employment or otherwise failed to mitigate her alleged loss of wages or other damages.

## SEVENTEENTH DEFENSE

### (After-Acquired Evidence)

17.     Plaintiff's causes of action are barred and/or her claims for damages are limited, to the extent she engaged in any fraud or misconduct of which Defendant was unaware until after Plaintiff filed suit, and which, if known would have caused Plaintiff to be terminated or not hired in the first place.

## EIGHTEENTH DEFENSE

### (Avoidable Consequences)

18.     To the extent any of the Defendant's employees or agents were negligent or engaged in unlawful discriminatory, retaliatory, or harassing behavior toward Plaintiff, Defendant is not liable for any such discrimination, retaliation, or harassment or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any negligent, discriminatory, retaliatory, or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

5

## NINETEENTH DEFENSE

### (Workers' Compensation Act Preemption)

19.     This Court lacks jurisdiction over Plaintiff's claim for damages for mental and/or emotional and/or physical injuries arising out of Plaintiff's employment, in that the exclusive remedy for such claims is provided by the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq*.

## TWENTIETH DEFENSE

### (Setoff)

20.     To the extent Plaintiff receives other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

## TWENTY-FIRST DEFENSE

### (Comparative Fault)

21.     If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff or others which contributed to and proximately caused any such injury, damage or loss.

## TWENTY-SECOND DEFENSE

### (*Kolstad* Defense)

22.     Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant has instituted against wrongful conduct.

## TWENTY-THIRD DEFENSE

### (No Punitive Damages)

23.     The Complaint, and the purported causes of action alleged therein, fail to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendant under Civil Code section 3294.

/ / /

89277231v.1

## TWENTY-FOURTH DEFENSE

### (Due Process)

24.     To the extent that Plaintiff seeks punitive damages, they violate the right of Defendant to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California.  Plaintiff also violates the right of Defendant to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the California Constitution, and, therefore, fails to state a cause of action upon which punitive damages may be awarded.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, having fully answered the Complaint, Defendant prays for judgment on the Complaint as follows:

1.     That Plaintiff be denied any relief whatsoever against Defendant;

2.     That Defendant did not damage or harm Plaintiff in any way;

3.     That Plaintiff is not entitled to any wages, compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of Defendant;

4.     That the Complaint be dismissed in its entirety with prejudice;

5.     That judgment be entered in favor of Defendant and against Plaintiff on her entire Complaint and on all causes of action alleged therein;

6.     That Defendant be awarded the costs of suit herein incurred as provided by statute; and

7.     For such other relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

89277231v.1

1     DATED: December 22, 2022                          Respectfully submitted,

2                                                        SEYFARTH SHAW LLP

3

4                                                        By: _____

5                                                            Lindsay S. Fitch
                                                            Shiva Fatoorechi Emrani
                                                            Michelle Zakarian
6
                                                        Attorneys for Defendant
7                                                        COSTCO WHOLESALE CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
89277231v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               )   SS
COUNTY OF LOS ANGELES          )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On 22 December 2022, I served the within document(s):

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

☐  I sent such document from facsimile machines (310) 201-5219 on 22 December 2022.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐  electronically by using the Court's ECF/CM System.

Ratner Molineaux, LLP                 T:  925.239.0899; F: 925-891-3818
David S. Ratner, Esq.                 david@ratnermolineaux.com
Shelley A. Moulineaux, Esq.           shelley@ratnermolineaux.com
1990 N. California Boulevard
Suite 20
Walnut Creek, CA  94596               Attorneys for Plaintiff, Megan Olsen

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 22 December 2022, at Los Angeles, California.

_____
Denise R. Wasko Peña

**Wasko, Denise**

| | |
|---|---|
| **From:** | Wasko, Denise |
| **Sent:** | Thursday, December 22, 2022 11:02 AM |
| **To:** | 'david@ratnermolineaux.com'; 'shelley@ratnermolineaux.com' |
| **Cc:** | Fitch, Lindsay; Emrani, Shiva F.; Zakarian, Michelle; Holman, Crystal; Kim, Paulin H |
| **Subject:** | Olsen v Costco - Def's Answer to Pl's Complaint |
| **Attachments:** | 2022-12-22 Olsen v. Costco - Answer to Complaint(90642485.1).pdf |

Dear Counsel,

At the direction of Michelle Zakarian, attached please find a copy of the Answer submitted for filing today in the above-referenced matter.  Please let me know if you have any difficulty accessing this document.  A paper copy will follow via US Mail.

Regards,

-D.

# COURT INSTRUCTIONS

NATIONWIDE LEGAL

PHONE (213) 249-9999
FAX (213) 249-9990



## LA345173

### 025 - E-FILING

| FIRM NAME: & ADDRESS: | CUST #: LA239 | COURT : |
|---|---|---|
| SEYFARTH SHAW LLP / CC | DUE DATE #: 12/22/2022 | SOLANO/FAIRFIELD SUPERIOR COURT |

**FIRM NAME: & ADDRESS:**

SEYFARTH SHAW LLP / CC
2029 Century Park East Suite 3500
Los Angeles CA, 90067

PHONE #:(310) 277-7200
FAX #: (310) 282-6945

CONTACT: Denise Wasko-Peña EMAIL: dwasko@seyfarth.com
BILLING / FILE #: 018811-001709
DATE GENERATED #: 12/22/2022

**CUST #: LA239**

**DUE DATE #: 12/22/2022**

**COURT :**

SOLANO/FAIRFIELD SUPERIOR COURT
600 UNION AVENUE, FAIRFIELD, CA 94533
CASE# FCS059139
CASE TITLE: MEGAN OLSEN, VS. COSTCO WHOLESALE
CORPORATION

DOCUMENTS: DEFENDANT COSTCO
WHOLESALECORPORATION'S ANSWER
TOPLAINTIFF'S COMPLAINT

| STATUTE DATE: 12/22/2022 | HEARING DATE: | DEPT. | NLS DATE REC'D: 12/22/2022 |
|---|---|---|---|

☒ FILE / CONFORM
☐ FILE AND SERVE
☐ COURTESY COPY DELIVERY
☐ RECORD
☐ COURT RESEARCH
☐ CERTIFIED

☒ Advanced Fees $ .00
☒ Adv Fees approved by  435

**SPECIAL INSTRUCTIONS**

**E-file today, Advance First Appearance Fee and Pdf client e-file receipt.**

**REPORTS / COMMENTS:**

☐ **FILING SUBMITTED TO COURT ON** _____

☐ **REJECTED** _____

☐ **FILING CONFIRMED/REJECTED - SPOKE TO:** _____  **DATE:** _____

LA345173/WORKC

**Wasko, Denise**

| | |
|---|---|
| **From:** | sfdispatch@nationwidelegal.com |
| **Sent:** | Thursday, December 22, 2022 3:08 PM |
| **To:** | Wasko, Denise |
| **Subject:** | Drop Boxed Document/s |

**This Message Is From an External Sender**
This message came from outside your organization.

Control #: LA345173
Your Reference/Billing #: 018811-001709
Court Name: SOLANO/FAIRFIELD SUPERIOR COURT
Case#: FCS059139
Plaintiff: MEGAN OLSEN,>
Defendant: COSTCO WHOLESALE CORPORATION


Hello,

Your document/s  have been submitted via drop box. We will follow up on the conformed copy/s and return them once available.

Thank you,
Nationwide Legal

# Exhibit C





18

20

21                                    **RETALIATION**

22

24        conditions?

1



12

14

2

4

27

4

2



1

2

4

2

4
5

7

12

20
21
22

26

**FILED**
Superior Court of California
County of Los Angeles

**DEC 17 2013**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Neli M. Raya

1

2

3

4

5

6

7

8

9

10

11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARTHA ABOULAFIA, et al., | ) Case No.: BC469940 |
| Plaintiffs, | ) |
| vs. | ) SPECIAL VERDICT |
| GACN, INC., et al., | ) |
| Defendants. | ) |

We, the jury in the above-entitled action, answer the questions submitted to us as follows:

## Age Discrimination

1.   Did Plaintiff prove that it is more likely than not that Defendant GACN, Inc. discriminated against her on the basis of her age?

Answer "yes" or "no" after the name of each Plaintiff.

-1-

1  Martha Aboulafia    ✓ Yes ____ No

2  Cheryl Colgin       ✓ Yes ____ No

3  Regina Greene       ____ Yes ____ No

4  Patricia Monica     ✓ Yes ____ No

5        Answer Question 2.

6        Wrongful Termination in Violation of Public Policy

7        2.   Did Plaintiff prove that it is more likely than not

8  that Defendant GACN, Inc. discharged Plaintiff in violation of

9  California's public policy against age discrimination in

10 employment?

11 Answer "yes" or "no" after the name of each Plaintiff.

12 Martha Aboulafia    ✓ Yes ____ No

13 Cheryl Colgin       ✓ Yes ____ No

14 Regina Greene       ✓ Yes ____ No

15 Patricia Monica     ✓ Yes ____ No

16       Answer Question 3.

17                          Rest Periods

18       3.   Did Plaintiff Regina Greene prove that it is more

19 likely than not that GACN, Inc. ever failed to authorize and

20 permit her ten (10) minute rest periods and/or thirty (30)

21 minute meal periods while employed by GACN, Inc.?

22 ✓ Yes ____ No

23       If you answer Question 3 "no," then answer Question 6.  If

24 you answer Question 3 "yes," then answer Question 4.

-2-

4.   During how many shifts was Plaintiff Greene denied a rest or meal period while employed by Defendant GACN, Inc.

119

Answer Question 5.

5.   What is the amount of rest period and/or meal period wages owed by GACN, Inc. to Plaintiff Greene?

(To calculate the amount of rest and/or meal period wages owed to Plaintiff, take the total number of shifts that Plaintiff was denied a rest or meal period and multiply that number by her regular hourly wage.)

$ 952. 00

### Damages

6.   Answer Question 7 only if you answered "Yes" in response to Question 1 and/or Question 2 as to Plaintiff Aboulafia.  Otherwise, answer Question 8.

7.   What are Plaintiff Aboulafia's damages?

(a)  Past economic loss:

(i)  lost earnings                    $ 58,164. 00/xx

(b)  Future economic loss:

(i)  lost earnings                    $ 53,592. 00/xx

(c)  Non-economic loss (e.g., emotional distress, pain, mental suffering, grief, anxiety, fear, humiliation):

$ 250,000. 00/xx

/ / /

-3-

8.    Answer Question 9 only if you answered "Yes" in

response to Question 1 and/or Question 2 as to Plaintiff Colgin.

Otherwise, answer Question 10.

9.    What are Plaintiff Colgin's damages?

(a)   Past economic loss:

       (i)   lost earnings       $ _66,262.⁰⁰/xx_

(b)   Future economic loss:

       (i)   lost earnings       $ _131,372.⁰⁰_

(c)   Non-economic loss (e.g., emotional distress, pain, mental

suffering, grief, anxiety, fear, humiliation):

                               $ _250,000.⁰⁰_


10.    Answer Question 11 only if you answered "Yes" in

response Question 1 and/or Question 2 as to Plaintiff Greene.

Otherwise, answer Question 12.

11.    What are Plaintiff Greene's damages?

(a)   Past economic loss:

       (i)   lost earnings       $ _55,661.⁰⁰/xx_

(b)   Future economic loss:

       (i)   lost earnings       $ _62,338.⁰⁰/xx_

(c)   Non-economic loss (e.g., emotional distress, pain, mental

suffering, grief, anxiety, fear, humiliation): _250,266.⁵⁰/xx_

                               $ ~~XXXXXX~~

12.    Answer Question 13 only if you answered "Yes" in

-4-

response to Question 1 and/or Question 2 as to Plaintiff Monica.

13.  What are Plaintiff Monica's damages?

(a)  Past economic loss:

        (i)  lost earnings         $ _95,588. 00/xx_

(b)  Future economic loss:

        (i)  lost earnings         $ _157,486. 00/xx_

(c)  Non-economic loss (e.g., emotional distress, pain, mental

suffering, grief, anxiety, fear, humiliation):

                                $ _250,000. 00/xx_

    Answer Question 14.

### Punitive Damages

14.  Answer Question 14 only if you answered "yes" in

response to Question 1 and/or Question 2 as to Plaintiff

Aboulafia.  If you did not answer "yes" to Question 1 or

Question 2 as to Plaintiff Aboulafia, skip Question 14, and go

to Question 15.

1(a).  Did Plaintiff prove by clear and convincing

evidence that one or more officers, directors or managing agents

of GACN, Inc., acting on behalf of GACN, Inc., engaged  in

wrongful conduct with malice, oppression, or fraud against

Plaintiff Aboulafia?

  ✓  Yes   ____ No

    Answer Question 1(b).

1(b).  Did Plaintiff prove by clear and convincing

-5-

1   evidence that one or more officers, directors or managing agents

2   of GACN, Inc., acting on behalf of GACN, Inc., authorized the

3   wrongful conduct?

4   ___✓___ Yes _____No

5       Answer Question 1(c).

6       1(c).   Did Plaintiff prove by clear and convincing

7   evidence that one or more officers, directors or managing agents

8   of GACN, Inc., acting on behalf of GACN, Inc., knew of THE

9   wrongful conduct and adopted or approved the conduct after it

10  occurred?

11

12  ___✓___ Yes _____ No

13      Answer Question 15.

14      15.   Answer Question 15 only if you answered "yes" in

15  response to Question 1 and/or Question 2 as to Plaintiff Colgin.

16  If you did not answer "yes" to Question 1 or Question 2 as to

17  Plaintiff Colgin, skip Question 15, and go to Question 16.

18      1.(a)    Did Plaintiff prove by clear and convincing

19  evidence that one or more officers, directors or managing agents

20  of GACN, Inc., acting on behalf of GACN, Inc., engaged  in

21  wrongful conduct with malice, oppression, or fraud against

22  Plaintiff Colgin?

23  ___✓___ Yes _____ No

24      Answer Question 1(b).

25      1(b).   Did Plaintiff prove by clear and convincing

evidence that one or more officers, directors or managing agents of GACN, Inc., acting on behalf of GACN, Inc., authorized the wrongful conduct?

___✓___ Yes _____No

Answer Question 1(c).

1(c).    Did Plaintiff prove by clear and convincing evidence that one or more officers, directors or managing agents of GACN, Inc., acting on behalf of GACN, Inc., knew of the wrongful conduct and adopted or approved the conduct after it occurred?

___✓___ Yes _____ No

Answer Question 16.

16.   Answer Question 16 only if you answered "yes" in response to Question 1 and/or Question 2 as to Plaintiff Greene. If you did not answer "yes" to Question 1 or Question 2 as to Plaintiff Greene, skip Question 16, and go to Question 17.


1.(a)    Did Plaintiff prove by clear and convincing evidence that one or more officers, directors or managing agents of GACN, Inc., acting on behalf of GACN, Inc., engaged  in wrongful conduct with malice, oppression, or fraud against Plaintiff Greene?

___✓___ Yes _____ No

Answer Question 1(b).

-7-

1(b).    Did Plaintiff prove by clear and convincing evidence that one or more officers, directors or managing agents of GACN, Inc., acting on behalf of GACN, Inc., authorized the wrongful conduct?

✓ Yes _____No

Answer Question 1(c).

1(c).    Did Plaintiff prove with clear and convincing evidence that one or more officers, directors or managing agents of GACN, Inc., acting on behalf of GACN, Inc., knew of the wrongful conduct and adopted or approved the conduct after it occurred?

✓ Yes _____ No

Answer Question 17.

17.   Answer Question 17 only if you answered "yes" in response to Question 1 and/or Question 2 as to Plaintiff Monica. If you did not answer "yes" to Question 1 or Question 2 as to Plaintiff Monica, stop here, answer no further questions, and have the presiding juror sign and date this form.

1.(a) Did Plaintiff prove with clear and convincing evidence that one or more officers, directors or managing agents of GACN, Inc., acting on behalf of GACN, Inc., engaged  in wrongful conduct with malice, oppression, or fraud against Plaintiff Monica?

✓ Yes _____ No

-8-

1        Answer Question 1(b).

2        1(b).    Did Plaintiff prove with clear and convincing

3   evidence that one or more officers, directors or managing agents

4   of GACN, Inc., acting on behalf of GACN, Inc., authorized the

5   wrongful conduct?

6   ___✓___ Yes _____No

7        Answer Question 1(c).

8        1(c).    Did Plaintiff prove with clear and convincing

9   evidence that one or more officers, directors or managing agents

10  of GACN, Inc., acting on behalf of GACN, Inc., knew of the

11  employee's wrongful conduct and adopted or approved the conduct

12  after it occurred?

13  ___✓___ Yes _____ No

14

15

16  Sign and date this verdict in the designated area below.

17

18  DATED: __12/17/13__          _____

19                                      (Sign)

20                                 _LANA  KIM_____

21                                      (Print)

22                                   FOREPERSON

23

24

25

-9-

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:09-cv-03279-DMG-CW**

Robert Ward et al v. Cadbury Schweppes Bottling Group et al
Assigned to: Judge Dolly M. Gee
Referred to: Magistrate Judge Carla Woehrle
Case in other court:  9th CCA, 12-56171
                 9th CCA, 12-56608
                 Superior Court State of CA County of Los Angeles, BC410112
Cause: 28:1441 Notice of Removal - Employment Discrimination

Date Filed: 05/08/2009
Date Terminated: 10/15/2015
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Diversity

**Plaintiff**

**Robert M Ward**
*an individual*

represented by **Michael Frederic Baltaxe**
Sottile Baltaxe
28632 Roadside Drive Suite 100
Agoura Hills, CA 91301
818-889-0050
Fax: 818-889-6050
Email: mbaltaxe@sottilebaltaxe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy B Sottile**
Sottile Baltaxe
4333 Park Terrance Drive Suite 160
Westlake Village, CA 91361
818-889-0050
Fax: 818-889-6050
Email: TSottile@SottileBaltaxe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy Kara Marcus**
Law Offices of Wendy K. Marcus
22447 Berdon Street
Woodland Hills, CA 91367
818-271-0745
Email: marcus_wendy@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R Mulally**
Spencer & Mulally
14156 Magnolia Blvd, Ste 200
Sherman Oaks, CA 91423-2806
818-784-8700
Fax: 818 784 5406
Email: tom@ssmlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert E. Jones**
*an individual*

represented by **Michael Frederic Baltaxe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy B Sottile**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy Kara Marcus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R Mulally**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose M. Valadez**
*an individual*

represented by **Michael Frederic Baltaxe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy B Sottile**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy Kara Marcus**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R Mulally**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leonard Talton**                          represented by   **Michael Frederic Baltaxe**
*an individual*                                              (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Timothy B Sottile**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Wendy Kara Marcus**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Thomas R Mulally**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gary Suhay**                              represented by   **Michael Frederic Baltaxe**
*an individual*                                             (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Timothy B Sottile**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Wendy Kara Marcus**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Thomas R Mulally**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alfonso W. January**                      represented by   **Michael Frederic Baltaxe**
*an individual*                                             (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Timothy B Sottile**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Wendy Kara Marcus**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Thomas R Mulally**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cadbury Schweppes Bottling Group**        represented by   **Daryl M Crone**
*a business entity, from uknown*                            Crone Hawxhurst LLP
*Erroneously Sued As*                                       10880 Wilshire Boulevard Suite 1150
Cadbury Schweppes Bottling Group, Inc.                     Los Angeles, CA 90024
                                                            310-893-5150
                                                            Fax: 310-893-5195
                                                            Email: daryl@cronehawxhurst.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Diyari Vazquez**
                                                            DVG LAW GROUP
                                                            1515 7TH STREET
                                                            NO. 106
                                                            SANTA MONICA, CA 80401
                                                            424-272-9855
                                                            Email: DV@DVGLAWGROUP.COM
                                                            *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

Hawxhurst Harris LLP
11111 Santa Monica Boulevard Suite 620
Los Angeles, CA 90025
310-893-5150
Fax: 310-893-5195
Email: jerry@hawxhurstllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Paul Gelbart**
Thompson Coburn LLP
2029 Century Park East 19th Floor
Los Angeles, CA 90067
310-282-2500
Fax: 310-282-2501
Email: jgelbart@thompsoncoburn.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cadbury Schweppes Holdings Inc.**                  represented by   **Daryl M Crone**
*a business entity form unknown*                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Diyari Vazquez**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Gerald E Hawxhurst**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Joshua Paul Gelbart**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**7-UP/RC Bottling Company of Southern California**   represented by   **Daryl M Crone**
*a business entity form unknown*                                     (See above for address)
*Erroneously Sued As*                                                *LEAD ATTORNEY*
Seven-Up/RC Bottling Company of Southern California, Inc.             *ATTORNEY TO BE NOTICED*

