UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN OLSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant. | Case No. 2:22-cv-2294-DJC-JDP<br><br><br>ORDER |

Plaintiff has filed a motion for administrative relief that requests that the scheduling order be modified to extend the deadline for completion of discovery. ECF No. 21. She explains that additional time is needed to complete four depositions. Defendant has filed an untimely opposition. *See* E.D Cal. L.R. 233(b); ECF No. 26. Good cause appearing, plaintiff's motion is granted.

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified for good cause and with the judge's consent." The Ninth Circuit has explained that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (some quotations omitted). Although the degree of prejudice to the opposing

party may be considered as an additional basis for denying a motion to modify a scheduling order, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*. (citation omitted).

It appears that plaintiff has been diligent in her efforts to complete the dispositions at issue, but defendant has made it difficult for plaintiff to do so before the close of discovery. Given plaintiff's diligence, I find that there is good cause for the requested modification of the scheduling order. The motion is therefore granted.[1]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for administrative relief, ECF No. 21, is granted.

2. The deadline for completion of fact discovery is extended to December 20, 2024.

IT IS SO ORDERED.

Dated:   November 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] In her motion plaintiff indicates that defendant has refused to produce multiple witnesses for deposition. At this time, I decline to address whether plaintiff is entitled to depose each of the witnesses identified in her motion. Instead, the parties are directed to meet and confer about any discovery related disputes. If they are unable to informally resolve their differences, they should promptly request a pre-discovery motion conference be set in accordance with my procedures for civil matters.

2