UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN OLSEN, | No. 2:22-cv-02294-DJC-JDP |
| Plaintiff, | |
| v. | ORDER |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

On August 21, 2025, the Court granted Defendant's Motion for Summary Judgment. (ECF No. 91.) That same day, judgment was entered for Defendant, and this action was closed. (ECF No. 92.) On September 18, 2025, Plaintiff filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). (ECF No. 103.) That motion is presently before the Court. Also before the Court are Plaintiff's Objections to Defendant's Bill of Costs and Defendant's Request to Seal. (*See* ECF Nos. 96, 106, 108.)

For the reasons stated below, Plaintiff's Motion for Reconsideration is denied. The Court declines to permit the taxation of costs. The Court will grant in part and deny in part Defendant's Request to Seal.

////

////

1

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 6 James Wm. Moore, et al., Moore's Federal Practice § 54.78[1] (3d ed. 2000)). The Ninth Circuit has held a motion to alter or amend judgment under Rule 59(e) is "usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citations omitted).

**DISCUSSION**

**I. New Evidence**

Plaintiff first asserts that reconsideration is warranted based on newly discovered evidence. (Mot. (ECF No. 130-1) at 5–7.) Plaintiff's argument is based on discovery that Defendant disclosed during proceedings on Defendant's Motion for Summary Judgment. The timing of the events surrounding the Motion for Summary Judgment is relevant. Defendant filed their Motion for Summary Judgment on May 23, 2025. (*See* ECF No. 60.) Plaintiff's Opposition was filed June 21, 2025. (*See* ECF No. 74.) Defendant's Reply was filed June 30, 2025. (*See* ECF No. 76.) Oral Argument was held on August 7, 2025. (*See* ECF No. 90.) The order granting Defendant's Motion for Summary Judgment was not issued until August 21, 2025. (*See* ECF No. 91.)

On July 23, 2025, after briefing was complete but before oral argument had occurred and well before the Court issued an order on Defendant's Motion for Summary Judgment, Defendant provided three additional pieces of discovery to

1  Plaintiff.¹  (Mot. at 7; Opp'n (ECF No. 110) at 4.)  The new discovery was a "query

2  report" and two personnel files from other Costco employees.

3       Notably, the new discovery at issue was provided to Plaintiff <u>before</u> the Court

4  heard oral argument from the parties on Defendant's Motion for Summary Judgment

5  occurred and before the Court entered a ruling on that motion.  While briefing was

6  already completed at that time, Plaintiff had ample opportunity to inform the Court

7  that there was discovery disclosed after Plaintiff's initial briefing was filed that Plaintiff

8  felt was pertinent to the Court's determination of Defendant's Motion for Summary

9  Judgment.  Plaintiff did not seek leave to file supplementary briefing based on this

10  discovery, inform the Court of the existence of additional evidence, or seek any other

11  form of relief.

12       Rule 59(e) does not provide relief based on the existence of new evidence that

13  "the moving party could have raised before the decision issued." *Banister v. Davis*,

14  590 U.S. 504, 508 (2020) (citations omitted).  Based on when the discovery was

15  provided relative to the stage of the summary judgment proceedings, Plaintiff was

16  readily able to raise the new evidence before the decision was issued.  Again,

17  Defendant's disclosure, while undoubtedly belated, occurred, at the latest, on July 23,

18  2025.  The Court did not issue its decision on the Motion for Summary Judgment until

19  August 21, 2025.  Thus, relief under Rule 59(e) on this basis is not appropriate, as this

20  could have been raised before the decision was issued.  *See Banister*, 590 U.S. at 508.

21       The Court recognizes that Defendant's alleged failure to timely disclose

22  relevant evidence was a repeated point of contention in this action.  The fact that

23  Defendant failed to provide this discovery until after summary judgment briefing was

24  completed bolsters these allegations.  However, this does not alter the reality that

---

¹ Plaintiff mentions that an additional disclosure occurred on July 14, 2025. (Mot. at 7.) That discovery is attached to Plaintiff's motion, but the relevant new evidence referenced in Plaintiff's Motion for Reconsideration concerns the query report and personnel files produced on July 23, 2025. (*See id.* at 5–7.)  Thus, the Court focuses only on the relevant new evidence identified by Plaintiff as warranting reconsideration.