                                                                     **Diyari Vazquez**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Gerald E Hawxhurst**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Joshua Paul Gelbart**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Pepper Snapple Group**                         represented by   **Daryl M Crone**
*a business entity form unknown*                                     (See above for address)
*Erroneously Sued As*                                                *LEAD ATTORNEY*
Dr Pepper Snapple Group, Inc.                                        *ATTORNEY TO BE NOTICED*

                                                                     **Diyari Vazquez**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Gerald E Hawxhurst**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **David D Kadue**
                                                                     Seyfarth Shaw LLP
                                                                     2029 Century Park East Suite 3500
                                                                     Los Angeles, CA 90067
                                                                     310-277-7200
                                                                     Fax: 310-201-5219
                                                                     Email: dkadue@seyfarth.com
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **James M Harris**
                                                                     Seyfarth Shaw LLP
                                                                     2029 Century Park E Suite 3500
                                                                     Los Angeles, CA 90067

310-277-7200
Fax: 310-277-5219
Email: jharris@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Jason W Kearnaghan**
Sheppard Mullin Richter and Hampton LLP
333 South Hope Street 43rd Floor
Los Angeles, CA 90071-1422
213-620-1780
Fax: 213-620-1398
Email: jkearnaghan@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Joshua Paul Gelbart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiran Aftab Seldon**
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
310-277-7200
Email: kseldon@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Robert E Mussig , Jr**
Sheppard Mullin Richter and Hampton LLP
333 South Hope Street 43rd Floor
Los Angeles, CA 90071-1448
213-620-1780
Fax: 213-620-1398
Email: rmussig@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Tracey A Kennedy**
Sheppard Mullin Richter and Hampton LLP
333 South Hope Steet 43rd Floor
Los Angeles, CA 90071-1422
213-620-1780
Fax: 213-620-1398
Email: tkennedy@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Bottling Company**
*a business entity, exact unknown*
*Erroneously Sued As*
The American Bottling Company

represented by **Daryl M Crone**
(See above for address)
*TERMINATED: 01/15/2015*

**David D Kadue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diyari Vazquez**
(See above for address)
*TERMINATED: 01/15/2015*

**Gerald E Hawxhurst**
(See above for address)
*TERMINATED: 01/15/2015*

**James M Harris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason W Kearnaghan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua Paul Gelbart**
(See above for address)
*TERMINATED: 01/15/2015*

**Kiran Aftab Seldon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert E Mussig , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tracey A Kennedy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1-100, inclusive*

represented by **Joshua Paul Gelbart**
(See above for address)
*TERMINATED: 11/29/2011*
*ATTORNEY TO BE NOTICED*

**Mediator (ADR Panel)**

**Robert K Wrede**

represented by **Robert K Wrede**
ADR Services Inc
1900 Avenue of the Stars Suite 250
Los Angeles, CA 90067
310-234-0150
Email: rkwrede@twc.com
*ATTORNEY TO BE NOTICED*

**Mediator (ADR Panel)**

**Robert K Wrede**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2009 | 1 | NOTICE OF REMOVAL from Superior Court State of CA County of Los Angeles, case number BC410112 with CONFORMED copy of summons and complaint. Case assigned to Judge Valerie Baker Fairbank, Discovery to Magistrate Judge Carla Woehrle. (Filing fee $ 350 PAID), filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity).(car) (ds). (Entered: 05/13/2009) |
| 05/08/2009 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (Sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity). [Filed in State Court on 5/7/09; submitted attached Exhibit A to Notice of Removal](car) (Entered: 05/13/2009) |
| 05/08/2009 | | CONFORMED COPY OF NOTICE OF SERVICE OF PROCESS OF SUMMONS AND COMPLAINT Executed by Plaintiff Robert M Ward, upon Cadbury Schweppes Bottling Group Cynthia Leon - Authorized to Accept, served on 4/9/2009, answer due 4/29/2009; Cadbury Schweppes Holdings Inc. Cynthia Leon - Authorized to Accept, served on 4/9/2009, answer due 4/29/2009; 7-UP/RC Bottling Company of Southern California Cynthia Leon - Authorized to Accept, served on 4/9/2009, answer due 4/29/2009; Dr. Pepper Snapple Group Cynthia Leon - Authorized to Accept, served on 4/9/2009, answer due 4/29/2009; American Bottling Company Cynthia Leon - Authorized to Accept, served on 4/9/2009, answer due 4/29/2009. [Filed in State Court on 4/16/09; submitted attached Exhibit A page 18 to Notice of Removal] (car) (Entered: 05/13/2009) |
| 05/08/2009 | 2 | NOTICE of Interested Parties filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (Sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity).(car) (ds). (Entered: 05/13/2009) |
| 05/08/2009 | 3 | DECLARATION of William Michael Nelson in support of Notice of Removal, 1 filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (Sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity). (car) Modified on 5/13/2009 (car). (ds). (Entered: 05/13/2009) |
| 05/08/2009 | 4 | DISCLOSURE STATEMENT filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity).(car) (ds). (Entered: 05/13/2009) |
| 05/08/2009 | 5 | DECLARATION of Jack Saatjian in support of Notice of Removal, 1 filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity). (car) (ds). (Entered: 05/13/2009) |
| 05/08/2009 | 6 | NOTICE AND CERTIFICATE OF SERVICE of Notice to Adverse Party and State Court of Removal of Action to Federal Court filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity), served on 5/8/09. (car) (Additional attachment(s) added on 5/15/2009: # 1 Exhibit 1, # 2 Exhibit 2) (ds). (Entered: 05/13/2009) |
| 05/08/2009 | 8 | PROOF OF SERVICE filed by Defendants The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc. (sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) (dominal defendant Cadbury Schweppes Holdings, Inc., is a defunct entity) re Disclosure Statement, 4 , Declaration of Jack Saatjian 5 , Notice of Interested Parties, 2 , Notice of Removal, 1 , Declaration of Willaim Michael Nelson 3 , Civil Cover Sheet served on 5/8/09. (car) (ds). (Entered: 05/13/2009) |
| 05/08/2009 | 10 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(car) (Entered: 05/13/2009) |
| 05/12/2009 | 7 | STANDING ORDER by Judge Valerie Baker Fairbank: Read this order carefully. It controls this case and adds to the Local Rules in some respects. Memoranda of points and authorities in support of, or in opposition to, motions shall not exceed 25 pages. Replies shall not exceed 12 pages. (See document for further details). (kbr) (Entered: 05/13/2009) |
| 05/12/2009 | 9 | MINUTES OF IN CHAMBERS ORDER held before Judge Valerie Baker Fairbank. Counsel are hereby notified that a Scheduling Conference has been set for June 8, 2009 at 8:30 a.m. before Judge Valerie Baker Fairbank. Lead Trial Counsel shall attend all proceedings before this Court, including the Scheduling Conference. Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 in a timely fashion and to file a Joint Rule 26(f) Report and an ADR Pilot Program Questionnaire on or before May 25, 2009. (kbr) (Entered: 05/13/2009) |
| 05/19/2009 | 11 | NOTICE Notice of Scheduling filed by Plaintiffs Leonard Talton, Gary Suhay, Alfonso W. January, Robert M Ward, Robert E. Jones, Jose M. Valadez. (Marcus, Wendy) (Entered: 05/19/2009) |
| 05/27/2009 | 12 | ADR PILOT PROGRAM QUESTIONNAIRE filed by Plaintiffs Leonard Talton, Gary Suhay, Alfonso W. January, Robert M Ward, Robert E. Jones, Jose M. Valadez.(Marcus, Wendy) (Entered: 05/27/2009) |

| 05/27/2009 | 13 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 5-6 weeks, filed by Plaintiffs Leonard Talton, Gary Suhay, Alfonso W. January, Robert M Ward, Robert E. Jones, Jose M. Valadez.. (Marcus, Wendy) (Entered: 05/27/2009) |
| 05/27/2009 | 14 | DEMAND for Jury Trial filed by Plaintiffs Leonard Talton, Gary Suhay, Alfonso W. January, Robert M Ward, Robert E. Jones, Jose M. Valadez.. (Marcus, Wendy) (Entered: 05/27/2009) |
| 06/08/2009 | 15 | MINUTES Scheduling Conference held before Judge Valerie Baker Fairbank: The Court DENIES Defendants request to shorten the meet-and-confer requirements under Local Rule 7-3. The Court sets the following schedule: Trial: October 19, 2010 at 8:30 AM; Final Pretrial Conference: October 4, 2010 at 2:30 PM; Motion Filing Cut-Off: August 9, 2010; Non-Expert Discovery Cut-off: June 21, 2010; Expert Discovery Cut-off: July 26, 2010; Expert disclosures pursuant to the Parties stipulationSettlement Conference by: July 30, 2010 Court Reporter: Rosalyn Adams. (jp) (Entered: 06/08/2009) |
| 06/08/2009 | 16 | SCHEDULING AND CASE MANAGEMENT ORDER by Judge Valerie Baker Fairbank. Jury Trial set for 10/19/2010 at 8:30 AM. Final Pretrial Conference set for 10/4/2010 at 2:30 PM. Last date to conduct settlement conference is 7/30/2010. (kbr) (Entered: 06/15/2009) |
| 07/06/2009 | 17 | STIPULATION for Discovery as to Expert Disclosure filed by Defendants Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., 7-UP/RC Bottling Company of Southern California, Dr. Pepper Snapple Group, American Bottling Company. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 07/06/2009) |
| 07/07/2009 | 18 | ORDER by Judge Valerie Baker Fairbank, re Stipulation re Expert Disclosure 17 good cause appearing therefor, that The disclosures required by FRCP 26(a)(2)(A) and FRCP 26(a)(2)(B) shall be made on or before 5/3/2010; If any party intends to provide expert testimony solely to contradict or rebut evidence on the same subject matter previously identified by another party, such testimony shall be disclosed pursuant to FCRP 26(a)(2)(A) and FRCP 26(a)(2)(B) on or before 6/14/2010. (jp) (Entered: 07/09/2009) |
| 09/10/2009 | 19 | NOTICE OF MOTION AND MOTION to Compel PROPER RULE 26 INITIAL DISCLOSURES BY PLAINTIFFS filed by Defendant American Bottling Company. Motion set for hearing on 10/6/2009 at 10:00 AM before Magistrate Judge Carla Woehrle. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 09/10/2009) |
| 09/10/2009 | 20 | JOINT STIPULATION to MOTION to Compel PROPER RULE 26 INITIAL DISCLOSURES BY PLAINTIFFS 19 filed by Defendant American Bottling Company. (Attachments: # 1 Declaration of Daryl M. Crone, # 2 Exhibit A to Crone Decl., # 3 Exhibit B to Crone Decl., # 4 Exhibit C to Crone Decl., # 5 Exhibit D to Crone Decl., # 6 Exhibit E to Crone Decl., # 7 Exhibit F to Crone Decl., # 8 Exhibit G to Crone Decl., # 9 Exhibit H to Crone Decl., # 10 Declaration of Wendy K. Marcus, # 11 Exhibit 1 to Marcus Decl., # 12 Exhibit 2 to Marcus Decl., # 13 Exhibit 3 to Marcus Decl., # 14 Exhibit 4 to Marcus Decl., # 15 Exhibit 5 to Marcus Decl., # 16 Exhibit 6 to Marcus Decl., # 17 Exhibit 7 to Marcus Decl., # 18 Exhibit 8 to Marcus Decl., # 19 Exhibit 9 to Marcus Decl., # 20 Exhibit 10 to Marcus Decl., # 21 Exhibit 11 to Marcus Decl., # 22 Exhibit 12 to Marcus Decl., # 23 Exhibit 13 to Marcus Decl., # 24 Exhibit 14 to Marcus Decl., # 25 Exhibit 15 to Marcus Decl., # 26 Order Establishing Initial Case Schedule)(Crone, Daryl) (Entered: 09/10/2009) |
| 09/22/2009 | 21 | MEMORANDUM in Support of MOTION to Compel PROPER RULE 26 INITIAL DISCLOSURES BY PLAINTIFFS 19 filed by Defendant American Bottling Company. (Attachments: # 1 Notice of Lodging Documents for In Camera Review)(Crone, Daryl) (Entered: 09/22/2009) |
| 10/06/2009 | 22 | ORDER by Magistrate Judge Carla Woehrle: granting in part and denying in part 19 Motion to Compel.**SEE ORDER FOR FURTHER DETAILS** (dt) Modified on 10/7/2009 (dt). (Entered: 10/06/2009) |
| 12/30/2009 | 23 | NOTICE OF LODGING filed re Order on Motion to Compel 22 (Attachments: # 1 Exhibit Joint Stipulation and [Proposed] Order re Confidential Information)(Hawxhurst, Gerald) (Entered: 12/30/2009) |
| 01/19/2010 | 24 | PROTECTIVE ORDER GRANTED by Magistrate Judge Carla Woehrle re Notice of Lodging 23 . **SEE ORDER FOR FURTHER DETAILS** (dt) (Entered: 01/20/2010) |
| 01/25/2010 | 25 | ORDER OF THE CHIEF JUDGE (#10-028) approved by Chief Judge Audrey B. Collins. Pursuant to the recommended procedure adopted by the Court for the CREATION OF CALENDAR of Judge Dolly M. Gee and with the concurrence of the Case Management and Assignment Committee, this case is transferred from Judge Valerie Baker Fairbank to the calendar of Judge Dolly M. Gee for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 09-03279 DMG (CWx). (sn) (Entered: 01/26/2010) |
| 04/06/2010 | 26 | STIPULATION for Hearing re Status Conference filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 04/06/2010) |
| 04/07/2010 | 27 | ORDER by Judge Dolly M. Gee granting Stipulation 26 to set a Status Conference set for 4/19/2010 at 11:00 AM. (pp) (Entered: 04/08/2010) |
| 04/08/2010 | 28 | NOTICE OF MOTION AND MOTION to Compel PRODUCTION OF MEDICAL RECORDS BY PLAINTIFFS filed by Defendant American Bottling Company. Motion set for hearing on 5/4/2010 at 10:00 AM before Magistrate Judge Carla Woehrle. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 04/08/2010) |
| 04/08/2010 | 29 | JOINT STIPULATION to MOTION to Compel PRODUCTION OF MEDICAL RECORDS BY PLAINTIFFS 28 filed by Defendant American Bottling Company. (Attachments: # 1 Exhibit A through I, # 2 Exhibit J through K, # 3 Exhibit 1 through 5, # 4 Exhibit 6 through 18)(Crone, Daryl) (Entered: 04/08/2010) |
| 04/19/2010 | 32 | MINUTES of Status Conference re trial schedule and pretrial dates set by prior judge held before Judge Dolly M. Gee: Based upon the statements made today on the record, the court shall issue an amended scheduling case management order with the new dates. Counsel are reminded of their obligations and requirements to timely and fully comply with all orders. Court Reporter: Anne Kielwasser. (gk) (Entered: 04/20/2010) |
| 04/19/2010 | 33 | AMENDED SCHEDULING AND CASE MANAGEMENT ORDER FOR JURY TRIAL by Judge Dolly M. Gee: The Court has scheduled the dates set forth on the last page of this Order after review of the parties' Stipulation re Joint Request for Status Conference and consultation with the parties at the Status Conference on 4/19/2010. Jury Trial set for 1/11/2011 08:30 AM before Judge Dolly M. Gee. Final Pretrial Conference set for 12/7/2010 02:00 PM before Judge Dolly M. Gee. Amended Pleadings and Addition of Parties Cut-Off 6/21/2010. Non-Expert Discovery cut-off 9/17/2010. Motions due 10/8/2010. Expert Disclosure & Report Deadline 9/21/2010. Rebuttal Expert Disclosure & Report Deadline 10/22/2010. Expert Discovery Cut-Off 11/9/2010. Settlement Conference Completion Date 11/5/2010. Motions in Limine to be filed by 11/16/2010. Opposition to Motions in Limine Filing Deadline 11/23/2010. Status Report re Settlement due by 11/16/2010. Proposed Pretrial Conference Order due by 11/16/2010. Contentions of Fact/Law 11/16/2010. Pretrial Exhibit Stipulation 11/16/2010. Joint Exhibit List due by 11/16/2010. Witness Lists & Joint Trial Witness Time Estimate Form 11/16/2010. Agreed Statement of the Case 11/16/2010. Proposed Voir Dire Questions 11/16/2010. Joint Statement of Jury Instructions & Joint Statement of Disputed Instructions 11/16/2010. Verdict Forms 11/16/2010. (gk) (Entered: 04/20/2010) |
| 04/20/2010 | 30 | SUPPLEMENT to MOTION to Compel PRODUCTION OF MEDICAL RECORDS BY PLAINTIFFS 28 *Memorandum in Support of Motion* filed by Defendant American Bottling Company. (Hawxhurst, Gerald) (Entered: 04/20/2010) |
| 04/20/2010 | 31 | SUPPLEMENT to MOTION to Compel PRODUCTION OF MEDICAL RECORDS BY PLAINTIFFS 28 *Declaration of Gerald E. Hawxhurst* filed by Defendant American Bottling Company. (Attachments: # 1 Exhibit A through B)(Hawxhurst, Gerald) (Entered: 04/20/2010) |
| 04/29/2010 | 34 | Notice of Withdrawal of Motion to Compel, 28 filed by Defendant American Bottling Company. (Crone, Daryl) (Entered: 04/29/2010) |
| 08/27/2010 | 35 | STIPULATION to Continue Trial from January 11, 2011 to May 24, 2011 Re: Scheduling Order, Set/Reset Deadlines/Hearings,,,,,,,,, 33 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 08/27/2010) |