3

1  Plaintiff had access to the contents of this discovery, which was not voluminous, with
2  sufficient time to raise this evidence with the Court before it rendered a decision on
3  the Motion for Summary Judgment.
4      Moreover, this discovery does not appear to actually disclose new evidence
5  that would have any effect on the Court's prior decision.  The query report shows four
6  title changes to "AUDITOR INVENTORY" which aligns with an administrative change
7  on the designation of four employees who were previously designated as simply
8  "auditors" beforehand.  (*See* Molineaux Decl., Ex. 1 (ECF No. 103-4); *see also* Opp'n at
9  4.)  This does not alter or affect the Court's prior analysis that Plaintiff failed to show
10 auditor positions were available.  The fifth and final line in the query report concerns a
11 change to a Payroll Clerk position.  This, along with the Hixson personnel file,
12 concerns the designated backup Payroll Clerk who had stepped into the full Payroll
13 Clerk position after her predecessor transferred.  This event was already known to the
14 parties and the Court at the time of summary judgment, and it was addressed by the
15 Court in its order.  (*See* ECF No. 91 at 9.)  Plaintiff also suggests that Hixson's
16 personnel file contradicts the claim that Hixson was trained to replace her
17 predecessor, but it seems to do nothing of the sort.  It only shows that Hixson
18 performed and trained on other tasks before stepping into the role of the full-time
19 Payroll Clerk.  (*See* Molineaux Decl., Ex. 7 (ECF No. 103-9).)  Plaintiff already knew and
20 raised at oral argument that individuals in Hixson's prior position would cross-train
21 and step into multiple roles.  (*See* ECF No. 95 at 21:10–15.)  As such, it is unclear how
22 the query report and personnel files present relevant new evidence.
23     Most importantly though, and as already stated above, this discovery was in
24 Plaintiff's possession well in advance of the Court's decision on summary judgment.
25 This is dispositive of the Court granting relief on the basis of new evidence under Rule
26 59(e).  *See Banister*, 590 U.S. at 508.
27 ////
28 ////

## II. Mistakes of Law

Plaintiff also argues that reconsideration is warranted based on alleged mistakes of law made by the Court in its summary judgment order. Plaintiff asserts the Court misapplied the legal framework for the reasonable accommodation claim, erred in finding that Plaintiff could not show she was able to perform essential functions of available vacant positions, erred in granting summary judgment in light of *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245 (2000), should not have granted summary judgment as to Plaintiff's interactive process claim, and improperly conflated "qualified individual" with the ability to perform Plaintiff's current position. None of these arguments is persuasive, and Plaintiff has not identified a manifest error of law in the Court's order.

*First*, the Court did not misapply the legal framework for Plaintiff's reasonable accommodation claim. Defendant presented evidence at summary judgment that positions that could accommodate Plaintiff were not vacant. Defendant had met their burden to show that Plaintiff's accommodation request for transfer to other positions was not reasonable because there were no vacant positions available. Plaintiff failed to present contrary evidence that created a material dispute of fact that established any of the requested positions were, in fact, available. The evidence presented to the court showed that Hixson was not simply a "preferred candidate" but an individual specifically trained and designated to take over the Payroll Clerk position who was already intermittently performing that role. Plaintiff also raises arguments concerning the application of a "seniority system," but this was not the basis of the Court's determination that the Payroll Clerk position was unavailable. As such, these arguments are irrelevant.

*Second*, the Court did not err in finding that Plaintiff could not show she was able to perform the essential elements of a vacant position. As noted, Plaintiff failed to present evidence that contradicted Defendant's evidence that there were no other available positions. Thus, the Court assessed whether Plaintiff had presented

5

evidence from which a jury could find that she could perform the essential functions of the RTV Clerk role, as that was the only available position Plaintiff identified. (*See* ECF No. 91 at 10.) As she did not present any evidence that she was able to perform the essential functions of this role, the Court's determination on this point was appropriate.

*Third*, Plaintiff is incorrect that *Jensen*, 85 Cal. App. 4th 245, necessitates a different result. The Court in *Jensen* stated that summary judgment in favor of an employer is not appropriate unless the employer shows that:

> (1) reasonable accommodation was offered and refused;
> (2) there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation; or
> (3) the employer did everything in its power to find a reasonable accommodation, but the informal interactive process broke down because the employee failed to engage in discussions in good faith.

85 Cal. App. 4th at 263. The Court granted summary judgment as Defendant presented evidence that there was no vacant position available that Plaintiff could perform, and Plaintiff failed to rebut that evidence. Thus, *Jensen* is not inconsistent with the Court's order in this case. Plaintiff notes the Court's statement that "Defendant theoretically could have done more to help Plaintiff find a position that suited her." (ECF No. 91 at 16.) However, this is not relevant to the second path described in *Jensen*; the evidence presented still showed that there was simply no vacant position that Plaintiff was able to perform. Certainly, Defendant was not as helpful as the Court would hope. But this is ultimately not relevant to summary judgment as there was no vacant position.

*Fourth*, Plaintiff suggests that her claim for failure to engage in the interactive process was viable and that "Costco cannot escape liability by claiming Plaintiff never specifically requested the Payroll Clerk position or any of the others." (Mot. at 17–18.)