| 09/03/2010 | 36 | ORDER ENTERING JOINT STIPULATION RE TRIAL CONTINUANCE by Judge Dolly M. Gee: Upon Stipulation 35 , the Court HEREBY ORDERS THAT the trial date and pretrial deadlines set forth in the Court's 4/19/2010 Scheduling Order are vacated and continued as follows: Non-expert Discovery cut-off 12/28/2010. Opening Expert Witness Disclosure 2/1/2011. Motions due by 2/18/2011. Rebuttal Expert Witness Disclosure 3/4/2011. Settlement Conference Completion 3/18/2011. Expert Discovery cut-off 3/22/2011. Motions in Limine to be filed by 3/29/2011. Last day to file opposition to Motions in Limine 4/5/2011. Lodge Pretrial Conference Order, File Memo of Contentions of Fact and Law, Exhibit List, Pretrial Exhibit Stipulation, Witness List, Joint Trial Witness Time Estimate Form, Status Report re Settlement, Agreed Statement of the Case, Joint Statement of Jury Instructions and Statement of Disputed Instructions, Verdict Forms Proposed Voir Dire Questions 3/29/2011. Final Pretrial Conference set for 4/19/2011 02:00 PM before Judge Dolly M. Gee. Jury Trial set for 5/24/2011 08:30 AM before Judge Dolly M. Gee. (gk) (Entered: 09/07/2010) |
| 01/10/2011 | 37 | STIPULATION to Reschedule Trial and Pretrial Deadlines filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 01/10/2011) |
| 01/18/2011 | 38 | ORDER CONTINUING PRETRIAL DEADLINES, FINAL PRETRIAL CONFERENCE, AND TRIAL DATE by Judge Dolly M. Gee: Upon Joint Stipulation 37 , the Court ORDERS that the trial date and pretrial deadlines set forth in the Court's 9/3/2010 Order 36 are vacated and continued as follows: Non-expert Discovery cut-off 3/18/2011. Opening Expert Witness Disclosure 3/22/2011. Motions due by 4/8/2011. Rebuttal Expert Witness Disclosure 4/21/2011. Settlement Conference Completion 5/9/2011. Joint Status Report re Settlement 5/16/2011. Expert Discovery cut-off 5/13/2011. Motions in Limine to be filed by 5/20/2011. Last day to file oppositions to Motions in Limine 5/27/2011. Lodge Pretrial Conference Order, File Memo of Contentions of Fact and Law, Exhibit List, Pretrial Exhibit Stipulation, Witness List, Joint Trial Witness Time Estimate Form, Agreed Statement of the Case, Joint Statement of Jury Instructions and Statement of Disputed Instructions, Verdict Forms Proposed Voir Dire Questions 5/31/2011. Final Pretrial Conference set for 6/21/2011 02:00 PM before Judge Dolly M. Gee. Jury Trial set for 8/2/2011 08:30 AM before Judge Dolly M. Gee. (gk) (Entered: 01/19/2011) |
| 02/11/2011 | 39 | NOTICE of Change of firm name and address by Daryl M Crone attorney for Defendants American Bottling Company, Dr. Pepper Snapple Group. Changing firm name to Crone Hawxhurst LLP and address to 10880 Wilshire Blvd., Ste. 1150, Los Angeles, California 90024. Tel: (310) 893-5150. Fax: (310) 893-5195.. Filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 02/11/2011) |
| 03/28/2011 | 40 | First STIPULATION for Extension of Time to File, First STIPULATION to Exceed Page Limitation as to n, First STIPULATION for Hearing re Defendants' Summary Judgment Motion filed by defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order Granting the Parties' Stipulation)(Hawxhurst, Gerald) (Entered: 03/28/2011) |
| 03/28/2011 | 41 | First EX PARTE APPLICATION to Strike Plaintiffs' Purported Damages Expert *Karen Smith* filed by defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order Granting Defendants' Ex Parte Application)(Hawxhurst, Gerald) (Entered: 03/28/2011) |
| 03/29/2011 | 42 | Opposition Opposition re: First EX PARTE APPLICATION to Strike Plaintiffs' Purported Damages Expert *Karen Smith* 41 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 03/29/2011) |
| 03/29/2011 | 43 | ORDER RE EXTENSION OF PAGE LIMIT AND BRIEFING SCHEDULE FOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by Judge Dolly M. Gee: Upon Stipulation 40 , the Court HEREBY FINDS AND ORDERS THAT: (1) Defendants may file an opening memorandum of points and authorities of up to 40 pages in length in support of their forthcoming Motion for Summary Judgment. Plaintiffs may file a memorandum of points and authorities of up to 40 pages in opposition. Defendants may file a memorandum of points and authorities of up to 40 pages in length in reply. The Court will appreciate the parties' efforts to be concise. (2) Defendants' opening summary judgment papers shall be filed on or before 4/8/2011; Plaintiffs' opposition papers shall be filed on or before 4/21/2011; Defendants' reply papers shall be filed on or before 5/2/2011; and Defendants' summary judgment shall be heard before this Court on 5/20/2011 at 3:00 PM. (gk) (Entered: 03/29/2011) |
| 04/08/2011 | 44 | NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiffs' Complaint, MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. Motion set for hearing on 5/20/2011 at 03:00 PM before Judge Dolly M. Gee. (Attachments: # 1 Proposed Order (Judgment) on Defendants' Motion)(Hawxhurst, Gerald) (Entered: 04/08/2011) |
| 04/08/2011 | 45 | STATEMENT of Undisputed Material Facts and Conclusions of Law MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Hawxhurst, Gerald) (Entered: 04/08/2011) |
| 04/08/2011 | 46 | DECLARATION of Joshua P. Gelbart in support of MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A to Gelbart Declaration, # 2 Exhibit B to Gelbart Declaration)(Hawxhurst, Gerald) (Entered: 04/08/2011) |
| 04/08/2011 | 47 | DECLARATION of Daryl M. Crone in support of MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit W, # 23 Exhibit X, # 24 Exhibit Y, # 25 Exhibit Z, # 26 Exhibit AA, # 27 Exhibit BB, # 28 Exhibit CC, # 29 Exhibit DD, # 30 Exhibit EE, # 31 Exhibit FF, # 32 Exhibit V)(Hawxhurst, Gerald) (Entered: 04/08/2011) |
| 04/14/2011 | 48 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Separate Statement of Uncontroverted Material Facts and Conclusions of Law in Support of Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment filed 4/8/2011 45 . The following error(s) was found: This document tendered for the judge's approval should have been submitted as a separate PDF attachment to the Motion, document number 44, or a Notice of Lodging. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 04/15/2011) |
| 04/15/2011 | 49 | NOTICE OF LODGING filed *Lodging Separate Statement of Uncontroverted Material Facts and Conclusions of Law* re MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 , Notice of Deficiency in Electronically Filed Documents (G-112), Notice of Deficiency in Electronically Filed Documents (G-112), Notice of Deficiency in Electronically Filed Documents (G-112), Notice of Deficiency in Electronically Filed Documents (G-112) 48 (Attachments: # 1 Separate Statement of Uncontroverted Material Facts and Conclusions of Law)(Crone, Daryl) (Entered: 04/15/2011) |
| 04/18/2011 | 50 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Carla Woehrle, Counsel are notified that a telephonic conference regarding Defendants Ex Parte Application to Strike is scheduled for April 19, 2011, at 11:00 a.m. The Call-in information for the call is listed below: Call-in Number: 213-894-0800, Meeting ID: 1112#, User Password: 1423#. If you have any problems connecting to this call, please contact Donna Thomas at 213-894-6825. (lmh) (Entered: 04/19/2011) |

| 04/19/2011 | 51 | MINUTES OF denying 41 Ex Parte Application to Strike ; Telephone Conference held before Magistrate Judge Carla Woehrle: **SEE ORDER FOR FURTHER DETAILS**Court Recorder: 4-19-11. (dt) (Entered: 04/20/2011) |
|---|---|---|
| 04/21/2011 | 52 | MEMORANDUM in Opposition to MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 separate statement, # 2 separate statement)(Marcus, Wendy) (Entered: 04/21/2011) |
| 04/21/2011 | 53 | DECLARATION of Robert Ward in Opposition to MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 04/21/2011) |
| 04/21/2011 | 54 | DECLARATION of Wendy Marcus in Opposition to MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Marcus, Wendy) (Entered: 04/21/2011) |
| 04/21/2011 | 55 | EXHIBIT 6-10 to MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Marcus, Wendy) (Entered: 04/21/2011) |
| 04/21/2011 | 56 | EXHIBIT 11-15 to MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Marcus, Wendy) (Entered: 04/21/2011) |
| 04/21/2011 | 57 | EXHIBIT 16-19 to MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Marcus, Wendy) (Entered: 04/21/2011) |
| 04/21/2011 | 58 | EXHIBIT 20-25 to MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Marcus, Wendy) (Entered: 04/21/2011) |
| 05/02/2011 | 59 | REPLY in support of MOTION for Summary Judgment as to Plaintiffs' Complaint MOTION for Partial Summary Judgment as to All or Some of the Claims In Plaintiffs' Complaint and Certain of Defendants' Affirmative Defenses 44 filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Attachments: # 1 Objections to Evidence)(Crone, Daryl) (Entered: 05/02/2011) |
| 05/03/2011 | 60 | Joint STIPULATION to Continue Trial from August 2, 2011 to August 16, 2011 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Affidavit proof of service)(Marcus, Wendy) (Entered: 05/03/2011) |
| 05/03/2011 | 61 | NOTICE of Errata and Filing of More Legible Exhibits R - V to Crone Declaration ISO Summary Judgment filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit R, # 2 Exhibit S, # 3 Exhibit T, # 4 Exhibit U, # 5 Exhibit V) (Hawxhurst, Gerald) (Entered: 05/03/2011) |
| 05/05/2011 | 62 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Reply (Motion related), Reply (Motion related) 59 . The following error(s) was found: Local Rule 11-6 Memorandum brief exceeds 25 pages. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 05/05/2011) |
| 05/17/2011 | 63 | EX PARTE APPLICATION to Strike Plaintiffs' Disclosure of Medical Experts filed by defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order, # 2 Declaration of Joshua P. Gelbart, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I)(Crone, Daryl) (Entered: 05/17/2011) |
| 05/18/2011 | 64 | MEMORANDUM in Opposition to EX PARTE APPLICATION to Strike Plaintiffs' Disclosure of Medical Experts 63 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration Declaration and Exhibits)(Marcus, Wendy) (Entered: 05/18/2011) |
| 05/20/2011 | 66 | MINUTES OF Motion for Summary Judgment or in the alternative, partial Summary judgment 44 Hearing held before Judge Dolly M. Gee: The Court invites counsel to respond to the tentative ruling. Following oral argument, the Court advises counsel that the motion is taken under submission and a written order will issue. The parties are instructed to meet and confer re new deadline for mandatory settlement conference completion date and a proposed new final pretrial conference and trial date. Further, counsel shall contact Courtroom Deputy Clerk, by 6/3/2011 to clear the proposed trial date and prepare a stipulation and proposed order. Court Reporter: Anne Kielwasser. (jp) (Entered: 05/23/2011) |
| 05/23/2011 | 65 | ORDER by Judge Dolly M. Gee DENYING Motion for Summary Judgment 44 . (jp) (Entered: 05/23/2011) |
| 05/25/2011 | 67 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Carla Woehrle, Parties are notified that on the Court own motion, a telephonic conference regarding defendants Ex Parte Application to Strike Plaintiffs Disclosures of Medical experts, is scheduled for Tuesday, May 31, 2011 at 3:00 p.m., in courtroom 640 of the Roybal Courthouse before the Honorable Carla M. Woehrle. The call-in information is listed below: Call-in Number: 213-894-0800, Meeting ID: 7002#, User Password: 3070#. If you have any problems connecting to this call, please contact Donna Thomas at 213-894-6825. re: EX PARTE APPLICATION to Strike Plaintiffs' Disclosure of Medical Experts 63 (lmh) (Entered: 05/25/2011) |
| 05/31/2011 | 68 | MINUTES OF granting in part and denying in part 63 Ex Parte Application to Strike ; Discovery Hearing held before Magistrate Judge Carla Woehrle: **SEE ORDER FOR FURTHER DETAILS**Court Recorder: CS 5-31-11. (dt) (Entered: 06/01/2011) |
| 06/08/2011 | 69 | Joint STIPULATION for Jury Trial on November 8, 2011 filed by Plaintiff Robert M Ward. (Attachments: # 1 Proposed Order re Stipulation re continuance of mediation completion, pretrial and trial dates)(Marcus, Wendy) (Entered: 06/08/2011) |
| 06/13/2011 | 70 | NOTICE OF MOTION AND MOTION to Certify MAY 23, 2011 ORDER FOR INTERLOCUTORY APPEAL filed by defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. Motion set for hearing on 7/18/2011 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 06/13/2011) |
| 06/16/2011 | 71 | ORDER by Judge Dolly M. Gee re Stipulation for Trial 69 : Dates be continued as follows: Settlement Conference Completion: 8/2/2011. Last Day to file settlement conference Statement: 8/9/2011. Last day for filing Motions in Limine: 9/27/2011. Last day to file oppositions to Motions in Limine: 8/23/2011Lodge Pretrial Conf. Order, etc.: 9/26/2011. Final Pretrial Conference on 10/18/11, 3:30 pm. Jury Trial on 11/15/11 at 8:30 am. (kpa) (Entered: 06/16/2011) |

| 06/27/2011 | 72 | Joint STIPULATION to AMEND Order on Ex Parte Application to Strike, Discovery Hearing 68 filed by defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 06/27/2011) |
| 06/27/2011 | 73 | MEMORANDUM in Opposition to MOTION to Certify MAY 23, 2011 ORDER FOR INTERLOCUTORY APPEAL 70 filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 06/27/2011) |
| 07/01/2011 | 74 | REPLY in support of MOTION to Certify MAY 23, 2011 ORDER FOR INTERLOCUTORY APPEAL 70 filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 07/01/2011) |
| 07/06/2011 | 75 | NOTICE OF ERRATA filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. correcting Reply (Motion related), Reply (Motion related) 74 (Gelbart, Joshua) (Entered: 07/06/2011) |
| 07/07/2011 | 76 | ORDER by Magistrate Judge Carla Woehrle, Pursuant to stipulation of the parties, and good cause appearing, it is HEREBY ORDERED THAT the Courts May 31, 2011 order (Docket No. 68) is modified as follows: 1. Plaintiffs shall present their damages expert, Karen Smith, for deposition at the offices of defense counsel on July 14, 2011, at 9:30 a.m. 2. The date for service of Defendants rebuttal expert reports addressing Plaintiffs treating doctors and Ms. Smith is extended to August 4, 2011. re Stipulation to Amend/Correct, 72 (lmh) (Entered: 07/07/2011) |
| 07/15/2011 | 77 | MINUTES OF IN CHAMBERS - ORDER AND NOTICE TO ALL PARTIES by Judge Dolly M. Gee: The Court finds that defendants' motion for order certifying 5/23/2011 order for interlocutory appeal filed on 6/13/2011 70 and currently set for hearing on 7/18/2011, is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. Court Reporter: Not Reported. (gk) (Entered: 07/15/2011) |
| 08/08/2011 | 78 | STATUS REPORT *re: Settlement* filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., Dr. Pepper Snapple Group. (Gelbart, Joshua) (Entered: 08/08/2011) |
| 08/11/2011 | 79 | MINUTES (IN CHAMBERS) ORDER by Judge Dolly M. Gee, Defendants have failed to establish that the three requirements under 28 U.S.C. § 1292(b) have been met. Defendants Motion is therefore DENIED. 70 Motion to Certify (SEE ORDER FOR FURTHER DETAILS) (lmh) (Entered: 08/15/2011) |
| 09/26/2011 | 80 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES BARRED BY THE WORKERS' COMPENSATION ACT filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 81 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 82 | NOTICE OF MOTION AND MOTION IN LIMINE (#4) to Exclude SEVERAL OF PLAINTIFFS' CLAIMED NON-RETAINED MEDICAL EXPERTS AS WITNESSES AT TRIAL OR TO LIMIT THEIR TESTIMONY filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Exhibit B part 1, # 3 Exhibit B part 2, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H part 1, # 10 Exhibit H part 2, # 11 Exhibit H part 3, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K, # 15 Exhibit L, # 16 Proposed Order) (Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 83 | NOTICE OF MOTION AND MOTION IN LIMINE (#5) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION AGAINST THIRD-PARTIES filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 84 | NOTICE OF MOTION AND MOTION IN LIMINE (#6) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION OUTSIDE THE LIMITATIONS PERIOD filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 85 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Exclude EVIDENCE OF HEARSAY STATEMENTS PURPORTING TO EVIDENCE DISCRIMINATORY INTENT filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 86 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude PLAINTIFFS FROM OFFERING TESTIMONY FROM ITS WITNESSES WHO WERE INSTRUCTED NOT TO ANSWER ON SUCH SUBJECTS AT DEPOSITION filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A part 1, # 2 Exhibit A part 2, # 3 Exhibit A part 3, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 87 | NOTICE OF MOTION AND MOTION IN LIMINE (#9) to Limit THE TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT WITNESS ON DAMAGES KAREN SMITH filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Exhibit B part 1, # 3 Exhibit B part 2, # 4 Exhibit B part 3, # 5 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 88 | Witness List filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group.. (Hawxhurst, Gerald) (Entered: 09/26/2011) |
| 09/26/2011 | 89 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES PREVIOUSLY SUBMITTED TO WORKERS' COMPENSATION filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 90 | Proposed Voir Dire Questions filed by defendants American Bottling Company, Dr. Pepper Snapple Group.. (Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 91 | PROPOSED JURY INSTRUCTIONS filed by defendants American Bottling Company, Dr. Pepper Snapple Group.. (Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 92 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 93 | NOTICE OF MOTION AND MOTION IN LIMINE (#10) to Exclude PLAINTIFFS' PROPOSED EXPERT WITNESS JEFFREY NELKEN ON THE SUBJECT OF FOOD AND HEALTH LAW filed by defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Crone, Daryl) (Entered: 09/26/2011) |
| 09/26/2011 | 94 | proposed Exhibit List filed by Plaintiff Robert M Ward.. (Marcus, Wendy) ** DOCUMENT STRICKEN PURSUANT TO CIVIL MINUTES OF 10/3/2011. 111 ** Modified on 10/4/2011 (gk). (Entered: 09/26/2011) |

| 09/26/2011 | 95 | PROPOSED JURY INSTRUCTIONS filed by Plaintiff Robert M Ward.. (Marcus, Wendy) ** DOCUMENT STRICKEN PURSUANT TO CIVIL MINUTES OF 10/3/2011 111 ** Modified on 10/4/2011 (gk). (Entered: 09/26/2011) |
| 09/26/2011 | 96 | PROPOSED JURY INSTRUCTIONS filed by Plaintiff Robert M Ward.. (Marcus, Wendy) ** DOCUMENT STRICKEN PURSUANT TO CIVIL MINUTES OF 10/3/2011 111 ** Modified on 10/4/2011 (gk). (Entered: 09/26/2011) |
| 09/26/2011 | 97 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 09/26/2011) |
| 09/26/2011 | 98 | Proposed Voir Dire Questions filed by p Robert M Ward.. (Marcus, Wendy) (Entered: 09/26/2011) |
| 09/26/2011 | 99 | Witness List filed by Plaintiff Robert M Ward.. (Marcus, Wendy) (Entered: 09/26/2011) |
| 09/26/2011 | 100 | STATEMENT Case to be Read to Jury filed by Plaintiff Robert M Ward (Marcus, Wendy) ** DOCUMENT STRICKEN PURSUANT TO CIVIL MINUTES OF 10/3/2011 111 ** Modified on 10/4/2011 (gk). (Entered: 09/26/2011) |
| 09/26/2011 | 101 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiff Robert M Ward. (Attachments: # 1 Proposed Order Pretrial Conference Order)(Marcus, Wendy) ** DOCUMENT STRICKEN PURSUANT TO CIVIL MINUTES OF 10/3/2011 111 ** Modified on 10/4/2011 (gk). (Entered: 09/26/2011) |
| 09/27/2011 | 102 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MOTION IN LIMINE (#8) to Exclude PLAINTIFFS FROM OFFERING TESTIMONY FROM ITS WITNESSES WHO WERE INSTRUCTED NOT TO ANSWER ON SUCH SUBJECTS AT DEPOSITION 86 . The following error was found: The separately attached proposed order lacks at least two lines of text on the page that has the line provided for the signature of the judge, Local Rule 58-10. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (ir) (Entered: 09/27/2011) |
| 09/27/2011 | 103 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Plaintiff's Proposed Jury Instructions 96 . The following error was found: Title page is missing. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (ir) (Entered: 09/27/2011) |
| 09/27/2011 | 104 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Memorandum of Contentions of Fact and Law 97 . The following error was found: Title page is missing. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (ir) (Entered: 09/27/2011) |
| 09/27/2011 | 105 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Lodging Proposed Pretrial Order 101 . The following error was found: The separately attached proposed pretrial conference order is signed by plaintiff's counsel, only, and lacks at least two lines of text on the page that has the line provided for the signature of the judge, Local Rule 58-10. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (ir) (Entered: 09/27/2011) |
| 09/27/2011 | 106 | EX PARTE APPLICATION to Strike Docket Nos. 94, 95, 96, 100 and 101 re Statement 100 , Notice of Lodging Proposed Pretrial Order 101 , Jury Instructions (Proposed) 96 , Exhibit List 94 , Jury Instructions (Proposed) 95 filed by defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(Crone, Daryl) (Entered: 09/27/2011) |
| 09/27/2011 | 107 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude Plaintiffs Disclosures or Supplemental Disclosures of Damages FRCP 26(a)(1)(A)(iii) filed by Plaintiff Robert M Ward. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit SuppmentalDisclosure of Damages FRCP26(a)(1)(A)(iii), # 2 Proposed Order Granting Plaintiffs Motion in Limine #2)(Marcus, Wendy) (Entered: 09/27/2011) |
| 09/27/2011 | 108 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude Evidence of Argument of the Existence or Amounts of Settlements of Plaintiffs Workers Compensation Cases filed by Plaintiff Robert M Ward. Motion set for hearing on 10/18/2011 at 03:30 PM before Judge Dolly M. Gee. (Attachments: # 1 Proposed Order Granting Plaintiffs Motion in Limine #1 for the Exclusion of Evidence re Settlements of Plaintiffs Workers Compensation Cases)(Marcus, Wendy) (Entered: 09/27/2011) |
| 09/29/2011 | 109 | MEMORANDUM in Opposition to EX PARTE APPLICATION to Strike Docket Nos. 94, 95, 96, 100 and 101 re Statement 100 , Notice of Lodging Proposed Pretrial Order 101 , Jury Instructions (Proposed) 96 , Exhibit List 94 , Jury Instructions (Proposed) 95 EX PARTE APPLICATION to Strike Docket Nos. 94, 95, 96, 100 and 101 re Statement 100 , Notice of Lodging Proposed Pretrial Order 101 , Jury Instructions (Proposed) 96 , Exhibit List 94 , Jury Instructions (Proposed) 95 106 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration, # 4 Supplement Proof of Service)(Marcus, Wendy) (Entered: 09/29/2011) |
| 10/03/2011 | 110 | Amendment to MOTION IN LIMINE (#9) to Limit THE TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT WITNESS ON DAMAGES KAREN SMITH MOTION IN LIMINE (#9) to Limit THE TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT WITNESS ON DAMAGES KAREN SMITH 87 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Crone, Daryl) (Entered: 10/03/2011) |
| 10/03/2011 | 111 | MINUTES OF IN CHAMBERS - ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO STRIKE by Judge Dolly M. Gee: The matter is before the Court on Defendants' Ex parte Application to Strike Plaintiffs' Improper Unilateral Pretrial Filings 106 . Defendants ask the court to strike the following documents filed by Plaintiffs on 9/26/2011: Plaintiffs' Exhibit List 94 ; Plaintiffs' Proposed Jury Instructions 95 ; Plaintiffs' Proposed Verdict Forms 96 ; Plaintiffs' Proposed Statement of the Case 100 ; and Plaintiffs' Proposed Pretrial Conference Order 101 . Defendants' Ex Parte Application to Strike is GRANTED. The Court hereby orders the parties to meet and confer by no later than 10/7/2011 and to cooperate in the preparation of pretrial conference documents. All pretrial documents shall be filed with the Court by no later than 10/14/2011. The parties are admonished that the failure to comply with all Local and Federal Rules and this Court's order pertaining to the preparation of pretrial conference documents may result in the postponement of the final pretrial conference and the imposition of monetary or other sanctions. Court Reporter: Not Reported. (gk) (Entered: 10/04/2011) |
| 10/04/2011 | 112 | Plaintiffs Memo. of Points and Authorities and Decl. of Wendy K. Marcus in Opposition Opposition re: MOTION IN LIMINE (#4) to Exclude SEVERAL OF PLAINTIFFS' CLAIMED NON-RETAINED MEDICAL EXPERTS AS WITNESSES AT TRIAL OR TO LIMIT THEIR TESTIMONY MOTION IN LIMINE (#4) to Exclude SEVERAL OF PLAINTIFFS' CLAIMED NON-RETAINED MEDICAL EXPERTS AS WITNESSES AT TRIAL OR TO LIMIT THEIR TESTIMONY MOTION IN LIMINE (#4) to Exclude SEVERAL OF PLAINTIFFS' CLAIMED NON-RETAINED MEDICAL EXPERTS AS WITNESSES AT TRIAL OR TO LIMIT THEIR TESTIMONY 82 filed by Plaintiff Robert M Ward. (Attachments: # 1 Declaration of Wendy K. Marcus, # 2 Exhibit 1 to Marcus Decl., # 3 Exhibit 2 to Marcus Decl., # 4 Exhibit 3 to Marcus Decl., # 5 Exhibit 4 to Marcus Decl., # 6 Exhibit 5 to Marcus Decl.)(Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | 113 | Plaintiffs Memo. of Points and Authorities and Decl. of Wendy K. Marcus and Exhibits 1 and 2 Opposition re: MOTION IN LIMINE (#9) to Limit THE TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT WITNESS ON DAMAGES KAREN SMITH MOTION IN LIMINE (#9) to Limit THE TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT WITNESS ON DAMAGES KAREN SMITH 87 filed by Plaintiff Robert M Ward. (Attachments: # 1 Declaration of Wendy K. Marcus, # 2 Exhibit 1 to Marcus Decl., # 3 Exhibit 2 to Marcus Decl.)(Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | 114 | Plaintiffs Memo. of Points and Authorities in Opposition Opposition re: MOTION IN LIMINE (#5) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION AGAINST THIRD-PARTIES MOTION IN LIMINE (#5) to Exclude EVIDENCE OF ALLEGED |

| | | |
|---|---|---|
| | | DISCRIMINATION AGAINST THIRD-PARTIES <u>83</u> filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | <u>115</u> | Plaintiffs Memo of Points and Authorities Opposition re: MOTION IN LIMINE (#6) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION OUTSIDE THE LIMITATIONS PERIOD MOTION IN LIMINE (#6) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION OUTSIDE THE LIMITATIONS PERIOD <u>84</u> filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | <u>116</u> | Plaintiffs Memo of Points and Authorities Opposition re: MOTION IN LIMINE (#1) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES BARRED BY THE WORKERS' COMPENSATION ACT MOTION IN LIMINE (#1) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES BARRED BY THE WORKERS' COMPENSATION ACT <u>80</u> filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | <u>117</u> | Plaintiffs Memo of Points and Authorities Opposition re: MOTION IN LIMINE (#10) to Exclude PLAINTIFFS' PROPOSED EXPERT WITNESS JEFFREY NELKEN ON THE SUBJECT OF FOOD AND HEALTH LAW MOTION IN LIMINE (#10) to Exclude PLAINTIFFS' PROPOSED EXPERT WITNESS JEFFREY NELKEN ON THE SUBJECT OF FOOD AND HEALTH LAW <u>93</u> filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | <u>118</u> | Plaintiffs Memo of Points and Authorities and Declaration of Wendy K. Marcus and Exhibit A Opposition re: MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS <u>81</u> filed by Plaintiff Robert M Ward. (Attachments: # <u>1</u> Declaration of Wendy K. Marcus, # <u>2</u> Exhibit A to Marcus Decl.)(Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | <u>119</u> | Plaintiffs Memo of Points and Authorities Opposition re: MOTION IN LIMINE (#7) to Exclude EVIDENCE OF HEARSAY STATEMENTS PURPORTING TO EVIDENCE DISCRIMINATORY INTENT MOTION IN LIMINE (#7) to Exclude EVIDENCE OF HEARSAY STATEMENTS PURPORTING TO EVIDENCE DISCRIMINATORY INTENT <u>85</u> filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 10/04/2011) |
| 10/04/2011 | <u>120</u> | MEMORANDUM in Opposition to MOTION IN LIMINE (#1) to Exclude Evidence of Argument of the Existence or Amounts of Settlements of Plaintiffs Workers Compensation Cases MOTION IN LIMINE (#1) to Exclude Evidence of Argument of the Existence or Amounts of Settlements of Plaintiffs Workers Compensation Cases <u>108</u> filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. (Gelbart, Joshua) (Entered: 10/04/2011) |
| 10/04/2011 | <u>121</u> | MEMORANDUM in Opposition to MOTION IN LIMINE (#2) to Exclude Plaintiffs Disclosures or Supplemental Disclosures of Damages FRCP 26(a)(1)(A)(iii) MOTION IN LIMINE (#2) to Exclude Plaintiffs Disclosures or Supplemental Disclosures of Damages FRCP 26(a)(1)(A)(iii) <u>107</u> filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. (Gelbart, Joshua) (Entered: 10/04/2011) |
| 10/04/2011 | <u>122</u> | Plaintiffs Memo of Points and Authorities Opposition re: MOTION IN LIMINE (#2) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES PREVIOUSLY SUBMITTED TO WORKERS' COMPENSATION MOTION IN LIMINE (#2) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES PREVIOUSLY SUBMITTED TO WORKERS' COMPENSATION <u>89</u> filed by Plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 10/04/2011) |
| 10/05/2011 | <u>123</u> | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine No. 4 to Exclude Several of Plaintiffs' Non-Retained Medical Experts as Witnesses or limit Their Testimony filed 10/4/2011 <u>112</u> . The following error(s) was found: Local Rule 11-8 Memorandum brief exceeding 10 pages shall contain table of contents. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 10/05/2011) |
| 10/11/2011 | <u>124</u> | REPLY in support of MOTION IN LIMINE (#1) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES BARRED BY THE WORKERS' COMPENSATION ACT MOTION IN LIMINE (#1) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES BARRED BY THE WORKERS' COMPENSATION ACT <u>80</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>125</u> | REPLY in support of MOTION IN LIMINE (#2) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES PREVIOUSLY SUBMITTED TO WORKERS' COMPENSATION MOTION IN LIMINE (#2) to Exclude EVIDENCE OF PLAINTIFFS' ALLEGED DAMAGES PREVIOUSLY SUBMITTED TO WORKERS' COMPENSATION <u>89</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>126</u> | REPLY in support of MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS <u>81</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>127</u> | REPLY in support of MOTION IN LIMINE (#5) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION AGAINST THIRD-PARTIES MOTION IN LIMINE (#5) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION AGAINST THIRD-PARTIES <u>83</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>128</u> | REPLY in support of MOTION IN LIMINE (#6) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION OUTSIDE THE LIMITATIONS PERIOD MOTION IN LIMINE (#6) to Exclude EVIDENCE OF ALLEGED DISCRIMINATION OUTSIDE THE LIMITATIONS PERIOD <u>84</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # <u>1</u> Exhibit B) (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>129</u> | REPLY in support of MOTION IN LIMINE (#7) to Exclude EVIDENCE OF HEARSAY STATEMENTS PURPORTING TO EVIDENCE DISCRIMINATORY INTENT MOTION IN LIMINE (#7) to Exclude EVIDENCE OF HEARSAY STATEMENTS PURPORTING TO EVIDENCE DISCRIMINATORY INTENT <u>85</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>130</u> | REPLY in support of MOTION IN LIMINE (#8) to Exclude PLAINTIFFS FROM OFFERING TESTIMONY FROM ITS WITNESSES WHO WERE INSTRUCTED NOT TO ANSWER ON SUCH SUBJECTS AT DEPOSITION MOTION IN LIMINE (#8) to Exclude PLAINTIFFS FROM OFFERING TESTIMONY FROM ITS WITNESSES WHO WERE INSTRUCTED NOT TO ANSWER ON SUCH SUBJECTS AT DEPOSITION MOTION IN LIMINE (#8) to Exclude PLAINTIFFS FROM OFFERING TESTIMONY FROM ITS WITNESSES WHO WERE INSTRUCTED NOT TO ANSWER ON SUCH SUBJECTS AT DEPOSITION <u>86</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>131</u> | REPLY in support of MOTION IN LIMINE (#9) to Limit THE TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT WITNESS ON DAMAGES KAREN SMITH MOTION IN LIMINE (#9) to Limit THE TESTIMONY OF PLAINTIFFS' PROPOSED EXPERT WITNESS ON DAMAGES KAREN SMITH <u>87</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>132</u> | REPLY in support of MOTION IN LIMINE (#10) to Exclude PLAINTIFFS' PROPOSED EXPERT WITNESS JEFFREY NELKEN ON THE SUBJECT OF FOOD AND HEALTH LAW MOTION IN LIMINE (#10) to Exclude PLAINTIFFS' PROPOSED EXPERT WITNESS JEFFREY NELKEN ON THE SUBJECT OF FOOD AND HEALTH LAW <u>93</u> filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/11/2011) |
| 10/11/2011 | <u>133</u> | REPLY in support of MOTION IN LIMINE (#4) to Exclude SEVERAL OF PLAINTIFFS' CLAIMED NON-RETAINED MEDICAL EXPERTS AS WITNESSES AT TRIAL OR TO LIMIT THEIR TESTIMONY MOTION IN LIMINE (#4) to Exclude SEVERAL OF |

| | | |
|---|---|---|
| | | PLAINTIFFS' CLAIMED NON-RETAINED MEDICAL EXPERTS AS WITNESSES AT TRIAL OR TO LIMIT THEIR TESTIMONY MOTION IN LIMINE (#4) to Exclude SEVERAL OF PLAINTIFFS' CLAIMED NON-RETAINED MEDICAL EXPERTS AS WITNESSES AT TRIAL OR TO LIMIT THEIR TESTIMONY 87 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Crone, Daryl) (Entered: 10/11/2011) |
| 10/14/2011 | 134 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group.. (Gelbart, Joshua) (Entered: 10/14/2011) |
| 10/14/2011 | 135 | PROPOSED Special JURY VERDICT filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. (Gelbart, Joshua) (Entered: 10/14/2011) |
| 10/14/2011 | 136 | PROPOSED JURY INSTRUCTIONS filed by Plaintiff Robert M Ward.. (Marcus, Wendy) (Entered: 10/14/2011) |
| 10/14/2011 | 137 | STATEMENT of Case to be Read to Prospective Jurors filed by Plaintiff Robert M Ward (Marcus, Wendy) (Entered: 10/14/2011) |
| 10/14/2011 | 138 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiff Robert M Ward. (Attachments: # 1 Proposed Order Pretrial Conference Order)(Marcus, Wendy) (Entered: 10/14/2011) |
| 10/14/2011 | 139 | *Joint Trial Witness Time Estimation Form* (Marcus, Wendy) (Entered: 10/14/2011) |
| 10/14/2011 | 140 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by Plaintiff Robert M Ward.. (Marcus, Wendy) (Entered: 10/14/2011) |
| 10/16/2011 | 141 | PROPOSED Plaintiffs Proposed Special JURY VERDICT filed by plaintiff Robert M Ward. (Marcus, Wendy) (Entered: 10/16/2011) |
| 10/17/2011 | 142 | NOTICE of Change of Attorney Information for attorney Timothy B Sottile counsel for Plaintiff Robert M Ward. Changing firm name to Sottile Baltaxe. Changing e-mail to jansfv@hotmail.com. Filed by Plaintiff Robert Ward (Sottile, Timothy) (Entered: 10/17/2011) |
| 10/18/2011 | 143 | Joint PRETRIAL STIPULATION regarding Exhibits. (Sottile, Timothy) (Entered: 10/18/2011) |
| 10/18/2011 | 144 | MINUTES OF Motion Hearing held before Judge Dolly M. Gee Re: Defendants' Motions in Limine 1 - 10 80 , 89 , 81 , 82 , 83 , 84 , 85 , 86 , 87 , 93 ; Plaintiffs' Motions in Limine 1 108 and 2 107 . The Court invites counsel to respond to the tentative ruling. Following oral argument, the Court permits counsel to submit supplemental briefing as to defendants' motion in limine no. 3. Defendants are instructed to file their brief no later than 10/21/2011. Plaintiffs' reply brief shall be due on 10/25/2011. Further, with regard to defendants' motion in limine no. 5, the Court requests that plaintiffs submit a supplemental offer of proof as to other "me too" witnesses by no later than 10/21/2011. Defendants' reply shall be due on 10/25/2011. The parties' briefs shall not exceed 3 pages in length. The Court advises counsel that the motions in limine are taken under submission and a written order will issue after the deadline for supplemental briefs. Court Reporter: Anne Kielwasser. (gk) (Entered: 10/20/2011) |
| 10/18/2011 | 145 | MINUTES OF Final Pretrial Conference held before Judge Dolly M. Gee: The Court and counsel confer regarding the logistics of trial. The Court instructs counsel to meet and confer re the time to be allotted for opening statements and plaintiffs' case in chief. The parties also are to meet and confer re disputed jury instructions after the Court issues its decision on the parties' motions in limine, and file an updated version of disputed instructions, if any, by no later than 11/8/2011. The Court estimates 10 days of trial. The court reporter is excused from the pretrial conference hearing. Informal discussion is held. Court Reporter: Anne Kielwasser. (gk) (Entered: 10/20/2011) |
| 10/21/2011 | 146 | WITNESS TESTIMONY SUMMARIES filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 10/21/2011) |
| 10/21/2011 | 147 | WITNESS TESTIMONY SUMMARIES filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 10/21/2011) |
| 10/21/2011 | 148 | WITNESS TESTIMONY SUMMARIES filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 10/21/2011) |
| 10/21/2011 | 149 | WITNESS TESTIMONY SUMMARIES filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 10/21/2011) |
| 10/21/2011 | 150 | WITNESS TESTIMONY SUMMARIES filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 10/21/2011) |
| 10/21/2011 | 151 | SUPPLEMENT to MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS 81 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 10/21/2011) |
| 10/25/2011 | 152 | Opposition Opposition re: MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS MOTION IN LIMINE (#3) to Exclude SHAM DEPOSITION CORRECTIONS 81 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration)(Marcus, Wendy) (Entered: 10/25/2011) |
| 10/25/2011 | 153 | OPPOSITION *to Plaintiffs' Five Offers of Proof re: Testimony of "Me Too" Witnesses* filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gelbart, Joshua) (Entered: 10/25/2011) |
| 10/26/2011 | 154 | WITNESS TESTIMONY SUMMARIES filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration)(Marcus, Wendy) (Entered: 10/26/2011) |
| 10/26/2011 | 155 | EX PARTE APPLICATION to Enforce Plaintiffs' Representations at the Pretrial Conference Concerning the Proper Defendant filed by Defendant 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Proposed Order)(Gelbart, Joshua) (Entered: 10/26/2011) |
| 10/26/2011 | 156 | REPLY filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group to Witness Testimony Summaries 154 (Gelbart, Joshua) (Entered: 10/26/2011) |
| 10/27/2011 | 157 | Opposition Opposition re: EX PARTE APPLICATION to Enforce Plaintiffs' Representations at the Pretrial Conference Concerning the Proper Defendant 155 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration)(Marcus, Wendy) (Entered: 10/27/2011) |
| 10/28/2011 | 158 | REPLY in support EX PARTE APPLICATION to Enforce Plaintiffs' Representations at the Pretrial Conference Concerning the Proper Defendant 155 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Hawxhurst, Gerald) (Entered: 10/28/2011) |
| 11/02/2011 | 159 | FINAL PRETRIAL CONFERENCE ORDER approved by Judge Dolly M. Gee. (gk) (Entered: 11/03/2011) |
| 11/02/2011 | 160 | MINUTES (IN CHAMBERS): ORDER RE EX PARTE APPLICATION FOR ORDER ENFORCING PLAINTIFFS' REPRESENTATIONS AT THE PRETRIAL CONFERENCE CONCERNING THE PROPER PARTY DEFENDANT [Doc.#155]; MOTIONS IN LIMINE [Doc.##80-87,89,93,107-08,110] by Judge Dolly M. Gee: denying 80 Motion in Limine to Exclude; granting 81 Motion in Limine to Exclude; granting in part and denying in part 82 Motion in Limine to Exclude; denying 83 Motion in Limine to Exclude; denying 84 Motion in Limine to Exclude; granting 85 Motion in Limine to Exclude; granting 86 Motion in Limine to Exclude; denying 87 Motion in Limine to Limit; denying 89 Motion in Limine to Exclude; granting 93 Motion in Limine to Exclude; denying 107 |

| | | Motion in Limine to Exclude; granting 108 Motion in Limine to Exclude; denying 155 Ex Parte Application to Enforce (bp) (Entered: 11/03/2011) |
|---|---|---|
| 11/08/2011 | 161 | TRIAL BRIEF filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward.. (Attachments: # 1 Declaration)(Marcus, Wendy) (Entered: 11/08/2011) |
| 11/08/2011 | 162 | TRIAL BRIEF filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group.. (Gelbart, Joshua) (Entered: 11/08/2011) |
| 11/08/2011 | 163 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group.. (Gelbart, Joshua) (Entered: 11/08/2011) |
| 11/08/2011 | 164 | PROPOSED JURY INSTRUCTIONS filed by Plaintiff Robert M Ward.. (Marcus, Wendy) (Entered: 11/08/2011) |
| 11/08/2011 | 165 | PROPOSED JURY INSTRUCTIONS filed by Plaintiff Robert M Ward.. (Marcus, Wendy) (Entered: 11/08/2011) |
| 11/10/2011 | 168 | MINUTES OF Telephonic Status Conference held before Judge Dolly M. Gee: The Court and counsel confer regarding the jury instructions as stated on the record. Court Reporter: Anne Kielwasser. (gk) (Entered: 11/16/2011) |
| 11/14/2011 | 166 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by Plaintiff Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward.. (Marcus, Wendy) (Entered: 11/14/2011) |
| 11/15/2011 | 167 | NOTICE OF MOTION AND MOTION to Quash Subpoena filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gelbart, Joshua) (Entered: 11/15/2011) |
| 11/15/2011 | 169 | MINUTES OF Jury Trial - 1st Day held before Judge Dolly M. Gee: Jury impaneled and sworn. Opening statements made. Hearings are held outside the presence of the jury. Counsel are instructed to meet and confer regarding the dispute over plaintiffs' trial subpoenas. Jury Trial continued to 11/17/2011 09:30 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser, Rosalyn Adams. (gk) (Entered: 11/18/2011) |
| 11/17/2011 | 170 | MINUTES OF Jury Trial - 2nd Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Hearings are held outside the presence of the jury. The Court quashes plaintiffs' trial subpoenas. Jury Trial continued to 11/18/2011 09:30 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser, Rosalyn Adams. (gk) (Entered: 11/18/2011) |
| 11/18/2011 | 171 | MINUTES of Jury Trial - 3rd Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 11/21/2011 at 10:00 AM before Judge Dolly M. Gee.Court Reporter: Anne Kielwasser; Rosalyn Adams. (kpa) (Entered: 11/21/2011) |
| 11/21/2011 | 172 | MINUTES of Jury Trial - 4th Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 11/22/2011 at 9:00 AM before Judge Dolly M. Gee.Court Reporter: Anne Kielwasser/Rosalyn Adams. (kpa) (Entered: 11/22/2011) |
| 11/22/2011 | 173 | MINUTES OF Jury Trial - 5th Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Hearings held outside the presence of the jury. Jury Trial continued to 11/23/2011 08:45 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser, Rosalyn Adams. (gk) (Entered: 11/28/2011) |
| 11/23/2011 | 176 | MINUTES OF Jury Trial - 6th Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Hearings held outside the presence of the jury. Jury Trial continued to 11/28/2011 10:00 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser. (gk) (Entered: 11/28/2011) |
| 11/28/2011 | 174 | REQUEST FOR JUDICIAL NOTICE No. 1 filed by Plaintiff Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration of Jeremy D. Scherwin, # 2 Exhibit A)(Marcus, Wendy) (Entered: 11/28/2011) |
| 11/28/2011 | 175 | REQUEST FOR JUDICIAL NOTICE No. 2 filed by Plaintiff Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration of Jeremy D. Scherwin, # 2 Exhibit A, # 3 Exhibit B)(Marcus, Wendy) (Entered: 11/28/2011) |
| 11/28/2011 | 179 | MINUTES of Jury Trial - 7th Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 11/29/2011 at 9:00 AM before Judge Dolly M. Gee.Court Reporter: Anne Kielwasser / Rosalyn Adams. (kpa) (Entered: 11/29/2011) |
| 11/29/2011 | 177 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50 filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group. (Gelbart, Joshua) (Entered: 11/29/2011) |
| 11/29/2011 | 178 | PROPOSED JURY INSTRUCTIONS (Unannotated set) filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group.. (Gelbart, Joshua) (Entered: 11/29/2011) |
| 11/29/2011 | 183 | MINUTES of Jury Trial - 8th Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Hearings held outside the presence of the jury. Jury Trial continued to 12/1/2011 08:30 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser, Rosalyn Adams. (gk) (Entered: 12/07/2011) |
| 11/30/2011 | 180 | NOTICE OF LODGING filed re Jury Trial - Held and Continued, 179 (Attachments: # 1 Exhibit A, # 2 Notice of Manual Filing, # 3 Proof of Service)(Crone, Daryl) (Entered: 11/30/2011) |
| 12/01/2011 | 181 | PROPOSED SPECIAL JURY VERDICT filed by Plaintiff Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 12/01/2011) |
| 12/01/2011 | 184 | MINUTES OF Jury Trial - 9th Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Hearings held outside the presence of the jury. The Court and counsel confer as to Defendants' Motion for Entry of Judgment as a Matter of Law 177 . Following oral argument, the Court defers ruling on defendants' motion until 12/2/2011. Jury Trial continued to 12/2/2011 09:00 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser; Laura Elias. (gk) (Entered: 12/07/2011) |
| 12/01/2011 | 185 | AMENDED MINUTES of Jury Trial - 9th Day 184 held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits identified and admitted. Hearing held outside the presence of the jury. The Court and counsel confer as to Defendants' motion for entry of judgment as matter of law ("Rule 50(a) motion") 177 . Plaintiff Jones withdraws his retaliation claim, Plaintiff Talton withdraws his failure to engage in interactive process claim, and Plaintiff Valadez withdraws both of his disability discrimination claims (failure to engage in interactive process and failure to accommodate). Plaintiffs disclaim any intent to pursue damages for future income or for past and future medical expenses. Defendants withdraw affirmative defenses based on after-acquired evidence and statute of limitations. Following oral argument, the Court defers ruling on Defendants' Rule 50(a) motion until 12/2/2011 at 9:00 AM. Jury Trial continued to 12/2/2011 09:00 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser; Laura Elias. (gk) (Entered: 12/08/2011) |
| 12/02/2011 | 182 | Identification of Workers' Compensation Settlement and Releases filed by Defendants 7-UP/RC Bottling Company of Southern California, American Bottling Company, Cadbury Schweppes Bottling Group, Cadbury Schweppes Holdings Inc., DOES, Dr. Pepper Snapple Group (Gelbart, Joshua) (Entered: 12/02/2011) |
| 12/02/2011 | 186 | MINUTES OF Jury Trial - 10th Day held before Judge Dolly M. Gee: Witnesses called, sworn and testified. Exhibits admitted. |

| | | |
|---|---|---|
| | | Defendant(s) rest. Closing arguments made by plaintiff(s). Court instructs jury. Hearing held outside the presence of the jury. Defendants' motion for entry of judgment as a matter of law ("Rule 50(a) motion") [177](#) is granted with respect to Plaintiff Talton's claim that Defendants are ~~liable 2021-24-02294-McE-FO-FD-and-D~~ument labu ~~FilDT-1/12/024-21D ~~Pendant~ ~~84 at 1 liable~~ for damages for his severe clinical depression. Plaintiffs failed to present sufficient evidence to establish a causal nexus. Defendants Rule 50(a) motion is otherwise denied. Plaintiffs proceed with their rebuttal. Jury Trial is continued to 12/5/2011 10:00 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser; Rosalyn Adams. (gk) (Entered: 12/09/2011) |
| 12/05/2011 | [187](#) | MINUTES of Jury Trial - 11th Day held before Judge Dolly M. Gee: Defendant(s) rest. Closing arguments made by plaintiff(s) and defendant(s). Court instructs jury. Bailiff(s) sworn. Jury retires to deliberate. Filed jury notes. Filed jury instructions. Clerk reviewed admitted exhibits with counsel to be submitted to the Jury/Court for deliberation/findings. Hearing held outside the presence of the jury. Jury Trial continued to 12/6/2011 10:00 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser. (gk) (Entered: 12/09/2011) |
| 12/05/2011 | [188](#) | (Not for Public View pursuant to the E-Government Act 2002) Note from the Jury. (gk) (Main Document 188 replaced on 9/4/2014) (cv). Modified on 9/4/2014 (cv). (Entered: 12/09/2011) |
| 12/06/2011 | [189](#) | MINUTES of Jury Trial - 12th Day held before Judge Dolly M. Gee: Jury resumes deliberations. Jury polled. Filed jury notes. Filed jury instructions. Hearings held outside the presence of the jury. Jury Verdict is read and filed. (see attached Revised Verdict Form). The Court grants plaintiffs' request for Judicial Notice No. 1, Phase Two of trial proceeds as to punitive damages. Opening statements made by plaintiffs. Jury Trial continued to 12/7/2011 09:30 AM before Judge Dolly M. Gee. Court Reporter: Anne Kielwasser. (gk) (Entered: 12/12/2011) |
| 12/06/2011 | [190](#) | JURY INSTRUCTIONS (Given) by Judge Dolly M. Gee. (gk) (Entered: 12/12/2011) |
| 12/06/2011 | [191](#) | REDACTED REVISED VERDICT FORM. (gk) (Entered: 12/12/2011) |
| 12/06/2011 | [192](#) | (Not for Public View pursuant to the E-Government Act 2002) Note from the Jury. (Main Document 192 replaced on 9/4/2014) (cv). Modified on 9/4/2014 (cv). (Entered: 12/12/2011) |
| 12/07/2011 | [193](#) | MINUTES of Jury Trial - 13th Day - Phase Two held and completed before Judge Dolly M. Gee: Closing arguments made by defendant(s). Court instructs jury. Jury retires to deliberate. Jury Verdict in favor of plaintiff(s). Jury polled. Filed Witness & Exhibit Lists. Filed jury notes. Filed jury instructions. Clerk reviewed admitted exhibits with counsel to be submitted to the Jury/Court for deliberation/findings. Counsel stipulate to the return of exhibits upon the conclusion of trial. Exhibit Release Form prepared and filed. Hearings held outside the presence of the jury. Court Reporter: Anne Kielwasser. (gk) (Entered: 12/12/2011) |
| 12/07/2011 | [194](#) | JURY INSTRUCTIONS (SECOND PHASE) (Given) by Judge Dolly M. Gee. (gk) (Entered: 12/12/2011) |
| 12/07/2011 | [195](#) | (Not for Public View pursuant to the E-Government Act 2002) Note from the Jury. (Main Document 195 replaced on 9/4/2014) (cv). Modified on 9/4/2014 (cv). (Entered: 12/12/2011) |
| 12/07/2011 | [196](#) | (Not for Public View pursuant to the E-Government Act 2002) Note from the Jury. (Main Document 196 replaced on 9/4/2014) (cv). Modified on 9/4/2014 (cv). (Entered: 12/12/2011) |
| 12/07/2011 | [197](#) | REDACTED VERDICT FORM (SECOND PHASE). (gk) (Entered: 12/12/2011) |
| 12/07/2011 | [198](#) | LIST OF EXHIBITS AND WITNESSES at trial. (gk) (Entered: 12/12/2011) |
| 12/07/2011 | [199](#) | RECEIPT FOR RELEASE OF EXHIBITS to Counsel Upon Verdict/Judgment at Trial; Pursuant to stipulation of counsel and/or by Order of the Court, all exhibits listed on the joint exhibits list are returned to counsel for respective party(ies). (gk) (Entered: 12/12/2011) |
| 12/12/2011 | [200](#) | NOTICE OF LODGING filed *with Proposed Judgment* re Jury Verdict [191](#) , Jury Verdict [197](#) (Attachments: # [1](#) Proposed Judgment on Jury Verdict)(Marcus, Wendy) (Entered: 12/12/2011) |
| 12/12/2011 | [201](#) | Plaintiffs Submision re Proposed Judgment on Jury Verdict filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward *Proposed Judgment* re: Notice of Lodging [200](#) (Marcus, Wendy) (Entered: 12/12/2011) |
| 12/13/2011 | [202](#) | OBJECTIONS to Notice of Lodging [200](#) *AND REQUEST FOR BRIEFING SCHEDULE ON EQUITABLE SETOFF ISSUE* filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 12/13/2011) |
| 01/13/2012 | [203](#) | (IN CHAMBERS) - ORDER AND NOTICE TO PARTIES by Judge Dolly M. Gee: Court orders the parties to meet and confer within 10 days of the the date of this Order pursuant to Local Rule 7-3 regarding any proposed post-trial motions and to file such motions, if any, pursuant to Local Rule 6-1 and the Federal Rules of Civil Procedure. Court will not enter Judgment until after any post-trial motions have been resolved. (kpa) (Entered: 01/13/2012) |
| 01/13/2012 | [204](#) | NOTICE OF MOTION AND MOTION to CORRECT Jury Verdict [191](#) filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 2/10/2012 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Exhibit H, # [9](#) Exhibit I, # [10](#) Exhibit J, # [11](#) Exhibit K, # [12](#) Exhibit L, # [13](#) Proposed Order)(Gelbart, Joshua) (Entered: 01/13/2012) |
| 01/17/2012 | [205](#) | NOTICE of Association of Counsel associating attorney David D. Kadue on behalf of Defendants American Bottling Company, Dr. Pepper Snapple Group. Filed by Defendants American Bottling Company, Dr. Pepper Snapple Group (Kadue, David) (Entered: 01/17/2012) |
| 01/19/2012 | [206](#) | NOTICE of Association of Counsel associating attorney James M Harris on behalf of Defendants American Bottling Company, Dr. Pepper Snapple Group. Filed by Defendants American Bottling Company, Dr. Pepper Snapple Group (Harris, James) (Entered: 01/19/2012) |
| 01/20/2012 | [207](#) | MEMORANDUM in Opposition to MOTION to CORRECT Jury Verdict [191](#) MOTION to CORRECT Jury Verdict [191](#) [204](#) filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 01/20/2012) |
| 01/27/2012 | [208](#) | REPLY in support of MOTION to CORRECT Jury Verdict [191](#) MOTION to CORRECT Jury Verdict [191](#) [204](#) filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # [1](#) Exhibit A)(Gelbart, Joshua) (Entered: 01/27/2012) |
| 02/23/2012 | [209](#) | MINUTES OF IN CHAMBERS ORDER by Judge Dolly M. Gee RE: Defendant's Motion for Equitable Setoff [204](#) . Defendants The American Bottling Company and Dr Pepper Snapple Group, Inc. move for an order reducing the jury verdict by the sum of $484,693.39 as an "equitable setoff," comprised of the following amounts: $29,785.73 as to Robert Ward; $289,151.31 as to Alfonso January; $126,232.31 as to Jose Valadez; $38,762.82 as to Gary Suhay; and $761.22 as to Robert Jones. As equitable setoff is an affirmative defense, Defendants bear the burden of proof in establishing entitlement thereto. Therefore, recovery for those damages included in Plaintiffs' settlement of their workers' compensation claims shall be precluded to the extent they overlap with the jury award.Damages or expenses paid in the workers' compensation settlement that do not overlap with the jury award herein, however, are not entitled to be set off. Damages awarded due to an error in the verdict form also shall be precluded. IT IS ORDERED that Defendants are entitled to the following offsets and modifications to the jury's verdict: (1) As to Plaintiff Ward, Defendants are entitled to an offset in the sum of $8,000 from damages awarded for past and future physical impairment; (2) As to Plaintiff January, Defendants are entitled to an offset in the sum of $669.28 from damages awarded for past income, and the sums of $57,870.65 and $34,320.00 for past and future physical impairment; (3) As to Plaintiff Valadez, Defendants are entitled to an offset in the sum of $37,951.43 from damages awarded for past income, and the sum of $24,866.00 from damages awarded for past and future physical impairment; (4) As to Plaintiff Suhay, Defendants are entitled to an offset in the sums of $4,440.52 and $9,446.50 from damages awarded for past income, and the sum of $690.00 from damages awarded for past and future physical impairment; and (5) As to Plaintiff Talton, Defendants are entitled to a modification of the verdict eliminating the sum of $500,000 awarded for "past and future medical expenses." Court Reporter: Not Reported. (gk) (Entered: 02/24/2012) |

| 02/23/2012 | 210 | JUDGMENT by Judge Dolly M. Gee: IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs shall recover the following sums from Defendants: (1) Plaintiff Robert M. Ward shall have and recover the total sum of $3,275,000.00 as follows: (a) Against Defendants The American Bottling Company and Dr Pepper Snapple Group, Inc., jointly and severally, the sum of $1,475,000.00, and (b) Against Defendant Dr Pepper Snapple Group, Inc., the sum of $1,800,000.00. (2) Plaintiff Robert E. Jones shall have and recover the total sum of $2,258,000.00 as follows: (a) Against Defendants The American Bottling Company and Dr Pepper Snapple Group, Inc., jointly and severally, the sum of $1,044,000.00, and (b) Against Defendant Dr Pepper Snapple Group, Inc., the sum of $1,214,000.00. (3) Plaintiff Gary Suhay shall have and recover the total sum of $2,798,422.98 as follows: (a) Against Defendants The American Bottling Company and Dr Pepper Snapple Group, Inc., jointly and severally, the sum of $1,256,422.98, and (b) Against Defendant Dr Pepper Snapple Group, Inc., the sum of $1,542,000.00. (4) Plaintiff Jose M. Valadez shall have and recover the total sum of $3,610,182.57 as follows: (a) Against Defendants The American Bottling Company and Dr Pepper Snapple Group, Inc., jointly and severally, the sum of $1,567,182.57, and (b) Against Defendant Dr Pepper Snapple Group, Inc., the sum of $2,043,000.00. (5) Plaintiff Leonard Talton shall have and recover the total sum of $2,897,000.00 as follows: (a) Against Defendants The American Bottling Company and Dr Pepper Snapple Group, Inc., jointly and severally, the sum of $1,144,000.00, and (b) Against Defendant Dr Pepper Snapple Group, Inc., the sum of $1,753,000.00. (6) Plaintiff Alfonso W. January shall have and recover the total sum of $2,382,540.07 as follows: (a) Against Defendants The American Bottling Company and Dr Pepper Snapple Group, Inc., jointly and severally, the sum of $1,047,140.07, and (b) Against Defendant Dr Pepper Snapple Group, Inc., the sum of $1,335,400.00. See document for details. (MD JS-6, Case Terminated). (gk) (Entered: 02/24/2012) |
| 03/02/2012 | 211 | First APPLICATION to the Clerk to Tax Costs against Defendants All Defendants filed by Plaintiff Jose M. Valadez, Robert E. Jones, Alfonso W. January, Gary Suhay, Leonard Talton. Application set for hearing on 3/16/2012 at 11:00 AM before Judge Dolly M. Gee. (Attachments: # 1 Exhibit Judgment, # 2 Exhibit Bill of Costs)(Marcus, Wendy) (Entered: 03/02/2012) |
| 03/08/2012 | 212 | NOTICE OF MOTION AND MOTION for Attorney Fees filed by Plaintiff Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. Motion set for hearing on 4/6/2012 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Declaration Timothy B. Sottile, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Declaration Michael F. Baltaxe, # 6 Exhibit D, # 7 Declaration Wendy K. Marcus, # 8 Exhibit E, # 9 Declaration Jeremy D. Scherwin, # 10 Exhibit F, # 11 Declaration Joshua D. Milon, # 12 Exhibit G, # 13 Declaration Martin L. Aarons, # 14 Declaration Laura H. Horton, # 15 Declaration Jeffrey K. Winikow, # 16 Declaration James H., Cordes)(Marcus, Wendy) (Entered: 03/08/2012) |
| 03/09/2012 | 213 | OPPOSITION in opposition re: First APPLICATION to the Clerk to Tax Costs against Defendants All Defendants 211 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Gelbart, Joshua) (Entered: 03/09/2012) |
| 03/09/2012 | 214 | BILL OF COSTS Deficiency Notice Filed. The following deficiency was noted on the Plaintiffs' Notice of Application and Application to the Clerk to Tax Certain Costs filed 3/2/2012 211 : L.R. 54-3.2: Hearing should be noticed before the clerk's designee and not the judge. Filer set matter on calendar before Judge Gee. Counsel is to re-notice the corrected hearing information. (gk) (Entered: 03/09/2012) |
| 03/12/2012 | 215 | AMENDED NOTICE OF HEARING on PLAINTIFFS' APPLICATION TO CLERK TO TAX CERTAIN COSTS re First APPLICATION to the Clerk to Tax Costs against Defendants All Defendants 211 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 03/12/2012) |
| 03/13/2012 | 216 | REPLY Reply in Support First APPLICATION to the Clerk to Tax Costs against Defendants All Defendants 211 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 03/13/2012) |
| 03/15/2012 | 217 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Motion and Motion for Attorneys' Fees 212 . The following error was found: Proposed order not submitted pursuant to Local Rule 52-4.1. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (smom) (Entered: 03/15/2012) |
| 03/21/2012 | 218 | Joint STIPULATION for Extension of Time to File Response filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Proposed Order)(Marcus, Wendy) (Entered: 03/21/2012) |
| 03/21/2012 | 222 | ORDER GRANTING EXTENSION FOR DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FOR PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW/NEW TRIAL by Judge Dolly M. Gee: Upon Stipulation 218 , the Court ORDERS that Defendants shall file their opposition to the Motion for Attorneys' Fees on or before 3/30/2012. Plaintiffs shall file their reply in support of the Motion for Attorneys' Fees on or before 4/6/2012. The hearing of the Motion for Attorneys' Fees 212 shall be continued to 4/20/2012 at 09:30 AM before Judge Dolly M. Gee. Defendants shall file their Motion for Judgment as a Matter of Law and Motion for a New Trial on or before 3/22/2012, and set them for hearing on 5/11/2012 at 9:30 AM. Plaintiffs shall file their oppositions to the Motion for Judgment as a Matter of Law and Motion for a New Trial on or before 4/13/2012. Defendants shall file their replies in support of the Motion for Judgment as a Matter of Law and Motion for a New Trial on or before 4/27/2012. (gk) (Entered: 03/23/2012) |
| 03/22/2012 | 219 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 5/11/2012 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Proposed Order)(Gelbart, Joshua) (Entered: 03/22/2012) |
| 03/22/2012 | 220 | NOTICE OF MOTION AND MOTION for New Trial filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 5/11/2012 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Proposed Order)(Gelbart, Joshua) (Entered: 03/22/2012) |
| 03/22/2012 | 221 | DECLARATION of Joshua P. Gelbart in support of MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) 219 , MOTION for New Trial 220 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A-L, # 2 Exhibit M-O, # 3 Exhibit P (Part 1 of 4), # 4 Exhibit P (Part 2 of 4), # 5 Exhibit P (Part 3 of 4), # 6 Exhibit P (Part 4 of 4), # 7 Exhibit Q-R)(Gelbart, Joshua) (Entered: 03/22/2012) |
| 03/30/2012 | 223 | OPPOSITION in opposition to re: MOTION for Attorney Fees 212 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit A)(Gelbart, Joshua) (Entered: 03/30/2012) |
| 04/06/2012 | 224 | REPLY in support MOTION for Attorney Fees 212 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 04/06/2012) |
| 04/10/2012 | 225 | MINUTES (IN CHAMBERS) - ORDER AND NOTICE TO ALL PARTIES by Judge Dolly M. Gee: On the Court's own motion, Plaintiffs' Motion for Attorney Fees pursuant to Fed. R. Civ. P.54(d)(2) 212 is hereby continued to 6/15/2012 at 09:30 AM before Judge Dolly M. Gee. Court Reporter: None Present. (gk) (Entered: 04/10/2012) |
| 04/13/2012 | 226 | MEMORANDUM in Opposition to MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) 219 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration of Jeremy D. Scherwin, # 2 Exhibit 1 Trial Transcript Excerpts, # 3 Exhibit 2 Final Pretrial Conference Order, # 4 Exhibit 3 SEC 10k Filing)(Marcus, Wendy) (Entered: 04/13/2012) |
| 04/13/2012 | 227 | MEMORANDUM in Opposition to MOTION for New Trial 220 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # 1 Declaration of Jeremy D. Scherwin, # 2 Exhibit 1. Trial Transcripts, # 3 Exhibit 2. Final Pretrial Conference Order, # 4 Exhibit 3.SEC 10k Filing)(Marcus, Wendy) (Entered: 04/13/2012) |
| 04/19/2012 | 228 | NOTICE OF ERRATA TO PLAINTIFFS OPPOSITION OPPOSITION re: MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) 219 filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Marcus, Wendy) (Entered: 04/19/2012) |
| 04/27/2012 | 229 | REPLY in support of MOTION for New Trial 220 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, |

| | | |
|---|---|---|
| | | Daryl) (Entered: 04/27/2012) |
| 04/27/2012 | [230](#) | REPLY in support of MOTION for Judgment as a Matter of Law on the basis of Fed. R. Civ. P. 50(b) MOTION for Judgment as a Matter of Law on the basis of: Fed. R. Civ. P. 50(b) [219](#) filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Crone, Daryl) (Entered: 04/27/2012) |
| 05/10/2012 | [231](#) | MINUTE ORDER IN CHAMBERS by Judge Dolly M. Gee: The Court finds that, defendants renewed motion for entry of judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 (B) [219](#), and defendants motion for new trial [220](#), currently scheduled for hearing on May 11, 2012, are appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. L.R. 7-15. The motions are taken UNDER SUBMISSION and the hearing is vacated. (im) (Entered: 05/10/2012) |
| 06/12/2012 | [232](#) | ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL by Judge Dolly M. Gee: Defendants have failed to make a sufficient showing to warrant granting their motion for judgment as a matter of law or their motion for new trial. Accordingly, Defendants' Motions for Judgment as a Matter of Law [219](#) and for New Trial [220](#) are DENIED. (gk) (Entered: 06/13/2012) |
| 06/13/2012 | [233](#) | MINUTES OF IN CHAMBERS - ORDER FOR FURTHER DECLARATION ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES by Judge Dolly M. Gee: On 3/8/2012, Plaintiffs filed a motion for attorney's fees [212](#), which is currently set for hearing on 6/15/2012. It appears from the motion, opposition and reply, that it is not disputed that there is a contingent fee arrangement between Plaintiffs and Plaintiffs' counsel. Plaintiffs have, failed, however, to provide the Court with evidence of the arrangement. Accordingly, IT IS ORDERED that no later than 6/20/2012, Plaintiffs' counsel shall file a declaration (or other evidence) addressing the questions in this order. Defendants may file a response, if any, no later than 6/27/2012. IT IS FURTHER ORDERED that the 6/15/2012 hearing is VACATED and the matter shall stand submitted upon the further filing ordered herein. See document for details. Court Reporter: Not Reported. (gk) (Entered: 06/13/2012) |
| 06/20/2012 | [234](#) | DECLARATION of Timothy Sottile Support MOTION for Attorney Fees [212](#) filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Attachments: # [1](#) Proof of Service)(Marcus, Wendy) (Entered: 06/20/2012) |
| 06/21/2012 | [235](#) | NOTICE OF APPEAL to the 9th CCA filed by Defendants Cadbury Schweppes Bottling Group. Appeal of Order on Motion for Judgment as a Matter of Law, Order on Motion for New Trial,, [232](#) (Appeal fee FEE NOT PAID.) (Harris, James) (Entered: 06/21/2012) |
| 06/21/2012 | [236](#) | FILING FEE LETTER issued as to Defendant's American Bottling Company, Dr. Pepper Snapple Group re Notice of Appeal to 9th Circuit Court of Appeals [235](#). (dmap) (Entered: 06/21/2012) |
| 06/21/2012 | [237](#) | REPRESENTATION STATEMENT re Notice of Appeal to 9th Circuit Court of Appeals [235](#). (Harris, James) (Entered: 06/21/2012) |
| 06/22/2012 | [238](#) | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals [235](#) as to Defendants American Bottling Company, Dr. Pepper Snapple Group; Receipt Number: LA046086 in the amount of $455. (dmap) (Entered: 06/25/2012) |
| 06/25/2012 | [239](#) | NOTIFICATION by Circuit Court of Appellate Docket Number 12-56171 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals [235](#) as to Defendants American Bottling Company, Dr. Pepper Snapple Group. (dmap) (Entered: 06/25/2012) |
| 07/23/2012 | [240](#) | TRANSCRIPT DESIGNATION AND ORDERING FORM For Dates: 5/20/11, 10/18/11, 11/10/11, 11/15/11, 11/17/11, 11/18/11, 11/21/11, 11/22/11, 11/23/11, 11/28/11, 11/29/11, 12/1/11, 12/2/11, 12/5/11, 12/6/11, 12/7/11; Court Reporter: Anne Kielwasser; Court of Appeals Case Number: 12-56171; Re: [235](#) (Harris, James) (Entered: 07/23/2012) |
| 08/21/2012 | [241](#) | MINUTES OF IN CHAMBERS - ORDER GRANTING AWARD OF ATTORNEY'S FEES by Judge Dolly M. Gee: IT IS ORDERED that plaintiffs' motion for an award of attorney's fees [212](#) is GRANTED in the sum of $1,045,125. Court Reporter: Not Reported. (gk) (Entered: 08/22/2012) |
| 08/30/2012 | [242](#) | NOTICE of Appeal to the US Court of Appeals for the Ninth Circuit filed by Defendants Cadbury Schweppes Bottling Group. (Harris, James) (Entered: 08/30/2012) |
| 08/30/2012 | [243](#) | NOTICE OF APPEAL to the 9th CCA filed by Defendants Cadbury Schweppes Bottling Group. Appeal of Order on Motion for Attorney Fees, [241](#) (Appeal fee FEE NOT PAID.) (Harris, James) (Entered: 08/30/2012) |
| 08/30/2012 | [244](#) | REPRESENTATION STATEMENT re Notice of Appeal to 9th Circuit Court of Appeals [243](#). (Harris, James) (Entered: 08/30/2012) |
| 08/31/2012 | [245](#) | NOTIFICATION by Circuit Court of Appellate Docket Number 12-56608 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals [243](#) as to Defendant Cadbury Schweppes Bottling Group. (dmap) (Entered: 08/31/2012) |
| 08/31/2012 | [246](#) | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals [243](#) as to Defendant Cadbury Schweppes Bottling Group; Receipt Number: LA051580 in the amount of $455. (dmap) (Entered: 09/04/2012) |
| 03/07/2013 | [247](#) | NOTICE of Association of Counsel associating attorney Thomas R. Mulally on behalf of Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. Filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward (Mulally, Thomas) (Entered: 03/07/2013) |
| 03/28/2013 | [248](#) | EX PARTE APPLICATION to Waive Supersedeas Bond filed by Defendant American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # [1](#) Declaration Dec of Angela Stephens, # [2](#) Declaration Dec of Kiran Seldon, # [3](#) Proposed Order Proposed Order, # [4](#) Proof of Service)(Seldon, Kiran) (Entered: 03/28/2013) |
| 03/29/2013 | 249 | SCHEDULING NOTICE by Judge Dolly M. Gee: The Court hereby instructs plaintiffs to file their response to defendant's Ex Parte Application to Waive Supersedeas Bond [248](#) by no later than noon on 4/1/2013. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(vv) TEXT ONLY ENTRY (Entered: 03/29/2013) |
| 04/01/2013 | [250](#) | OPPOSITION in opposition to re: EX PARTE APPLICATION to Waive Supersedeas Bond [248](#) filed by Plaintiffs Alfonso W. January, Robert E. Jones, Gary Suhay, Leonard Talton, Jose M. Valadez, Robert M Ward. (Sottile, Timothy) (Entered: 04/01/2013) |
| 04/02/2013 | [251](#) | ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR STAY OF EXECUTION by Judge Dolly M. Gee: IT IS HEREBY ORDERED that Defendants' Ex Parte Application [248](#), is GRANTED. It is hereby ORDERED as follows: The execution of the judgment in this action, which was entered on 2/21/2012 ("Judgment"), shall be stayed effective as of the date of the signing of this Order, and the stay shall remain in effect during the pendency of the appeal of the Judgment. The Court approves the form of the supersedeas bond submitted with Defendants' Ex Parte Application, and orders Dr Pepper Snapple Group, Inc. to post a supersedeas bond in the amount of $19 million no later than ten business days after the entry of this Order. (gk) (Entered: 04/02/2013) |
| 04/16/2013 | [252](#) | Notice of Posting of Supersedeas Bond in the amount of $19,000,000 posted by Atlantic Specialty Insurance Company on behalf of Defendants Dr. Pepper Snapple Group, Inc., Bond No. 800000311. (gk) (Entered: 04/22/2013) |
| 12/31/2013 | [253](#) | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals [235](#) filed by Cadbury Schweppes Bottling Group and Notice of Appeal to 9th Circuit Court of Appeals [235](#) filed by Cadbury Schweppes Bottling Group CCA # 12-56171 and 56608. The appellant's motion for voluntary dismissal as to appellees Robert M. Ward, Leonard Talton, Gary Suhay, Jose M. Valadez, and Robert E. Jones is granted. These consolidated appeals are dismissed as to the noted appellees only. Fed. R. App. P. 42(b). A copy of this order sent to the district court shall act as and for the mandates of this court as to the noted appellees only. Order received in this district on 12/31/2013. (dmap) (Entered: 01/07/2014) |
| 01/29/2014 | [254](#) | EX PARTE APPLICATION for Order for Permission to File Substitute Supersedeas Bond to Reflect Partial Settlements filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # [1](#) Declaration of James M. Harris, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Proposed Order)(Harris, James) (Entered: 01/29/2014) |

| 01/29/2014 | 255 | ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR PERMISSION TO FILE SUBSTITUTE SUPERSEDEAS BOND TO REFLECT PARTIAL SETTLEMENT by Judge Dolly M. Gee: IT IS HEREBY ORDERED that: Defendants' Ex Parte Application 254 is GRANTED. The execution of the judgment in this case, which was entered on 1/31/2012 ("Judgment"), shall remain stayed during the pendency of the appeal of the Judgment; Defendants shall be permitted to submit a substitute supersedeas bond in the amount of $2.8 million, which substitute bond shall be substantially in the same form as the original $19 million bond posted by Defendants on or about 4/16/2013; and, upon posting of the $2.8 million substitute bond, Defendants shall be permitted to withdraw and extinguish the original $19 million bond. (gk) (Entered: 01/30/2014) |
| 02/04/2014 | 256 | SATISFACTION OF JUDGMENT entered In favor of Robert E. Jones Against American Bottling Company, In favor of Robert E. Jones Against Dr. Pepper Snapple Group, In favor of Robert E. Jones Against 7-UP/RC Bottling Company of Southern California, In favor of Robert E. Jones Against Cadbury Schweppes Bottling Group, In favor of Robert E. Jones Against Cadbury Schweppes Holdings Inc. filed by Plaintiff Robert E. Jones. (Sottile, Timothy) (Entered: 02/04/2014) |
| 02/04/2014 | 257 | SATISFACTION OF JUDGMENT entered In favor of Jose M. Valadez Against American Bottling Company, In favor of Jose M. Valadez Against Dr. Pepper Snapple Group, In favor of Jose M. Valadez Against 7-UP/RC Bottling Company of Southern California, In favor of Jose M. Valadez Against Cadbury Schweppes Bottling Group, In favor of Jose M. Valadez Against Cadbury Schweppes Holdings Inc. filed by Plaintiff Jose M. Valadez. (Sottile, Timothy) (Entered: 02/04/2014) |
| 02/04/2014 | 258 | SATISFACTION OF JUDGMENT entered In favor of Gary Suhay Against American Bottling Company, In favor of Gary Suhay Against Dr. Pepper Snapple Group, In favor of Gary Suhay Against 7-UP/RC Bottling Company of Southern California, In favor of Gary Suhay Against Cadbury Schweppes Bottling Group, In favor of Gary Suhay Against Cadbury Schweppes Holdings Inc. filed by Plaintiff Gary Suhay. (Sottile, Timothy) (Entered: 02/04/2014) |
| 02/04/2014 | 259 | SATISFACTION OF JUDGMENT entered In favor of Leonard Talton Against American Bottling Company, In favor of Leonard Talton Against Dr. Pepper Snapple Group, In favor of Leonard Talton Against 7-UP/RC Bottling Company of Southern California, In favor of Leonard Talton Against Cadbury Schweppes Bottling Group, In favor of Leonard Talton Against Cadbury Schweppes Holdings Inc. filed by Plaintiff Leonard Talton. (Sottile, Timothy) (Entered: 02/04/2014) |
| 02/04/2014 | 260 | SATISFACTION OF JUDGMENT entered In favor of Robert M Ward Against Dr. Pepper Snapple Group, In favor of Robert M Ward Against American Bottling Company, In favor of Robert M Ward Against 7-UP/RC Bottling Company of Southern California, In favor of Robert M Ward Against Cadbury Schweppes Bottling Group, In favor of Robert M Ward Against Cadbury Schweppes Holdings Inc. filed by Plaintiff Robert M Ward. (Sottile, Timothy) (Entered: 02/04/2014) |
| 02/13/2014 | 261 | Notice of Posting of Substitute Supersedeas Bond, with Rider decreasing bond from $19,000,000 to $2,800,000, posted by Atlantic Specialty Insurance Company on behalf of Defendants Dr. Pepper Snapple Group, Inc., Bond No. 800000311. (gk) (Entered: 02/13/2014) |
| 12/29/2014 | 262 | MANDATE of 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals 235 , CCA # 12-56171 and 12-56608. The decision of the District Court is reverse and remand for a new trial. On retrial, Defendants shall be permitted to introduce evidence of the existence and amount of their settlements of Plaintiffs workers compensation claims.2. Mandate received in this district on 12/29/14. [See document for all the details] (mat) (Entered: 01/02/2015) |
| 01/02/2015 | 263 | MINUTE IN CHAMBERS ORDER AND NOTICE TO PARTIES by Judge Dolly M. Gee: Pursuant to the judgment of the Ninth Circuit Court of Appeals, the Clerk is instructed to reopen the above-entitled matter. Parties are ordered to submit a joint status report regarding new trial dates and deadlines for this case by no later than January 12, 2015. A status conference is set on January 23, 2015 at 11:00 a.m. (shb) (Entered: 01/02/2015) |
| 01/12/2015 | 264 | Notice of Appearance or Withdrawal of Counsel: for attorney Tracey A Kennedy counsel for Defendants American Bottling Company, Dr. Pepper Snapple Group. Filed by defendants Dr Pepper Snapple Group, Inc. and The American Bottling Company. (Attorney Tracey A Kennedy added to party American Bottling Company(pty:dft), Attorney Tracey A Kennedy added to party Dr. Pepper Snapple Group(pty:dft))(Kennedy, Tracey) (Entered: 01/12/2015) |
| 01/12/2015 | 265 | NOTICE of Appearance filed by attorney Robert E Mussig, Jr on behalf of Defendants American Bottling Company, Dr. Pepper Snapple Group (Attorney Robert E Mussig, Jr added to party American Bottling Company(pty:dft), Attorney Robert E Mussig, Jr added to party Dr. Pepper Snapple Group(pty:dft))(Mussig, Robert) (Entered: 01/12/2015) |
| 01/14/2015 | 266 | REQUEST TO SUBSTITUTE ATTORNEY Tracey A. Kennedy in place of attorney Gerald E. Hawxhurst filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order on Request for Approval of Substitution of Attorney as to Defendant Dr Pepper Snapple Group, Inc., # 2 Proposed Order on Request for Approval of Substitution of Attorney as to Defendant Dr Pepper Snapple Group, Inc)(Kennedy, Tracey) (Entered: 01/14/2015) |
| 01/14/2015 | 267 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 6-8 days, filed by Defendants American Bottling Company, Dr. Pepper Snapple Group.. (Kennedy, Tracey) (Entered: 01/14/2015) |
| 01/14/2015 | 268 | Notice of Appearance or Withdrawal of Counsel: for attorney Tracey A Kennedy counsel for Defendants American Bottling Company, Dr. Pepper Snapple Group. Adding Jason W. Kearnaghan as attorney as counsel of record for Dr Pepper Snapple Group, Inc. and The American Bottling Company for the reason indicated in the G-123 Notice. Filed by Defendants Defendants. (Kennedy, Tracey) (Entered: 01/14/2015) |
| 01/15/2015 | 269 | ORDER by Judge Dolly M. Gee: granting 266 Tracey A. Kennedy Request to Substitute Attorney as attorney of record for the American Bottling Co instead of Gerald E. Hawxhurst. Attorney Gerald E Hawxhurst; Diyari Vazquez; Daryl M Crone and Joshua Paul Gelbart terminated (lt) (Entered: 01/15/2015) |
| 01/23/2015 | 270 | APPLICATION to the Clerk to Tax Costs against Plaintiff Alfonso W. January filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Exhibit Attachment to Application to Tax Costs)(Kennedy, Tracey) (Entered: 01/23/2015) |
| 01/23/2015 | 271 | MINUTES OF STATUS CONFERENCE: Status Conference held before Judge Dolly M. Gee: The cause is called and counsel state their appearance. Court and counsel confer. Based upon the parties' Joint Rule 26(f) Report, the Court hereby sets the Final Pretrial Conference for October 6, 2015 at 2:00 p.m. and the Jury Trial date is set for November 3, 2015 at 8:30 a.m. (See order for further details). Court Reporter: Anne Kielwasser. (shb) (Entered: 01/27/2015) |
| 01/23/2015 | 273 | ORDER/REFERRAL to ADR Procedure No 2 by Judge Dolly M. Gee. Case ordered to Court Mediation Panel for mediation. The ADR proceeding is to be completed no later than: 5/15/15; (early mediation); 8-14-15. The Court further sets a status conference for: Joint report re results of early mediation due by 5-22-15; joint status report re settlement due by 8-21-15; no appearance necessary. (lom) (Entered: 01/27/2015) |
| 01/26/2015 | 272 | SCHEDULING AND CASE MANAGEMENT ORDER RE JURY TRIAL by Judge Dolly M. Gee: Amended Pleadings due by 4/24/2015. Discovery cut-off 6/30/2015. Motions in Limine to be filed by 9/15/2015. Motions due by 7/10/2015. Proposed Pretrial Order due by 9/15/2015. Last date to conduct settlement conference is 8/14/2015. Final Pretrial Conference set for 10/6/2015 02:00 PM before Judge Dolly M. Gee. Jury Trial set for 11/3/2015 08:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Schedule of Pretrial) (lom) (Entered: 01/27/2015) |
| 01/30/2015 | 274 | OBJECTIONS *TO DEFENDANTS' APPLICATION TO CLERK TO TAX CERTAIN COSTS; DECLARATION OF BRENDA L. VALLE* filed by Plaintiff Alfonso W. January. (Sottile, Timothy) (Entered: 01/30/2015) |
| 02/13/2015 | 275 | DECLARATION of Tracey A. Kennedy re APPLICATION to the Clerk to Tax Costs against Plaintiff Alfonso W. January 270 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Mussig, Robert) (Entered: 02/13/2015) |
| 03/25/2015 | 282 | BILL OF COSTS. Costs Taxed in amount of $ 25,481.56 in favor of Defendant and against Alphonso January. RE: 270 (mb) (Entered: |

| | | |
|---|---|---|
| | | 05/05/2015) |
| 04/13/2015 | 276 | NOTICE OF ASSIGNMENT of Panel Mediator. Mediator (ADR Panel) Robert K. Wrede has been assigned to serve as Panel Mediator. (mb) (Entered: 04/13/2015) |
| 04/14/2015 | 277 | AMENDED NOTICE OF ASSIGNMENT of Panel Mediator. Mediator (ADR Panel) Robert K. Wrede has been assigned to serve as Panel Mediator. (Killefer, Gail) (Entered: 04/14/2015) |
| 04/21/2015 | 278 | STIPULATION for Order Release Appeal Bond filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order re Stipulation for Release of Appeal Bond)(Kennedy, Tracey) (Entered: 04/21/2015) |
| 04/21/2015 | 279 | ORDER ON STIPULATION 278 FOR RELEASE OF APPEAL BOND 252 by Judge Dolly M. Gee: Atlantic Specialty Insurance Company Appeal Bond No. 800000311, filed in this action on April 16, 2013 to stay enforcement of the Judgment pending resolution of the appeal, and as amended on February 13, 2014, is exonerated from any and all liability as of December 29, 2014. (lc) (Entered: 04/22/2015) |
| 04/22/2015 | 280 | STIPULATION for Order re Mediation filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order re Mediation)(Kennedy, Tracey) (Entered: 04/22/2015) |
| 04/24/2015 | 281 | ORDER by Judge Dolly M. Gee, GRANTING Stipulation for Order re Mediation 280 . IT IS HEREBY ORDERED that the Parties are to mediate with theHonorable Enrique Romero on May 28, 2015 and file a joint report of the mediation no later than June 4, 2015. If the mediation on May 28, 2015 is not successful, the parties are ordered to mediate with Robert Wrede, and such mediation shall be completed no later than June 30, 2015 and that parties shall report to this Court on the status of that mediation no later than July 7, 2015.Except as modified herein, the parties shall comply with the CourtsScheduling and Case Management Order, filed on January 26, 2015. [Doc. # 272.] (shb) (Entered: 04/24/2015) |
| 06/03/2015 | 283 | JOINT REPORT OF REGARDING MAY 28, 2015 MEDIATION filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Kennedy, Tracey) (Entered: 06/03/2015) |
| 06/29/2015 | 284 | MEDIATION REPORT filed by Mediator (ADR Panel) Robert K Wrede: Mediation held on 6/29/2015. The parties are unable to reach an agreement at this time.(Wrede, Robert) Modified on 7/1/2015 (lc). (STRICKEN PER 7/1/15 G112 B RESPONSE BY COURT) (Entered: 06/29/2015) |
| 06/30/2015 | 285 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Mediation Report (ADR-3) Unable to Reach Agreement 284 . The following error(s) was found: Other error(s) with document(s) are specified below: ADR-3 form is BLANK. Please refile document filled out and scan the document to remove the active blue clear button. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 06/30/2015) |
| 06/30/2015 | 286 | Joint REPORT of June 29, 2015 Mediation filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Kennedy, Tracey) (Entered: 06/30/2015) |
| 07/01/2015 | 287 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS RE: Mediation Report (ADR-3) 284 - Blank form by Clerk of Court. The document is stricken. (lc) (Entered: 07/01/2015) |
| 08/21/2015 | 288 | REPORT of Settlement filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Kennedy, Tracey) (Entered: 08/21/2015) |
| 08/28/2015 | 289 | Joint STIPULATION for Discovery as to Confidential Financial Records filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order Regarding Non-Disclosure of Confidential Financial REcords of Defendant The American Bottling Company)(Kennedy, Tracey) (Entered: 08/28/2015) |
| 09/02/2015 | 290 | ORDER RE NON-DISCLOSURE OF CONFIDENTIAL FINANCIAL RECORDS OF DEFENDANT THEAMERICAN BOTTLING COMPANY 289 by Judge Dolly M. Gee: Plaintiff shall not seek to present the confidential financial records referenced or discussed in the Stipulation, including Defendants 2013 IRS Form 1120 and draft 2014 IRS Form 1120, or any of the information contained therein, to the jury without first meeting and conferring with Defendant in a good faith effort to reach agreement on a method for Plaintiff to argue punitive damages to the jury without disclosing such documents or information. Further, if the Parties meet and confer efforts are unsuccessful, the Parties shall jointly request a conference with the Court for the purpose of arguing their respective positions as to why disclosure of such documents or information should or should not be permitted or at least limited. The Court will thereafter issue an order regarding the same. (lc) (Entered: 09/02/2015) |
| 09/15/2015 | 291 | Joint STIPULATION to Exclude Evidence and Argument at Trial filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order on Joint Stipulation Regarding Exclusion of Evidence and Argument at Trial)(Kennedy, Tracey) (Entered: 09/15/2015) |
| 09/15/2015 | 292 | NOTICE OF MOTION AND MOTION IN LIMINE (# 1) to Exclude "Me Too" Evidence filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/26/2015 at 02:00 PM before Judge Dolly M. Gee. (Attachments: # 1 Declaration or Robert Mussig In Support of Defendants' Motion In Limine No. 1 to Exclude "Me Too" Evidence, # 2 Proposed Order Granting Defendants' Motion in Limine No. 1 to Exclude "Me Too" Evidence)(Kennedy, Tracey) (Entered: 09/15/2015) |
| 09/15/2015 | 293 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Kennedy, Tracey) (Entered: 09/15/2015) |
| 09/15/2015 | 294 | Proposed Voir Dire Questions filed by Defendants American Bottling Company, Dr. Pepper Snapple Group.. (Kennedy, Tracey) (Entered: 09/15/2015) |
| 09/15/2015 | 295 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Plaintiff Alfonso W. January. (Baltaxe, Michael) (Entered: 09/15/2015) |
| 09/15/2015 | 296 | STATEMENT of Case to be Read to Prospective Jurors filed by Plaintiff Alfonso W. January (Baltaxe, Michael) (Entered: 09/15/2015) |
| 09/15/2015 | 297 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude Hearsay Evidence filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/6/2015 at 02:00 PM before Judge Dolly M. Gee. (Attachments: # 1 Declaration of Robert Mussig in Support of Defendants' Motion in Limine No. 2 to Exclude Irrelevant Hearsay Evidence, # 2 Proposed Order Granting Defendants' Motion in Limine No. 2 to Exclude Irrelevant Hearsay Evidence)(Kennedy, Tracey) (Entered: 09/15/2015) |
| 09/15/2015 | 298 | NOTICE OF MOTION AND MOTION IN LIMINE (# 3) to Exclude Evidence of Prior Trial and Subsequent Settlements filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. Motion set for hearing on 10/6/2015 at 02:00 PM before Judge Dolly M. Gee. (Attachments: # 1 Declaration of Robert Mussig in Support of Defendants' Motion in Limine No. 3 to Exclude Evidence of Prior Trial and Subsequent Settlements, # 2 Proposed Order Granting Defendants' Motion in Limine No. 3 Excluding Evidence of Prior Trial and Subsequent Settlements)(Kennedy, Tracey) (Entered: 09/15/2015) |
| 09/15/2015 | 299 | Witness List filed by Defendants American Bottling Company, Dr. Pepper Snapple Group.. (Kennedy, Tracey) (Entered: 09/15/2015) |
| 09/16/2015 | 300 | NOTICE OF MOTION AND MOTION IN LIMINE (# 1) to Exclude Witness Not Identified Pursuant to FRCP 26 and The Court's Discovery Cut-Off Order filed by Plaintiff Alfonso January Alfonso W. January. Motion set for hearing on 10/6/2015 at 02:00 PM before Judge Dolly M. Gee. (Attachments: # 1 Declaration Declaration of Michael F. Baltaxe, # 2 Exhibit Exhibit A)(Baltaxe, Michael) (Entered: 09/16/2015) |
| 09/16/2015 | 301 | Proposed Voir Dire Questions filed by Plaintiff Alfonso January Alfonso W. January.. (Baltaxe, Michael) (Entered: 09/16/2015) |

| 09/16/2015 | 302 | NOTICE OF ERRATA filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. correcting MOTION IN LIMINE (# 1) to Exclude "Me Too" Evidence 292 *(Typographical Error in Docket Text)* (Kennedy, Tracey) (Entered: 09/16/2015) |
| 09/16/2015 | 303 | NOTICE OF LODGING filed *Proposed Order* re MOTION IN LIMINE (# 1) to Exclude Witness Not Identified Pursuant to FRCP 26 and The Court's Discovery Cut-Off Order 300 (Attachments: # 1 Proposed Order Granting Plaintiff's Motion in Limine No. 1 to Exclude Witness Not Identified Pursuant to FRCP 26 and The Court's Discovery Cut-off Order)(Baltaxe, Michael) (Entered: 09/16/2015) |
| 09/16/2015 | 304 | JOINT Exhibit List filed by Plaintiff Alfonso W. January.. (Baltaxe, Michael) (Entered: 09/16/2015) |
| 09/17/2015 | 305 | PROPOSED Special (Phase I) JURY VERDICT filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Kennedy, Tracey) (Entered: 09/17/2015) |
| 09/17/2015 | 306 | STIPULATION to Exclude Evidence and Argument at Trial filed by Plaintiff Alfonso January Alfonso W. January. (Attachments: # 1 Proposed Order on Joint Stipulation Regarding Exclusion of Evidence and Argument at Trial)(Baltaxe, Michael) (Entered: 09/17/2015) |
| 09/17/2015 | 307 | PRETRIAL STIPULATION regarding Exhibits . (Baltaxe, Michael) (Entered: 09/17/2015) |
| 09/18/2015 | 308 | NOTICE OF LODGING filed *Plaintiff's Proposed Special Verdict Form Phase One* re Pretrial-Trial Scheduling Order - form only,, 272 (Attachments: # 1 Proposed Order Plaintiff's Proposed Verdict Form (Phase One))(Baltaxe, Michael) (Entered: 09/18/2015) |
| 09/18/2015 | 309 | NOTICE OF LODGING filed *Plaintiff's Proposed Special Verdict Form Second Phase* re Notice of Lodging, 308 (Attachments: # 1 Plaintiff's Proposed Verdict Form (Second Phase))(Baltaxe, Michael) (Entered: 09/18/2015) |
| 09/18/2015 | 310 | NOTICE OF ERRATA filed by Plaintiff Alfonso W. January. correcting Stipulation to Exclude 306 (Attachments: # 1 Exhibit Expert Report of Jeffery H. Kinrich dated July 29, 2015)(Baltaxe, Michael) (Entered: 09/18/2015) |
| 09/18/2015 | 311 | PROPOSED JURY INSTRUCTIONS (Unannotated set) filed by Plaintiff Alfonso January Alfonso W. January.. (Baltaxe, Michael) (Entered: 09/18/2015) |
| 09/21/2015 | 312 | NOTICE OF LODGING Proposed Pretrial Conference Order Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order Final Pretrial Conference Order)(Kennedy, Tracey) (Entered: 09/21/2015) |
| 09/22/2015 | 313 | PROPOSED JURY INSTRUCTIONS (Unannotated set) filed by Plaintiff Alfonso January Alfonso W. January.. (Baltaxe, Michael) (Entered: 09/22/2015) |
| 09/22/2015 | 314 | MEMORANDUM in Opposition to MOTION IN LIMINE (# 1) to Exclude "Me Too" Evidence 292 filed by Plaintiff Alfonso W. January. (Baltaxe, Michael) (Entered: 09/22/2015) |
| 09/22/2015 | 315 | MEMORANDUM in Opposition to MOTION IN LIMINE (#2) to Exclude Hearsay Evidence 297 filed by Plaintiff Alfonso W. January. (Baltaxe, Michael) (Entered: 09/22/2015) |
| 09/22/2015 | 316 | MEMORANDUM in Opposition to MOTION IN LIMINE (# 3) to Exclude Evidence of Prior Trial and Subsequent Settlements 298 filed by Plaintiff Alfonso W. January. (Baltaxe, Michael) (Entered: 09/22/2015) |
| 09/22/2015 | 317 | MEMORANDUM in Opposition to MOTION IN LIMINE (# 1) to Exclude Witness Not Identified Pursuant to FRCP 26 and The Court's Discovery Cut-Off Order 300 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Declaration of Robert Mussig in Support of Defendants' Opposition to Plaintiff's Motion in Limine No. 1, # 2 Exhibit A and Exhibit B to the Declaration of Robert Mussig in Support of Defendants' Opposition to Plaintiff's Motion in Limine No. 1)(Kennedy, Tracey) (Entered: 09/22/2015) |
| 09/23/2015 | 318 | ORDER ON JOINT STIPULATION REGARDING EXCLUSION OF EVIDENCE AND ARGUMENT AT TRIAL 291 by Judge Dolly M. Gee: Plaintiff shall not introduce evidence at trial regarding the repackaging and reselling of bad or expired product, product exposed to breakage, or product which has leaked and/or been exposed to the elements, and shall not raise any argument regarding such issues. (lc) (Entered: 09/23/2015) |
| 09/23/2015 | 319 | ORDER ON JOINT STIPULATION REGARDING EXCLUSION OF EVIDENCE AND ARGUMENT AT TRIAL 306 by Judge Dolly M. Gee:Defendants shall not introduce evidence at trial, or otherwise argue, that Plaintiff's potential damages should be offset by workers' compensation or disability payments Plaintiff received. This issue will be resolved, if necessary, by post-trial briefing or by stipulation. This order shall not otherwise preclude Defendants from introducing evidence of the existence and amount of the settlement of Plaintiffs workers' compensation claims. (lc) (Entered: 09/23/2015) |
| 09/28/2015 | 320 | *[Proposed] Joint Jury Instructions* (Mussig, Robert) (Entered: 09/28/2015) |
| 09/29/2015 | 321 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee. The Court sua sponte continues the final pretrial conference and motions in limine 292 297 298 300 presently set on October 6, 2015 to October 9, 2015 at 3:00 p.m. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 09/29/2015) |
| 10/09/2015 | 322 | NOTICE of Settlement filed by Plaintiff Alfonso January Alfonso W. January. (Baltaxe, Michael) (Entered: 10/09/2015) |
| 10/15/2015 | 323 | MINUTES (IN CHAMBERS) ORDER AND NOTICE TO ALL PARTIES by Judge Dolly M. Gee. In light of the notice of settlement 322 , filed October 9, 2015, indicating that the case has settled in its entirety, this action is placed in inactive status. By November 27, 2015 the parties shall file either (1) a proper stipulation and order for dismissal or judgment or (2) a motion to reopen if settlement has not been consummated. Upon the failure to timely comply with this Order, this action shall be deemed dismissed as of November 30, 2015. This Court retains full jurisdiction over this action and this Order shall not prejudice any party to this action. Defendants' Motion in Limine No. 1 to Exclude "Me Too" Evidence 292 , Motion in Limine No. 2 to Exclude Irrelevant Hearsay Evidence 297 , Motion in Limine No. 3 to Exclude Evidence of Prior Trial and Subsequent Settlements 298 , and Plaintiff's Motion in Limine No. 1 to Exclude Witness Not Identified Pursuant to FRCP 26 and the Court's Discovery Cut-Off Order 300 are DENIED without prejudice as moot. All scheduled dates and deadlines are VACATED. IT IS SO ORDERED. (lom) (Entered: 10/16/2015) |
| 11/24/2015 | 324 | Joint STIPULATION for Extension of Time to File Stipulation for Dismissal to December 28, 2015 filed by Defendants American Bottling Company, Dr. Pepper Snapple Group. (Attachments: # 1 Proposed Order on Stipulation for Extension of Time to Finalize Settlement)(Kennedy, Tracey) (Entered: 11/24/2015) |
| 11/25/2015 | 325 | ORDER ON STIPULATION FOR EXTENSION OF TIME TO FINALIZE SETTLEMENT by Judge Dolly M. Gee. The Court, having read and considered the Parties Stipulation for Extension for Time to Finalize Settlement 324 IT IS HEREBY ORDERED that the deadline for the Parties to file either: (1) a proper stipulation and order for dismissal or judgment, or (2) a motion to reopen if settlement has not been consummated, is hereby continued by approximately 30 days, from November 27, 2015 to December 28, 2015. Failure to timely comply shall result in the dismissal of this action as of December 29, 2015. (iv) (Entered: 11/30/2015) |

### PACER Service Center

#### Transaction Receipt

08/10/2022 16:52:02

| PACER Login: | sx0609 | Client Code: | 92000-990120 rmr |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 2:09-cv-03279-DMG-CW End date: 8/10/2022 |

| Billable Pages: | 30 | Cost: | 3.00 |

FILED
CLERK, U.S. DISTRICT COURT

DEC - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1

2

3

4

5

6

7

8    # UNITED STATES DISTRICT COURT

9    # CENTRAL DISTRICT OF CALIFORNIA

10

11   ROBERT M. WARD, ROBERT E.
     JONES, JOSE M. VALADEZ, LEONARD ) Case No. CV 09-3279-DMG (CWx)
12   TALTON, GARY SUHAY, and
     ALFONSO W. JANUARY,              )
13                                    )  **VERDICT FORM**
                          Plaintiffs, )  **(SECOND PHASE)**
14                                    )
                  v.                  )
15   CADBURY SCHWEPPES BOTTLING       )
     GROUP, et al.,                   )
16                                    )
                          Defendants. )
17

18

19

20

21

22

23

24

25

26

27

28

-1-

1    We, the jury in the above-entitled action, find as follows:

2    As to plaintiffs' claims for punitive damages against defendant Dr Pepper Snapple

3   Group, Inc., state the following:

4   1.    What amount of punitive damages, if any, do you award to plaintiff Robert M.

5   Ward?         $ 1,800,000

6   2.    What amount of punitive damages, if any, do you award to plaintiff Robert E.

7   Jones?        $ 1,214,000

8   3.    What amount of punitive damages, if any, do you award to plaintiff Gary Suhay?

9              $ ~~2,043,000~~ H.S  1,542,000

10  4.    What amount of punitive damages, if any, do you award to plaintiff Jose M.

11  Valadez?      $ 2,043,000

12  5.    What amount of punitive damages, if any, do you award to plaintiff Leonard

13  Talton?       $ 1,753,000

14  6.    What amount of punitive damages, if any, do you award to plaintiff Alfonso W.

15  January?      $ 1,335,400

16

17  DATED: 12-7-~~2007~~H.S. 2011

**REDACTED**
VERDICT FORM AS TO FOREPERSON
SIGNATURE

18

19

20

21

22

23

24

25

26

27

28

-2-

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 0 1 2011

ALAN CARLSON, Clerk of the Court
8 Frausto
BY  J FRAUSTO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JANICE BROWN, an individual; ROBERT LIEMANDT, an individual, | Case No. 30-2010-00388086 |
| Plaintiffs, | |
| vs. | **SPECIAL VERDICT** |
| MEGA RV CORP., a California corporation; | |
| Defendants. | |

721358.2

SPECIAL VERDICT

1

**CLAIM #1: AGE DISCRIMINATION**

2 1.    Was Mega RV, Corp., an employer?

3         ✗ Yes    ___ No

4    If your answer to question 1 is yes, then answer question 2. If you answered no, skip to question 7.

5

6 2.    Was Robert Liemandt an employee of Mega RV, Corp.?

7         ✗ Yes    ___ No

8    If your answer to question 2 is yes, then answer question 3. If you answered no, skip to question 7.

9

10 3.    Did Mega RV, Corp., discharge Robert Liemandt?

11         ✗ Yes    ___ No

12    If your answer to question 3 is yes, then answer question 4. If you answered no, skip to question 7.

13

14 4.    Was Robert Liemandt's age a motivating reason for Mega RV Corp.'s decision to discharge Robert Liemandt?

15         ✗ Yes    ___ No

16

17    If your answer to question 4 is yes, then answer question 5. If you answered no, skip to question 7.

18 5.    Was Mega RV Corp.'s discharge a substantial factor in causing harm to Robert Liemandt?

19         ✗ Yes    ___ No

20    If your answer to question 5 is yes, then proceed to question 6.

21

22

23

24

25

26

27

28

721358.2
                                    2

1   **CLAIM #2: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY ON THE BASIS OF AGE**

2

3   6.    Was Robert Liemandt employed by Mega RV, Corp.?

      ✗ Yes      ___ No

4

5   If your answer to question 6 is yes, then answer question 7.  If you answered no, skip to question 11.

6

7   7.    Was Robert Liemandt discharged?

8         ✗ Yes      ___ No

9   If your answer to question 7 is yes, then answer question 8.  If you answered no, skip to question 11.

10

11   8.    Was Robert Liemandt's age a motivating reason for Mega RV Corp.'s decision to discharge Robert Liemandt?

12         ✗ Yes      ___ No

13   If your answer to question 8 is yes, then answer question 9.  If you answered no, skip to question 11.

14

15   9.    Did the discharge cause Robert Liemandt harm?

16         ✗ Yes      ___ No

17   If you answered yes to either question 5 or question 9, then answer question 10.  If you answered no to questions 5 and 9, skip to question 11.

18   10.    What are Robert Liemandt's damages?

19         a.    Past economic loss

20               lost income          $ 232,056

21               lost benefits         $ 2,640.00

22               other past economic loss    $ -0-

23               Total Past Economic Damages:    $ 234,696

24

25         b.    Future economic loss

            lost income          $ 31,000.00

26               lost benefits         $ 360.00

27

28

721358.2

3

1          other past economic loss       $ _−0−_

2          Total Future Economic Damages:    $ _31,360 00/xx_

3    c.    Past noneconomic loss, including

           physical pain/mental suffering    $ _50,000 00/xx_

4

5    d.    Future noneconomic loss, including

           physical pain/mental suffering    $ _−0−_

6                   TOTAL:    $ _316,056_

7

     If you answered question 10, please proceed to question 11.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLAIM #3: NONPAYMENT OF COMMISSION WAGES

11. Did Robert Liemandt perform work for Mega RV, Corp.?

    ✗ Yes    \_\_\_ No

If your answer to question 11 is yes, then answer question 12. If you answered no, skip to question 14.

12. Does Mega RV, Corp. owe Robert Liemandt commission wages under the terms of the employment?

    ✗ Yes    \_\_\_ No

If your answer to question 12 is yes, then answer question 13. If you answered no, skip to question 14.

13. What is the amount of unpaid commission wages?

$ 4,000 $\frac{CO}{\cancel{AF}}$

If you answered question 13, proceed to question 14.

1  **CLAIM #4: WAITING TIME PENALTY FOR NONPAYMENT OF COMMISSION WAGES**

2

3  14.    Did Robert Liemandt perform work for Mega RV, Corp.?

4         ☒ Yes    ___ No

5  If your answer to question 14 is yes, then answer question 15. If you answered no, skip to question 19.

6

7  15.    Did Mega RV, Corp. discharge Robert Liemandt?

8         ☒ Yes    ___ No

9  If your answer to question 15 is yes, then answer question 16. If you answered no, skip to question 19.

10 16.    Did Mega RV, Corp. willfully fail to pay the full amount of commission wages earned by Robert Liemandt on his last day of employment?

11        ☒ Yes    ___ No

12 If your answer to question 16 is yes, then answer question 17. If you answered no, skip to question 19.

13

14 17.    For how many calendar days following Robert Liemandt's last day of employment did Mega RV, Corp. willfully fail to pay the full amount of Robert Liemandt's wages?

15        _681_ days

16 If you answered question 17, proceed to question 18.

17

18 18.    What was Robert Liemandt's daily wage rate at the time his employment ended?

19        $ 477 per day.

   If you answered question 18, proceed to question 19.

20

21

22

23

24

25

26

27

28

721358.2                                          6
                                          SPECIAL VERDICT

## PUNITIVE DAMAGES (FIRST PHASE)

19.     If you answered question 10, then proceed to question 20. If you did not answer question 10, stop here, answer no further questions, and have the presiding juror sign and date this form.

20.     Did an agent or employee of Mega RV, Corp. engage in the discriminatory conduct with malice, oppression or fraud?

X Yes ___ No

If your answer to question 20 is yes, then proceed to question 21. If you have answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

21.     Did one or more officers, directors, or managing agents of Mega RV, Corp. know of this conduct and adopt or approve it after it occurred?

X Yes ___ No

Answer no further questions, and have the presiding juror sign and date this form.

SIGNED: _____
Presiding Juror

Dated:     2-1-2011

After it has been signed, deliver this form to the court attendant.

721358.2

7

ORIGINAL

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 0 4 2011

ALAN CARLSON, Clerk of the Court
8 Jrausto
BY J FRAUSTO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JANICE BROWN, an individual; ROBERT LIEMANDT, an individual, | Case No. 30-2010-00388086 |
| Plaintiffs, | |
| vs. | **SPECIAL VERDICT (PUNITIVE DAMAGES-SECOND PHASE)** |
| MEGA RV CORP., a California corporation; | |
| Defendants. | |

721358.2

8

SPECIAL VERDICT

## PUNITIVE DAMAGES (SECOND PHASE)

22.     What amount of punitive damages, if any, do you award Robert Liemandt for the alleged discriminatory conduct by Mega RV, Corp.?

$ _50,000.00_

SIGNED: _____
                Presiding Juror

Dated:     _2-4-2011_

After it has been signed, deliver this form to the court attendant.

721358.2

9

SPECIAL VERDICT

# Exhibit D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROSARIO JUAREZ,

    Plaintiff,

v.

AUTOZONE STORES, INC.,

    Defendant.

Case No.  08-CV-00417-WVG

**COURT'S FINAL VERDICT FORM**

  We the jury in the above-entitled action find the following special verdict upon the questions submitted to us:

  **CLAIM NUMBER 1: Discrimination (demotion)**

QUESTION NUMBER 1:

  Was Juarez's pregnancy or gender a substantial motivating reason for AutoZone's demotion of Juarez?

  Yes ✗  No ____

  If your answer to Question Number 1 is "Yes", then answer Question Number 2.  If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 3.

QUESTION NUMBER 2:

Was AutoZone's demotion of Juarez a substantial factor in causing harm to Juarez?

Yes ⟍ No ____

Go to Question Number 3.

**CLAIM NUMBER 2: Discrimination (termination)**

QUESTION NUMBER 3:

Was Juarez's pregnancy or gender a substantial motivating reason for AutoZone's termination of Juarez?

Yes ⟍ No ____

If your answer to Question Number 3 is "Yes", then answer Question Number 4. If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 5.

QUESTION NUMBER 4:

Was AutoZone's termination of Juarez a substantial factor in causing harm to Juarez?

Yes ⟍ No ____

Go to Question Number 5.

**CLAIM NUMBER 3:  Retaliatory termination**

QUESTION NUMBER 5:

Did Juarez complain about discrimination or harassment based on her pregnancy or gender?

Yes ⟍ No ____

If your answer to Question Number 5 is "Yes", then answer Question Number 6. If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 8.

QUESTION NUMBER 6:

Were Juarez's complaints about discrimination or harassment based on her pregnancy or gender a substantial motivating reason for AutoZone's decision to terminate Juarez?

Yes ╳   No ____

If your answer to Question Number 6 is "Yes", then answer Question Number 7. If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 8.

QUESTION NUMBER 7:

Was AutoZone's termination of Juarez a substantial factor in causing harm to Juarez?

Yes ╳   No ____

Go to Question Number 8.

**CLAIM NUMBER 4:  Harassment**

QUESTION NUMBER 8:

Was Juarez subjected to unwanted harassing conduct between August, 2005 and February, 2006 because of her gender or pregnancy?

Yes ╳   No ____

If your answer to Question Number 8 is "Yes", then answer Question Number 9. If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 14.

3.

QUESTION NUMBER 9:

Was the unwanted harassing conduct to which Juarez was subjected committed by a supervisor of AutoZone?

Yes ☒    No ____

If your answer to Question Number 9 is "Yes", then answer Question Number 10. If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 14.

QUESTION NUMBER 10:

Was the harassment severe or pervasive?

Yes ☒    No ____

If your answer to Question Number 10 is "Yes", then answer Question Number 11. If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 14.

QUESTION NUMBER 11:

Would a reasonable woman in Juarez's circumstances have considered the work environment to be hostile or abusive?

Yes ☒    No ____

If your answer to Question Number 11 is "Yes", then answer Question Number 12. If you answered "No", do not answer any further questions relating to this claim and go directly to Question Number 14.

QUESTION NUMBER 12:

Did Juarez consider the work environment to be hostile or abusive?

Yes ☒    No ____

4.

1    If your answer to Question Number 12 is "Yes", then answer Question Number
2    13. If you answered "No", do not answer any further questions relating to this claim
3    and go directly to Question Number 14.

4

5    QUESTION NUMBER 13:

6    Was the harassing conduct a substantial factor in causing harm to Juarez?

7    Yes ✕    No ____

8    Go to Question Number 14.

9

10    **CLAIM NUMBER 5: Failure To Prevent Harassment, Discrimination, Or**
11    **Retaliation**

12    QUESTION NUMBER 14:

13    If you answered "Yes" to Question Numbers 2, 4, 7, **or** 13, did AutoZone fail to
14    take all reasonable steps to prevent the discrimination and retaliation from occurring?
15    (If you answered "No" to Question Numbers 2, 4, 7, **and** 13, do not answer this
16    question and go directly to Question Number 16).

17    Yes ✕    No ____

18    If your answer to Question Number 14 is "Yes", then answer Question Number
19    15. If you answered "No", do not answer any further questions relating to this claim
20    and go directly to Question Number 16.

21

22    QUESTION NUMBER 15:

23    Was AutoZone's failure to prevent the discrimination and retaliation from
24    occurring a substantial factor in causing harm to Juarez?

25    Yes ✕    No ____

26    Go to Question Number 16.

27

28

5.

QUESTION NUMBER 16:

If you answered "yes" to Question Numbers 2, 4, 7, 13, *or* 15, what are Juarez's damages?

A.   Past economic loss

Lost earnings          $ 393,759.52

B.   Future economic loss

Lost earnings          $ 728,960

C.   Non-economic damages

Emotional distress     $ 250,000

Total Damages          $ 872,719.52

Go to Question Number 17.

QUESTION NUMBER 17:

Did Juarez prove by clear and convincing evidence that the conduct described above was committed with malice, oppression or fraud (a) by an officer, director, or managing agent of AutoZone, (b) by another person who was authorized to act by an officer, director or managing agent of AutoZone, or (c) known by an officer, director or managing agent of AutoZone to have been committed and thereafter approved by an officer, director, or managing agent of AutoZone?

Yes  X    No _____

6.

Please have the Presiding Juror sign and date this form and return it to the Clerk of the Court.

DATED: _Nov 14, 2014_

_____
PRESIDING JUROR

7.

FILED

NOV 1 7 2014

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JUAREZ, | Case No. 08-CV-00417-WVG |
| Plaintiff, | **COURT'S FINAL VERDICT FORM PUNITIVE DAMAGES PHASE OF TRIAL** |
| v. | |
| AUTOZONE STORES, INC., | |
| Defendant. | |

We the jury in the above-entitled action find the following special verdict upon the question submitted to us:

## **PUNITIVE DAMAGES**

What amount of punitive damages, if any, do you award Rosario Juarez?

$ 185,000,000.00

Please have the Presiding Juror sign and date this form and return it to the Clerk of the Court.

DATED: Nov 17 2014

_____
PRESIDING JUROR

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit E

2010 WL 5383296 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2018 ALM Media Properties, LLC. All Rights Reserved
Superior Court, Los Angeles County, California.

Mark A. Crawford v. DIRECTV Inc.

No. BC417507

DATE OF VERDICT/SETTLEMENT: September 29, 2010

TOPIC: EMPLOYMENT - DISABILITY DISCRIMINATION - EMPLOYMENT - FAILURE TO ACCOMMODATE - EMPLOYMENT - WRONGFUL TERMINATION - EMPLOYMENT - RETALIATION - EMPLOYMENT - CALIFORNIA'S FAIR EMPLOYMENT & HOUSING ACT

Worker With Ptsd Said He Was Forced to Watch Combat Footage

**SUMMARY:**
RESULT: Arbitration

Award Total: $353,172

The parties entered arbitration, and the arbiter found DIRECTV had failed to offer Crawford reasonable accommodations or engage in the interactive process required by FEHA after Crawford was placed on leave. He found no wrongful termination, retaliation or discrimination.

Crawford was awarded $149,234 for past lost income, $25,200 for non-economic damages, $159,762.50 for attorney fees, $11,123.30 for arbitration costs, and $7,851.80 for prejudgment interest.

**EXPERT WITNESSES:**
Plaintiff: David T. Factor; Economics; Pasadena, CA
**ATTORNEYS:**
Plaintiff: Vincent Calderone; Bononi Law Group; Los Angeles, CA (Mark A. Crawford)
Defendant: Dianne Baquet Smith; Sheppard, Mullin, Richter & Hampton; Los Angeles, CA (DIRECTV Inc.)

JUDGE: Sherman W. Smith

RANGE AMOUNT: $200,000-499,999
STATE: California
COUNTY: Los Angeles

**INJURIES: Crawford claimed he was terminated from his job due to DIRECTV's failure to grant him reasonable accommodation of his disability. He sought an unspecified amount for lost income and non-economic damages.**

**Facts:**
In 1999, plaintiff Mark Crawford, a veteran of the first Gulf War, was hired as a broadcast operator at DIRECTV's Los Angeles broadcast center. In October 2006, his schedule was changed from Sunday through Wednesday to Wednesday

through Sunday. He requested a return to his original schedule, claiming he was participating in therapy for post-traumatic stress disorder on his original days off. He also submitted a note from his social worker which stated that viewing violent images aggravated his condition. He was not returned to his original schedule.

In April 2007, Crawford was placed on administrative leave after two supervisors reported what they claimed was a threatening e-mail. After an evaluation, he was found medically unfit for his position due to his PTSD and placed on medical leave. He was terminated in April 2008 when the leave was exhausted.

Crawford sued DIRECTV, alleging violations of the Fair Employment and Housing Act, wrongful termination and retaliation. He claimed DIRECTV failed to offer him reasonable accommodations for his disability or engage in an interactive process after he was placed on leave. He alleged he requested a reasonable accommodation to a position where he would not be required to watch unedited combat footage, and that he knew of and was qualified for a number of such positions at the company. He claimed no discussions of accommodations were made after he was placed on medical leave.

DIRECTV argued that Crawford did not claim any disabilities prior to his schedule change and that it offered him reasonable accommodations such as days off, job transfers, or a leave of absence, but that he refused them. DIRECTV claimed no accommodations were possible after Crawford was placed on leave as he was never medically cleared to return to work. It further argued there were no available positions where Crawford would not be required to view violent images. The defense contended Crawford was terminated because he was not medically cleared to return to work at the time he ran out of medical leave time.

ALM Properties, Inc.
Superior Court of Los Angeles County, Central

PUBLISHED IN: VerdictSearch California Reporter Vol. 9, Issue 48

---

**End of Document**                          © 2018 Thomson Reuters. No claim to original U.S. Government Works.

Fred Denenberg v. California Department of Transportation, 2006 WL 5305734 (2006)

2006 WL 5305734 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2018 ALM Media Properties, LLC. All Rights Reserved
Superior Court, San Diego County, California

Fred Denenberg v. California Department of Transportation

No. GIC836582
DATE OF VERDICT/SETTLEMENT: September 16, 2006
TOPIC: EMPLOYMENT - SEXUAL ORIENTATION DISCRIMINATION - EMPLOYMENT - FAILURE TO
ACCOMMODATE

Clerk Claimed Discrimination Based on Disability, Orientation

**SUMMARY:**
RESULT: Verdict-Plaintiff

The jury did not find any discrimination based on sexual orientation. It did, however, find the defendant failed to
provide Denenberg with a reasonable accommodation and discriminated against him on the basis of a disability. The
jury awarded Denenberg $119,000 in economic damages and $25,000 in noneconomic damages, for a total $144,000.
The judge awarded him an additional $490,000 in attorney's fees and $133,000 in costs, and ordered the department
of transportation to award him a retroactive promotion. The promotion will result in an additional $12,000 of annual
earnings through his career as well as upward adjustments to his retirement benefits.

**EXPERT WITNESSES:**
Plaintiff: Brian P. Brinig, J.D., C.P.A.; Damage Analysis; San Diego, CA Christopher Benbo, M.D.; Psychiatry; La
Jolla, CA George Pratt, Ph.D.; Psychology/Counseling; La Jolla, CA Michael A. Robbins; Human Resources Policies;
Bell Canyon, CA
Defendant: Mark A. Kalish, M.D.; Psychology/Counseling; San Diego, CA
**ATTORNEYS:**
Plaintiff: Paul D. Jackson; Law Offices of Paul D. Jackson; San Diego, CA (Fred Denenberg); David M. deRubertis;
The deRubertis Law Firm; Woodland Hills, CA (Fred Denenberg)
Defendant: Christopher J. Welsh; California Department of Transportation; San Diego, CA (California Department
of Transportation); Julie A. Jordan; CalTrans Legal Department; San Diego, CA (California Department of
Transportation)

JUDGE: Steven R. Denton

RANGE AMOUNT: $100,000-199,999
STATE: California
COUNTY: San Diego

**INJURIES:** Denenberg claimed that he suffered emotional distress and sought treatment from a psychologist. He also sought
to recover the income he lost when he took a leave of absence to cope with the distress caused by the way his employer
treated him.

**Facts:**

In 1998 plaintiff Fred Denenberg, a gay man, was hired by the California Department of Transportation as an office technician, an entry-level position. He received excellent performance reviews and was promoted to assistant administrator. Starting in 1999, he sought promotion to associate administrator, the next job level above his own. Such a promotion would normally occur in relatively short time, he alleged, but his requests were repeatedly denied. He was told that budgetary constraints had forced the company to put into place a hiring and promotions freeze. When the freeze was lifted on July 1, 2004, Joseph Hull, the deputy director of traffic operations, promised Denenberg that his promotion would be processed.

When Hull had not yet finished processing the paperwork by late August 2004 despite Denenberg's further complaints, Denenberg sought legal counsel. His attorney, Paul Jackson, sent the department's upper management a letter alleging that Denenberg had been the subject of harassment based on his sexual orientation and that the department had failed to promote him because he was gay. Afterward, Denenberg's superiors and co-workers leveled accusations of wrongdoing against him. The alleged wrongdoing included telling a co-worker to "kiss his ass," making derogatory comments about a co-worker's religion, slamming a door in a co-worker's face and acting in a rude manner toward co-workers and management.

In late September 2004, Denenberg, who claimed to be suffering from stress and depression related to his workplace, complained about a sexually related email sent from a co-worker a year earlier. At the instruction of a psychologist, he went on a leave of absence, and the department stopped processing his promotion.

In August 2005, one year after his original stress leave began, Denenberg's psychologist recommended that he be given an accommodation that allowed him to telecommute. Hull did not allow telecommuting, however, and denied the accommodation. The psychologist revised the accommodation to request that Denenberg return to the workplace but that any face-to-face interaction with the co-workers he claimed had retaliated against him be minimized. Hull denied that request as well.

When Denenberg was able to return to work without restriction, the department informed him it had eliminated his position and offered him six other positions that were equivalent or nearly equivalent to his former position. Denenberg declined them all.

Denenberg sued the California Department of Transportation for discrimination and retaliation on the basis of sexual orientation and discrimination and retaliation on the basis of disability. He contended that for a period of about 1.5 years he was harassed based on his sexual orientation; the alleged harassment consisted of perceived sexual advances, derogatory comments about his orientation and a degrading, homophobic email. He claimed that the department's refusal to promote him in September 2004 was in retaliation for the letter his attorney wrote complaining of harassment and discrimination. He also claimed that the department's stated reason for not promoting him--that he went on medical leave--indicated disability discrimination and showed that the company was retaliating against him for seeking accommodation of a disability. He further alleged that when his psychologist approved his return to work with a minimum of interaction with co-workers, there were desks and offices available that could have been used to meet this request.

The defendant denied any wrongdoing. It claimed that the reason Denenberg was not promoted was because he had either failed the promotional exam or did not receive a high enough score for placement. The state budget crises, the department's budget, and the lack of available work prevented promotions for new hires until June 30, 2004. Once the freeze was lifted, the plaintiff was promised a noncompetitive promotion. It contended that it had begun processing a

noncompetitive promotion for Denenberg at the time he took his leave but stopped when he was out for almost two years and the department did not know when or whether he would return to work and that, under the Civil Service Act, the promotion could not go through because he was not at work to accept the new appointment. This had implications for his retirement and benefits.

The department also claimed that the request to telecommute was denied because the position required interaction with co-workers and the timely sharing of information. The department noted that over the course of nine months, it offered the plaintiff six alternative positions at the same classification and rate of pay but he refused all of them. Finally, the company denied any knowledge of the claimed harassment.

Before the trial began, the plaintiff dropped the claim that he should have been promoted before 2003. The state had a freeze on promotions and new hires between June 2003 and June 2004.

At trial, the defense impeached Denenberg's credibility by attacking his assertion that he had never been involved in any other lawsuits by introducing numerous lawsuits that he had either filed or were filed against him.

The defendant claimed that it was not his workplace problems that caused the plaintiff's medical condition but rather other stressors, such as a tumultuous relationship with his domestic partner who suffered from chronic medical problems. The defendant introduced evidence of domestic discord, including allegations of domestic abuse.

Insurer:

Self insured California Department of Transportation

ALM Properties, Inc.
Superior Court of San Diego County, at San Diego

PUBLISHED IN: VerdictSearch California Reporter Vol. 7, Issue 4

---

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.