6

1  However, this was not the basis of the Court granting summary judgment as to this
2  claim.  Instead, the Court granted summary judgment in Defendant's favor because
3  Plaintiff could not establish an interactive process claim, as there was no available
4  position for which Plaintiff was qualified.  (ECF No. 91 at 14–15.)  As such,
5  reconsideration on this basis is not appropriate.
6       *Fifth*, the Court did not make a mistake of law in assessing Plaintiff's disability
7  discrimination claim.  Plaintiff asserts that the Court improperly assessed only Plaintiff's
8  ability to perform the RTV Clerk position, but this was not in error.  The Court only
9  addressed Plaintiff's ability to perform that position because the Court previously
10 determined that Defendant had shown, and Plaintiff had failed to present evidence
11 disputing, that there were no other vacant positions.  The Court's citation to *Green v.*
12 *State of California*, 42 Cal. 4th 254, 262 (2007), was because it provided the
13 appropriate standard, not because it stood for the proposition that the Court should
14 only assess Plaintiff's ability to perform her initial job.
15      Based on the above, Plaintiff has failed to show that the Court made mistakes of
16 law that warrant reconsideration.  As such, the remainder of Plaintiff's Motion is denied
17 on this basis.

## BILL OF COSTS

19      Defendant has submitted a Bill of Costs that seeks $23,957.95 in costs from
20 Plaintiff.  (BOC (ECF No. 96).)  Plaintiff has filed objections to several of the costs
21 Defendant asserts.  (Pl.'s Obj. (ECF No. 106).)  Plaintiff also requests that the Court
22 exercise its discretion to decline to award costs.  (*Id.* 8–10.)  Given that the Court
23 ultimately grants Plaintiff's request for the Court to exercise its discretion and decline
24 to award costs, the Court only addresses this latter point as it renders moot Plaintiff's
25 other arguments regarding specific costs.
26      Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal
27 statute, these rules, or a court order provides otherwise, costs–other than attorney's
28 fees–should be allowed to the prevailing party."  "By its terms, the rule creates a

presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Given this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

A district court need not give affirmative reasons for awarding costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, if a court declines to award costs to the prevailing party, it must explain "why, in the circumstances, it would be inappropriate or inequitable to [do so]." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592–93). "This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis." *Id.* at 1248 (quoting *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593).

The Court starts from the presumption that Defendant should be awarded costs. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591. However, the Court finds that there is good reason for the Court to decline to award costs here. This action was mainly an employment discrimination action. Granting costs in such actions may have a chilling effect that could dissuade other individuals from pursuing similar actions in the future. *See Stanley*, 178 F.3d at 1079. Plaintiff also presented clear evidence of her indigency and substantial financial hardship. (*See* ECF No. 106-1.) Payment of tens of thousands of dollars in costs would have an outsized impact on Plaintiff's financial stability. Moreover, there is a clear economic disparity between Defendant Costco, a multinational corporation, and Plaintiff, who is indigent. These factors constitute good reason for the Court to exercise its discretion and decline to award

1  costs in this case. Accordingly, Plaintiff's request is granted, and the Court will decline
2  to permit the taxation of costs.

### REQUEST TO SEAL

Defendant Costco filed a Request to Seal documents filed in connection with Plaintiff's Motion for Reconsideration. (ECF No. 108.) Plaintiff opposed that request. (ECF No. 111.) Defendant specifically requests that the Court seal the query report, internal data on specific job changes, and the personnel files of two employees, all of which were attached as exhibits to Plaintiff's Motion. Where a party seeks to seal documents related to a dispositive motion, the party must show that a compelling reason exists to seal the information in question. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016); *see Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Court finds Defendant has shown a compelling reason to seal the personnel records found in Exhibits 7 and 16 to the Molineaux Declaration. (*See* ECF Nos. 103-9, 103-18.) These documents are replete with the personal and private information of non-parties. The interest in maintaining the privacy of these third parties is a compelling interest that outweighs the public's interest in access. *See TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, No. 09-cv-01531-PHX-JAT, 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011).

On a similar basis, the Court finds a compelling reason exists to seal the job change information. This document almost entirely consists of data regarding the job assignments of various third-party individuals. While there is an ever-present interest in public access, there is no discrete public value in this information. The privacy interest of third parties in their employment history is a compelling interest that outweighs the public's interest in access. *TriQuint Semiconductor, Inc.*, 2011 WL 4947343, at *3.

Defendant has not shown a compelling reason to seal the query report document. (ECF No. 13-9, Ex. 1.) Defendant states that these documents contain

"proprietary information," but it is unclear how this information, which is extremely limited and only contains a record of five personnel actions from 2020 and 2021, constitutes proprietary information.  Defendant also does not identify any legal basis for this information being considered proprietary information such that sealing is appropriate.  Accordingly, the Court denies Defendant's request to seal as to this document.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (ECF No. 103) is DENIED.
2. The Court declines to award Defendant costs as requested in Defendant's Bill of Costs (ECF No. 96).
3. Defendant's Request to Seal (ECF No. 108) is GRANTED IN PART as to Exhibits 7, 12, and 16 to Plaintiff's Motion for Reconsideration but DENIED IN PART as to Exhibit 1 to Plaintiff's Motion.  Plaintiff may file Exhibit 1 in unsealed form.

IT IS SO ORDERED.

Dated:  **December 5, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE